**EXHIBIT A**

# Manual for Complex Litigation, Fourth

Federal Judicial Center 2004

# Manual for Complex Litigation, Fourth

*Board of Editors*

Judge Stanley Marcus (Ct. of App., 11th Cir.), *chair*

Judge John G. Koeltl (S.D.N.Y.)          Judge Barefoot Sanders (N.D. Tex.)
Judge J. Frederick Motz (D. Md.)         Sheila Birnbaum, Esq. (N.Y., N.Y.)
Judge Lee H. Rosenthal (S.D. Tex.)       Frank A. Ray, Esq. (Columbus, Ohio)

Judge Fern M. Smith (N.D. Cal.),
*director, Federal Judicial Center 1999–2003*

Federal Judicial Center 2004

The *Manual for Complex Litigation, Fourth* has been produced under the auspices of the Federal Judicial Center. The analyses and recommendations are those of the *Manual*'s Board of Editors.

## 10.22 Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees

.221 Organizational Structures 24
.222 Powers and Responsibilities 26
.223 Compensation 26
.224 Court's Responsibilities 26
.225 Related Litigation 28

Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged. More often, however, the court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation. To do so, invite submissions and suggestions from all counsel and conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel.

### 10.221 Organizational Structures

Attorneys designated by the court to act on behalf of other counsel and parties in addition to their own clients (referred to collectively as "designated counsel") generally fall into one of the following categories:

- *Liaison counsel.* Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court. The court may appoint (or the parties may select) a liaison for each side,

*General Principles* § 10.221

and if their functions are strictly limited to administrative matters, they need not be attorneys.[60]
- *Lead counsel.* Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.
- *Trial counsel.* Serve as principal attorneys at trial for the group and organize and coordinate the work of the other attorneys on the trial team.
- *Committees of counsel.* Often called steering committees, coordinating committees, management committees, executive committees, discovery committees, or trial teams. Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making. The court or lead counsel may task committees with preparing briefs or conducting portions of the discovery program if one lawyer cannot do so adequately. Committees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses. See section 14.21 on controlling attorneys' fees.

The types of appointments and assignments of responsibilities will depend on many factors. The most important is achieving efficiency and economy without jeopardizing fairness to the parties. Depending on the number and complexity of different interests represented, both lead and liaison counsel may be appointed for one side, with only liaison counsel appointed for the other. One attorney or several may serve as liaison, lead, and trial counsel. The functions of lead counsel may be divided among several attorneys, but the number should not be so large as to defeat the purpose of making such appointments.

---

60. *See In re* San Juan Dupont Plaza Hotel Fire Litig., MDL No. 721, 1989 WL 168401, at *19–20 (D.P.R. Dec. 2, 1988) (defining duties of "liaison persons" for plaintiffs and defendants).

25

### 10.222 Powers and Responsibilities

The functions of lead, liaison, and trial counsel, and of each committee, should be stated in either a court order or a separate document drafted by counsel for judicial review and approval.[61] This document will inform other counsel and parties of the scope of designated counsel's authority and define responsibilities within the group. However, it is usually impractical and unwise for the court to spell out in detail the functions assigned or to specify the particular decisions that designated counsel may make unilaterally and those that require an affected party's concurrence. To avoid controversy over the interpretation of the terms of the court's appointment order, designated counsel should seek consensus among the attorneys (and any unrepresented parties) when making decisions that may have a critical impact on the litigation.

Counsel in leadership positions should keep the other attorneys in the group advised of the progress of the litigation and consult them about decisions significantly affecting their clients. Counsel must use their judgment about limits on this communication; too much communication may defeat the objectives of efficiency and economy, while too little may prejudice the interests of the parties. Communication among the various allied counsel and their respective clients should not be treated as waiving work-product protection or the attorney–client privilege, and a specific court order on this point may be helpful.[62]

### 10.223 Compensation

See section 14.215 for guidance on determining compensation and establishing terms and procedures for it early in the litigation.

### 10.224 Court's Responsibilities

Few decisions by the court in complex litigation are as difficult and sensitive as the appointment of designated counsel. There is often intense competition for appointment by the court as designated counsel, an appointment that may implicitly promise large fees and a prominent role in the litigation. Side agreements among attorneys also may have a significant effect on positions taken in the proceedings. At the same time, because appointment of designated counsel will alter the usual dynamics of client representation in important ways, attorneys will have legitimate concerns that their clients' interests be adequately represented.

---

61. *See* Sample Order *infra* section 40.22.
62. *See id.* ¶ 5.

*General Principles* § 10.224

For these reasons, the judge is advised to take an active part in the decision on the appointment of counsel. Deferring to proposals by counsel without independent examination, even those that seem to have the concurrence of a majority of those affected, invites problems down the road if designated counsel turn out to be unwilling or unable to discharge their responsibilities satisfactorily or if they incur excessive costs. It is important to assess the following factors:

- qualifications, functions, organization, and compensation of designated counsel;
- whether there has been full disclosure of all agreements and understandings among counsel;
- would-be designated attorneys' competence for assignments;
- whether there are clear and satisfactory guidelines for compensation and reimbursement, and whether the arrangements for coordination among counsel are fair, reasonable, and efficient;
- whether designated counsel fairly represent the various interests in the litigation—where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests;
- the attorneys' resources, commitment, and qualifications to accomplish the assigned tasks; and
- the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court—experience in similar roles in other litigation may be useful, but an attorney may have generated personal antagonisms during prior proceedings that will undermine his or her effectiveness in the present case.

Although the court should move expeditiously and avoid unnecessary delay, an evidentiary hearing may be needed to bring all relevant facts to light or to allow counsel to state their case for appointment and answer questions from the court about their qualifications (the court may call for the submission of résumés and other relevant information). Such a hearing is particularly appropriate when the court is unfamiliar with the attorneys seeking appointment. The court should inquire as to normal or anticipated billing rates, define record-keeping requirements, and establish guidelines, methods, or limitations to govern the award of fees.[63] While it may be appropriate and possibly even beneficial for several firms to divide work among themselves,[64] such an ar-

---

63. *See infra* section 14.21.
64. *See In re* Auction Houses Antitrust Litig., 197 F.R.D. 71, 77 (S.D.N.Y. 2000); *In re* Fine Paper Antitrust Litig., 751 F.2d 562, 584 (3d Cir. 1984).

27

§ 10.23                                                    *Manual for Complex Litigation, Fourth*

rangement should be necessary, not simply the result of a bargain among the attorneys.[65]

The court's responsibilities are heightened in class action litigation, where the judge must approve counsel for the class (see section 21.27). In litigation involving both class and individual claims, class and individual counsel will need to coordinate.

### 10.225 Related Litigation

If related litigation is pending in other federal or state courts, consider the feasibility of coordination among counsel in the various cases. See sections 20.14, 20.31. Consultation with other judges may bring about the designation of common committees or of counsel and joint or parallel orders governing their function and compensation.[66] Where that is not feasible, the judge may direct counsel to coordinate with the attorneys in the other cases to reduce duplication and potential conflicts and to coordinate and share resources. In any event, the judges involved should exchange information and copies of orders that might affect proceedings in their courts. See generally section 20, multiple jurisdiction litigation.

In approaching these matters, consider also the status of the respective actions (some may be close to trial while others are in their early stages). Counsel seeking a more prominent and lucrative role may have filed actions in other courts.

### 10.23 Withdrawal and Disqualification

In view of the number and dispersion of parties and interests in complex litigation, the court should remind counsel to be alert to present or potential conflicts of interest.[67]

It is advisable to deny motions for disqualification that claim the attorney may be called as a witness if such testimony probably will not be necessary and prejudice to the client will probably be minor. Disqualification on the ground that an attorney is also a witness may sometimes be denied where it would cause "substantial hardship" to the client. This exception is generally invoked

---

65. *See, e.g., In re* Auction Houses Antitrust Litig., 197 F.R.D. 71 (S.D.N.Y. 2000); Smiley v. Sincoff, 958 F.2d 498 (2d Cir. 1992); *In re* Fine Paper Antitrust Litig., 98 F.R.D. 48 (E.D. Pa. 1983), *aff'd in part and rev'd in part*, 751 F.2d 562 (3d Cir. 1984).
66. *See infra* section 40.51.
67. *See* Model Rules of Prof'l Conduct R. 1.7–1.9 (2002); Model Code of Prof'l Responsibility DR 5-101(A), 5-104(A), 5-105(A) (1981); *see also* Model Rules of Prof'l Conduct R. 3.7 (2002); Model Code of Prof'l Responsibility DR 5-102 (1981) (lawyer as witness).

*Sample Orders* § 40.22

## 40.22 Responsibilities of Designated Counsel

It is ORDERED:

1. *Plaintiffs' Lead Counsel.* Plaintiffs' lead counsel[1] shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall
   (a) determine (after such consultation with other members of Plaintiffs' Steering Committee and other cocounsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;
   (b) coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;
   (c) conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;
   (d) delegate specific tasks to other counsel or committees of counsel,[2] as authorized by the court, in a manner to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively;
   (e) enter into stipulations with opposing counsel as necessary for the conduct of the litigation;
   (f) prepare and distribute periodic status reports to the parties;
   (g) maintain adequate time and disbursement records covering services as lead counsel;
   (h) monitor the activities of cocounsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and
   (i) perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.

   Counsel for plaintiffs who disagree with lead counsel (or those acting on behalf of lead counsel) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of lead counsel.

2. *Plaintiffs' Liaison Counsel.* Plaintiffs' liaison counsel shall
   (a) maintain and distribute to cocounsel and to defendants' liaison counsel an up-to-date service list;
   (b) receive and, as appropriate, distribute to cocounsel orders from the court [and documents from opposing parties and counsel];

§ 40.22                                                          *Manual for Complex Litigation, Fourth*

    (c) maintain and make available to cocounsel at reasonable hours a complete file of all documents served by or upon each party [except such documents as may be available at a document depository]; and

    (d) establish and maintain a document depository [see section 40.261].

3. *Plaintiffs' Steering Committee.* The other members of plaintiffs' steering committee shall from time to time consult with plaintiffs' lead and liaison counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.

4. *Defendants' Liaison Counsel.* Defendants' liaison counsel shall

    (a) maintain and distribute to cocounsel and to plaintiffs' liaison counsel an up-to-date service list;

    (b) receive and, as appropriate, distribute to cocounsel orders from the court [and documents from opposing parties and counsel];

    (c) maintain and make available to cocounsel at reasonable hours a complete file of all documents served by or upon each party [except such documents as may be available at a document depository];

    (d) establish and maintain a document depository [see section 40.261]; and

    (e) call meetings of cocounsel for the purpose of coordinating discovery, presentations at pretrial conferences, and other pretrial activities.

5. *Privileges Preserved.* No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

Dated: _____          _____
                                           United States District Judge

*Notes:*

    1. In litigation involving different types of claims, such as economic injury and personal injury claims, the court and counsel may wish to create parallel structures for the cases.

    2. In litigation involving cases in state and federal courts, the court and counsel should consider appointing a state–federal liaison committee to coordinate pretrial and trial activity, particularly discovery.