**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In re:                                :
                                      :   Civil Action No. 04-1398(JWB)
ROYAL DUTCH/SHELL TRANSPORT           :      (Consolidated Cases)
ERISA LITIGATION                      :   Hon. John W. Bissell
                                      :
                                      :   **O R D E R**

    Pursuant to the agreement of counsel as to the disposition of several initial motions in related class actions assigned to this Court; and good cause appearing in the papers submitted,

    IT IS on this 30th day of June 2004, **ORDERED**:

    (1.) The following actions are consolidated for all purposes under "Consolidated Action No. 04-1398."

---
GORDON LANCASTER, Individually:
and on behalf of all others
similarly situated;                   :
                                          Civil Action No. 04-1398
    v.                              :

ROYAL DUTCH PETROLEUM COMPANY;:
JEROEN VAN DER VEER; PHILIP
WATTS and PERVIS THOMAS, JR.,         :

    Defendants.                :
---
KENNETH LOTTINGER, Individually
and on behalf of a class of all
others similarly situated,            :

    Plaintiffs,                :
                                          Civil Action No. 04-1655(JWB)
    v.                              :

```
N.V. KONINKLIJKE NEDERLANDSCHE:
PETROLEUM MAATSCHAPPIJ, a/k/a
ROYAL DUTCH PETROLEUM COMPANY;:
THE SHELL TRANSPORT AND
TRADING COMPANY, PLC; et al.;  :

              Defendants.       :

--------------------------------:
JOHN TRISTAN, JOSE VALADEZ,
OSCAR PENA, HERNALDO RIVERA     :
and JOHN R. ROSENBOOM,
Individually and on behalf of   :
all others similarly situated
and on behalf of the Shell      :
Provident Fund and the Shell
Pay Deferral Investment Fund,   :

              Plaintiffs,       :
                                         Civil Action No. 04-1636(JWB)
       v.                       :

ROYAL DUTCH PETROLEUM COMPANY;:
JEROEN VAN DER VEER; PHILIP     :
WATTS and PERVIS THOMAS, JR.,

                                :

              Defendants.       :
--------------------------------
SCOTT FRANKLIN, JR., Individ-   :
ually and on behalf of all
others similarly situated,      :

              Plaintiffs,       :
                                         Civil Action No. 04-1694(JWB)
       v.                       :

ROYAL DUTCH COMPANY;            :
JEROEN VAN DER VEER;
PHILIP WATTS and                :
PERVIS THOMAS, JR.,
                                :
              Defendants.
--------------------------------:
```

(2.) Any action hereinafter filed in the Court or

transferred to this Court arising out of the same facts and asserting the same or substantially similar claims as alleged in these consolidated cases shall also be consolidated under that docket number. All papers submitted herein shall hereafter bear the caption "IN RE ROYAL DUTCH/SHELL TRANSPORT ERISA LITIGATION" under the above-mentioned docket number.

(3.) The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she, or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

(4.) When a case which relates to the subject matter of this Consolidated Action is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

    (a)  Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case and to the attorneys for any new defendant(s) in the newly filed or transferred case; and

    (b)  Mail a copy of the Order of Assignment to counsel for plaintiffs and to counsel for defendants in the Consolidated Action.

(5.) This Court directs counsel to call to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated with these actions.

(6.) This Order shall apply to each case subsequently filed in this Court or transferred to this Court unless a party

objecting to the consolidation of such case or to any other provision of this Order shall, within fifteen (15) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

(7.) All references to filing of documents with the Court or its Clerk shall include electronic filing where feasible and appropriate.

(8.) The Court hereby designates the following plaintiffs to act as co-lead plaintiffs in this action: Gordon Lancaster, John Tristan, Jose Valadez, Oscar Pena, Hernaldo Rivera, John R. Rosenboom and Scott Franklin, Jr.

(9.) The Court designates the following firm to act as co-lead counsel on behalf of plaintiffs with the responsibilities described later in this Order: Wechsler Harwood LLP, Scott & Scott, LLC and Milberg Weiss Bershad Hynes & Lerach LLP.

(10.) Subject to this Court's exercise of discretion to review any disputed material decision, lead counsel shall have sole authority over the following matters on behalf of all plaintiffs in their respective cases: (a) the establishment of working committees for the efficient prosecution of the litigation and the appointment of chairpersons and members of such committees; (b) the initiation, response, scheduling,

briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other plaintiffs' counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with defendants; and (h) other matters concerning the prosecution or resolution of their respective cases.

(11.) No motion shall be initiated or filed on behalf of any plaintiff except through lead counsel in these cases. Any discovery dispute shall be brought to the attention of Magistrate Judge Haneke by letter with five business days to respond. There are to be no formal discovery motions filed without prior permission of the Court.

(12.) Subject to this Court's exercise of discretion to review any disputed material decision, lead counsel shall have sole authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs in their respective cases, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with lead or designated counsel, and such agreement shall be binding on all other plaintiffs' counsel in their respective cases.

(13.) The Court designates the following firm to act as liaison counsel on behalf of plaintiffs: Lite DePalma Greenberg

& Rivas, LLC.

(14.) Defendants shall effect service of papers on plaintiffs by serving a copy of the papers electronically, by overnight mail service, telecopy or hand delivery on: (a) liaison counsel and (b) lead counsel. Liaison counsel shall effect service on all other plaintiffs' counsel either electronically or by first class United States mail. Plaintiffs shall effect service of papers on defendants by serving a copy of the paper by overnight mail service, telecopy or hand delivery on counsel for defendants. This Court's Master Service List shall govern in all proceedings.

(15.) The Court directs all counsel in this Consolidated Action to make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing in this Order is intended to diminish the right of any counsel to be heard on matters that are not appropriate for joint or common action or as to which there is a genuine and substantial disagreement among counsel.

(16.) Each attorney not a member of the Bar of this Court, who is acting as counsel for a plaintiff or defendant herein and who is in good standing in any district court of the United States, shall be deemed admitted pro hac vice to practice before this Court in connection with this Consolidated Action.

(17.) The Court recognizes that cooperation by and among

counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the communication of information among and between plaintiffs' counsel and among or between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product privilege.

(18.) Plaintiffs, under the direction of lead counsel, shall file and serve their Consolidated Amended Class Action Complaint as to all claims brought by all plaintiffs within thirty (30) days of the date of this Order. Defendants shall answer, move or otherwise plead within thirty (30) days after service of the Consolidated Amended Complaint. No dispositive motion shall be filed without prior permission of the Court, unless a schedule for filing, briefing and arguing any such motion shall be set forth in one or more Case Management Orders herein.

(19.) The parties shall schedule promptly a conference with Hon. G. Donald Haneke, USMJ, in order to, _inter alia_, generate the initial Case Management Order.

/s/   John W. Bissell
JOHN W. BISSELL
Chief Judge
United States District Court

-7-