## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
STEVEN GOLDSTEIN, on Behalf of Himself : Civil Action No: 07 Civ. 11158(UA)
and a Class of Persons Similarly Situated, :
                       Plaintiff, :
   v. :

CITIGROUP, INC., THE PLANS :
ADMINISTRATION COMMITTEE OF :
CITIGROUP, INC, MICHAEL E. SCHLEIN, :
CHARLES PRINCE, C. MICHAEL :
ARMSTRONG; ALAIN J.P. BELDA; GEORGE :
DAVID; KENNETH T. DERR; JOHN M. :
DEUTCH;ROBERTO HERNÁNDEZ RAMÍREZ; :
ANDREW N. LIVERIS; ANNE MULCAHY; :
RICHARD D. PARSONS; JUDITH RODIN; :
ROBERT E. RUBIN; ROBERT L. RYAN; AND :
FRANKLIN A. THOMAS, and JOHN DOES 1-30, :

                       Defendants. :
---------------------------------------------------------------X
STEPHEN GRAY, individually and on behalf of all : Civil Action No: 07 Civ. 9790
others similarly situated, : (SHS) (DCF)
                       Plaintiff, :
   v. :

CITIGROUP, INC., CHARLES PRINCE, THE :
PLANS ADMINISTRATIVE COMMITTEE OF :
CITIGROUP INC., THE 401(K) INVESTMENT :
COMMITTEE, and JOHN DOES 1-20, :

                       Defendants. :
---------------------------------------------------------------X

| | | |
|---|---|---|
| ----------------------------------------------------------------X | | |
| SHAUN ROSE, Individually and on behalf of all others similarly situated, | : : : | Civil Action No: 07 Civ. 10294 (DC) |
| Plaintiff, | : : | |
| v. | : : : | |
| CITIGROUP, INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(K) INVESTMENT COMMITTEE, and JOHN DOES 1-10, | : : : : : | |
| Defendants. | : : | |
| ----------------------------------------------------------------X | : | |
| MEREDITH TRANBERG, individually and on behalf of all others similarly situated, | : : | Civil Action No: 07 Civ. 10341 (UA) |
| Plaintiff, | : : : | |
| v. | : : : | |
| CITIGROUP, INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(K) INVESTMENT COMMITTEE, and JOHN DOES 1-20, | : : : : : | |
| Defendants. | : : | |
| ----------------------------------------------------------------X | : | |
| ANTON RAPPOLD, individually and on behalf of all others similarly situated, | : : | Civil Action No: 07 Civ. 10396 (UA) |
| Plaintiff, | : : : | |
| v. | : : : | |
| CITIGROUP, INC., CITIBANK, N.A., CHARLES PRINCE, THE PLAN ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(K) INVESTMENT COMMITTEE, and JOHN and JANE DOES 1-10, | : : : : : : | |
| Defendants. | : : | |
| ----------------------------------------------------------------X | | |

```
-----------------------------------------------------------------X
SAM TADROS, on Behalf of All Others Similarly      :    Civil Action No: 07 Civ. 10442
Situated,                                          :    (UA)
                                                   :
               Plaintiff,                          :
       v.                                          :
                                                   :
CITIGROUP, INC., CHARLES O. PRINCE, C.              :
MICHAEL ARMSTRONG, ALAIN J.P. BELDA,                :
GEORGE DAVID, KENNETH T. DERR, JOHN                 :
M. DEUTCH, ROBERTO HERNANDEZ                        :
RAMIREZ, ANN DIBBLE JORDAN, KLAUS                   :
KLEINFELD, ANDREW N. LIVERIS, ANNE                  :
MULCAHY; RICHARD D. PARSONS; JUDITH                 :
RODIN; ROBERT E. RUBIN; ROBERT L. RYAN,:
FRANKLIN A. THOMAS, JOHN DOES 1-20                  :
(BEING CURRENT AND FORMER MEMBERS                   :
OF THE PLANS ADMIISTRATIVE                          :
COMMITTEE OF CITIGROUP INC.) and JOHN               :
DOES 21-40 (BEING CURRENT AND FORMER                :
MEMBERS OF THE INVESTMENT                           :
COMMITTEE OF THE CITIGROUP INC. 401(K)              :
 PLAN),                                             :
                                                    :
               Defendants.                          :
                                                    :
-----------------------------------------------------------------X
STEPHAN FIORINO, individually and on behalf        :    Civil Action No: 07 Civ. 10458
of all others similarly situated,                  :    (UA)
                                                   :
               Plaintiff,                          :
       v.                                          :
                                                   :
CITIGROUP, INC., CITIBANK, N.A., CHARLES           :
PRINCE, THE PLAN ADMINISTRATIVE                    :
COMMITTEE OF CITIGROUP INC., THE 401(K):
INVESTMENT COMMITTEE, and JOHN DOES                :
1-20,                                              :
                                                   :
               Defendants.                         :
                                                   :
-----------------------------------------------------------------X
```

```
-----------------------------------------------------------------X
JAMES BOLLA, individually and on behalf of all    :    Civil Action No: 07 Civ. 10461
others similarly situated,                        :    (UA)
                                                  :
                                                  :
              Plaintiff,                          :
    v.                                            :
                                                  :
CITIGROUP, INC., CITIBANK, N.A., CHARLES          :
PRINCE, THE PLAN ADMINISTRATIVE                   :
COMMITTEE OF CITIGROUP INC., THE 401(K)           :
INVESTMENT COMMITTEE, and JOHN DOES               :
1-20,                                             :
                                                  :
              Defendants.                         :
                                                  :
-----------------------------------------------------------------X
MARK GEROULO, individually on behalf of           :    Civil Action No: 07 Civ. 10472
Citigroup 401(K) Plan, the Citibuilder 401(K) Plan:    (UA)
for Puerto Rico, and all others similarly situated,:
                                                  :
              Plaintiff,                          :
    v.                                            :
                                                  :
CITIGROUP, INC., CITIBANK, N.A., THE PLAN         :
ADMINISTRATIVE COMMITTEE OF                       :
CITIGROUP, INC., MICHAEL E. SCHLEIN,              :
JOHN DOES 1-10, THE CITIGROUP 401(k)              :
PLAN INVESTMENT COMMITTEE and JOHN                :
DOES 10-20, C. MICHAEL ARMSTRONG,                 :
ALAIN J.P. BELDA, GEORGE DAVID,                   :
KENNETH T. DERR, JOHN M. DEUTCH,                  :
ROBERTO HERNÁNDEZ, ANN DIBBLE                     :
JORDAN, ANDREW LIVERIS, DUDLEY C.                 :
MECUM, ANNE M. MULCAHY, RICHARD D.                :
PARSONS, ANDRALL E. PEARSON, CHARLES              :
PRINCE, JUDITH RODIN, ROBERT E. RUBIN,            :
FRANKLIN A.THOMAS, SANFORD I WEILL                :
                                                  :
              Defendants.                         :
                                                  :
-----------------------------------------------------------------X
```

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
STEVEN GOLDSTEIN'S MOTION FOR CONSOLIDATION
OF ALL RELATED ACTIONS AND APPOINTMENT
<u>OF INTERIM LEAD PLAINTIFF AND LEAD COUNSEL</u>**

Steven Goldstein ("Goldstein" or "Movant"), plaintiff in *Goldstein v. Citigroup Inc. et. al.*, No. 07-CV-11158 (UA) (the "Goldstein Action"), respectfully submits this memorandum in support of his motion for an Order: (i) consolidating the several related Citigroup ERISA class actions which have been filed in this district into one action; (ii) appointing him as the interim lead plaintiff in the consolidated action on behalf of a proposed class of participants and beneficiaries (the "Participants") of the of the Citigroup 401(k) Plan and the Citibuilder 401(k) Plan for Puerto Rico (hereinafter referred to as the "Plans"); and (3) appointing his counsel, Stull, Stull & Brody ("SSB"), as interim lead counsel for the proposed class.

**I.    INTRODUCTION**

Defendant Citigroup, Inc. (hereinafter "Citigroup" or the "Company") is a diversified global financial services holding company whose businesses provide a range of financial services to consumer and corporate customers. The Company is a bank holding company.

Approximately nine class actions have been filed in this district relating to allegedly inappropriate subprime lending practices at the Company and a resulting impact on Citigroup's 401(k) plans. Each of the complaints in the related cases alleges, in substance, that the Company was more exposed to Collateralized Debt Obligations ("CDOs") containing subprime debt than it disclose and that the Company's Class Period public and financial statements were materially false due to their failure to inform Participants of the ticking time bomb in the Company's CDO portfolio due to the deteriorating subprime mortgage market. These practices caused Citigroup's investment portfolio to be materially impaired. See, e.g., Goldstein Complaint at ¶ 37. The Company's practices allegedly constituted gross financial mismanagement which has caused

5

large financial losses to the Company, and as a result participants of the Plans have been deprived of a substantial amount of their retirement savings. *Id.*

Pursuant to § 502(a)(2) and (3) of ERISA, 29 U.S.C. § 1132(a)(2) and (3), Goldstein, who was a Participant in the Plan during times relevant herein and is a participant as of the filing of his Complaint, seeks plan-wide relief on behalf of a class consisting of all current and former Participants in the Plan for whose individual accounts the Plan held shares of common stock of Citigroup at any time from December 31, 2006 to the present. As alleged in the Goldstein complaint, Defendants allegedly breached their fiduciary duties to the Participants, including those fiduciary duties set forth in ERISA § 404, 29 U.S.C. § 1104, and Department of Labor Regulations, including 29 C.F.R. § 2550, in various ways, including, but not limited to: (i) misrepresenting and failing to disclose material facts to the Participants in connection with the administration of the Plan; (ii) failing to exercise their fiduciary duties solely in the interests of the Participants for the exclusive purpose of providing benefits to Participants and their beneficiaries; (iii) failing to manage the Plan's assets with the care, skill, prudence or diligence of a prudent person under the circumstances; (iv) imprudently failing to diversify the investments in the Plan so as to minimize the risk of large losses; and (v) permitting the Participants to continue to elect to invest their retirement monies in Citigroup common stock when the market price of Citigroup common stock was artificially inflated, when it was imprudent to do so, and when the Participants were not provided with timely, accurate and complete information concerning the Company as required by applicable law.

As a result of their wrongful acts, all fiduciaries of the Plan, including the Company, are personally liable to make good to the Plan the losses resulting from each such breach of fiduciary duty. *See* ERISA § 409(a), 29 U.S.C. § 1109(a). In addition, pursuant to § 502(a)(3) of ERISA

(29 U.S.C. § 1132(a)(3)), Goldstein seeks other forms of relief, including, without limitation, injunctive relief and, as available under applicable law, imposition of a constructive trust, restitution, and other monetary relief. Insofar as any Defendant is sued alternatively as a knowing participant in a breach of fiduciary duty for equitable relief, intends to proceed pursuant to § 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)).

## II.    ARGUMENT

Given the substantial similarity of the parties and claims in the Citigroup ERISA Actions, Movant submits this motion pursuant to the Manual for Complex Litigation-Fourth (2005) (the "Manual"): (i) requesting consolidation of the related actions; (ii) establishing efficient procedures for the filing and docketing of papers; (iii) appointing a lead plaintiff; (iv) proposing a leadership structure for the appointment of lead counsel; and (v) eliminating wasteful and duplicative procedures that would result from the failure to consolidate the related actions and appoint one plaintiff and one firm with the responsibility to ensure that this action will be properly litigated.

### A.    The Related Citigroup ERISA Actions Which Are Pending in this District Should Be Consolidated

Pursuant Fed. R. Civ. P. 42(a), "[w]hen actions involving a common question of law or fact are pending before the Court it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays." Fed. R. Civ. P. 42(a). Movant respectfully submits that consolidation of the following actions (collectively referred to herein as the "Citigroup ERISA Actions") is both necessary and prudent pursuant to Fed. R. Civ. P. 42(a):

- *Gray v. Citigroup Inc., et al.*, No. 07-Civ. 9790 (SHS)(DCF)
- *Rose v. Citigroup Inc., et al.*, No. 07-Civ. 10294 (DC)

7

- o   *Tranberg v. Citigroup Inc., et al.*, No. 07-Civ. 10341 (UA)
- o   *Rappold v. Citigroup Inc., et al.*, No. 07-Civ. 10396 (UA)
- o   *Tadros v. Citigroup Inc., et al.*, No. 07-Civ. 10442 (UA)
- o   *Fiorino v. Citigroup Inc., et al.*, No. 07-Civ. 10458 (UA)
- o   *Bolla v. Citigroup Inc., et al.*, No. 07-Civ. 10461 (UA)
- o   *Geroulo v. Citigroup Inc., et al.*, No. 07-Civ. 10472 (UA)
- o   *Goldstein v. Citigroup Inc., et al.*, No. 07-Civ. 11158 (UA)

Each of the Citigroup ERISA Actions presents common questions of law and fact, including whether the fiduciaries of the Plans breached their fiduciary duties to Plaintiff and other plan participants in violation of ERISA.  Consolidation of the Citigroup ERISA Actions will expedite pretrial proceedings and reduce duplicative efforts.  Moreover, consolidation will streamline and simplify discovery, pretrial motions (including class certification), and administrative management, as well as generally reduce the waste, confusion, and delay that would inevitably arise from prosecuting related actions separately.

### B.    Orderly Procedures for Captioning and Filing Documents

In addition to directing consolidation, the proposed order dissimilar with this motion establishes organized procedures for the captioning, filing, and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court.  These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions.  Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation.  *See* Manual §11.12.

### C.    Proposed Interim Lead Plaintiff

Unlike securities fraud class actions governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78(u-4(a)(3)(B)(iii)(I), in an ERISA class action the Court is not

required to designate a lead plaintiff prior to class certification. *See, e.g.*, Fed. R. Civ. P. 23.[1] However, many Courts have found it appropriate to appoint one or more interim lead plaintiffs prior to class certification. *See*, *e.g.*, *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552 (S.D. Ohio 2005).

Proposed interim lead plaintiff Steven Goldstein was invested in Citigroup stock through his participation in the Plan. As a result of his participation, his investments have been impaired by the failure of the Plan's fiduciaries to do what was necessary under the law to protect the Plan. Mr. Goldstein is particularly well-qualified to serve as interim lead plaintiff in the consolidated case because his account lost of tens of thousands of dollars as a result of holding Citigroup in his 401(k) account. Mr. Goldstein's Plan statement for July and August of 2007 shows that the closing value of his Plan account on August 31, 2007 was $80,231.37, over 70% of which was invested in employer stock. The statement shows that Mr. Goldstein held the equivalent of 1269.1657 shares of Citigroup common stock in his Plan account. The statement further shows that the value of Citigroup common stock had declined 12/89% in the 3 months ending August 31, 2007 and 13% in the one year period ending August 31, 2007. As of the close of trading on December 11, 2007, Citigroup has shed another 28% of its value since August 31, 2007. In fact, year to date, as of the close of trading on December 11, 2007, Citigroup common stock has declined $22.47 per share, or over 40%. Based on Mr. Goldstein's holdings of Citigroup common stock in his individual account, his account balance has decreased over

---

[1] The Manual focuses on the designation of lead counsel rather than lead plaintiffs at this stage of litigation, and accordingly, there is no provision for appointment of lead plaintiffs prior to class certification. See Manual §10.22. *See also Hill v. The Tribune Company*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. Oct. 13, 2005). However, Fed. R. Civ. P. 23, particularly Rule 23(d), authorizes the Court presiding over one or more related class actions to enter appropriate orders in the conduct of the actions to promote efficiency and to protect the members of the proposed class.

$28,000 during calendar year 2007. He has a strong personal strike in the outcome of this case.

The Plans had thousands of participants who suffered significant losses as a result of defendants' alleged breaches. Mr. Goldstein understands that he will be representing the interests of all of the Plan participants who suffered similar losses during the Class Period, and he takes these responsibilities seriously.

### D. Proposed Interim Lead Counsel

Rule 23(g) of the Federal Rules of Civil Procedure directs that the court appoint class counsel upon certification of a class and permits appointment of interim counsel for the putative class prior to class certification. Fed. R. Civ. P. 23(g)(2)(A).

"Because of the large number of parties in this ERISA action, efficient management of the action mandates the selection of lead counsel and liaison counsel." *Cardinal Health*, 225 F.R.D. at 554, *citing* Howard B. Newberg and Alba Conte, *Newberg on Class Actions* § 9.31, at 9-82 (3d ed. 1992). In appointing such counsel, the Manual provides that interim lead counsel and interim liaison counsel shall be responsible for the following respective responsibilities:

> Lead counsel: Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group – either personally or by coordinating the efforts of others – in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing expense arranging for support services, and seeing that schedules are met.
>
> Liaison counsel: Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in

>       the same locality as the court . . . .

Manual §10.221.

     Proposed interim lead counsel, Stull, Stull Brody, has extensive experience in cases of this nature. Stull, Stull & Brody represented the plaintiffs in an ERISA class action presided over by this Court alleging the imprudent investment of the assets of JP Morgan Chase's 401(k) plan in employer stock resulting from JPMorgan's dealings with Enron. In that case, *Fisher v. JPMorgan*, 03 Civ. 3252 (SHS), this Court entered decisions relating to pleading standards in cases of this nature, ruled on motions to dismiss, decided plaintiffs' motion for class certification and ruled, under Rule 56, on whether a claim for the allegedly imprudent investment of plan assets in employer stock is truly a claim for loss "to the plan" as contemplated by Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), or is a claim by certain individual plan participants not covered by Section 502(a)(2). On summary judgment in *Fisher* this Court ruled that the claim was not properly brought under Section 502(a)(2), that the individual plaintiffs in *Fisher* lacked standing to sue and that judgment was to be entered for the defendants. *Fisher v. J.P. Morgan Chase & Co.*, 2006 U.S. Dist. LEXIS 71850 (S.D.N.Y. 2006). Stull, Stull & Brody represented the plaintiffs at all stages of that litigation and is representing the Plaintiffs in the pending appeal from the award of summary judgment to defendants.

     Stull, Stull & Brody also has extensive additional ERISA class action experience in the Second Circuit, and, indeed, throughout the country. For example, Stull, Stull & Brody served as co-lead counsel for the ERISA class in *In re AOL Time Warner ERISA Litigation (Grant v. AOL Time Warner, Inc.,* 2003 U.S. Dist. LEXIS 16895, No. 02 CV 8853, MDL Docket No. 1500 (S.D.N.Y. 2003))*, where a $100 million settlement was obtained and approved as fair by Judge Kram of this District. *See also* Exhibit 1 to the Declaration of Edwin J. Mills. Among the recent other appointments of Stull, Stull & Brody in other actions are *In re: Cardinal Health ERISA*

*Litigation*, 225 F.R.D. 552 (S.D. Ohio 2005); *Overby v. Tyco Int'l Ltd.,* No. 2-CV-1357-B (D.N.H. Dec. 20, 2002);; *In re AEP ERISA Litig.,* No. C2-03-67 (S.D. Ohio July 8, 2003); and *Hill v. The Tribune Company*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. Oct. 13, 2005). As recognized by the Court in *In re Cardinal Health, Inc. ERISA Litig.*:

> Each firm has an impressive resume and is qualified to be lead counsel, but the Court finds the McKeehan Plaintiffs' proposed counsel, Schatz & Nobel and Stull, Stull & Brody, will best be able to represent fairly and adequately the class because of their extensive experience in ERISA litigation. In re Terazosin Hydrochloride, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).

*Cardinal Health*, 225 F.R.D. at 555 (emphasis added).

As a result of Stull, Stull & Brody's experience in ERISA similar litigation, Movant respectfully requests this Court appoint Stull, Stull & Brody as interim lead counsel for the Class.

### III.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court consolidate the Citigroup ERISA Actions, appoint him interim lead plaintiff and appoint his counsel, Stull, Stull & Brody, interim lead counsel.

Dated: December 11, 2007 STULL, STULL & BRODY

By: s/ Edwin J. Mills
Edwin J. Mills (EM-7117)
Howard T. Longman (HL-2489)
Michael J. Klein (MK-8187)
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**Counsel for Plaintiff Steven Goldstein and Proposed Interim Lead Counsel for the Class and**