UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------x
STEPHEN GRAY, individually and on            :
behalf of all others similarly situated,     :
                                             :
              Plaintiff,                     :        Civil Action No: 07 Civ. 9790 (SHS)
     v.                                      :
                                             :
CITIGROUP INC., CHARLES PRINCE,              :
THE PLANS ADMINISTRATIVE                     :
COMMITTEE OF CITIGROUP INC.,                 :
THE 401(k) INVESTMENT                        :
COMMITTEE, and JOHN DOES 1 - 20,             :
                                             :
              Defendants.                    :
-----------------------------------------------x
SHAUN ROSE, Individually and On              :
Behalf of All Others Similarly Situated,     :
                                             :
              Plaintiff,                     :        Civil Action No: 07 Civ. 10294
     v.                                      :
                                             :
CITIGROUP INC., CHARLES PRINCE,              :
THE PLANS ADMINISTRATIVE                     :
COMMITTEE OF CITIGROUP INC.,                 :
THE 401(k) INVESTMENT                        :
COMMITTEE, and JOHN DOES 1 - 10,             :
                                             :
              Defendants.                    :
-----------------------------------------------x
MEREDITH TRANBERG, individually              :
and on behalf of all others similarly situated :
                                             :
              Plaintiff,                     :        Civil Action No: 07 Civ. 10341
     v.                                      :
                                             :
CITIGROUP INC., CHARLES PRINCE,              :
THE PLANS ADMINISTRATIVE                     :
COMMITTEE OF CITIGROUP INC.,                 :
THE 401(k) INVESTMENT                        :
COMMITTEE, and JOHN DOES 1 - 20,             :
                                             :
              Defendants.                    :
-----------------------------------------------x
```

```
------------------------------------------------x
ANTON RAPPOLD, individually and on          :
behalf of all others similarly situated,    :
                                            :
              Plaintiff,                    :     Civil Action No: 07 Civ. 10396
v.                                          :
                                            :
CITIGROUP INC., CITIBANK, N.A.,             :
CHARLES PRINCE, THE PLANS                   :
ADMINISTRATIVE COMMITTEE OF                 :
CITIGROUP INC., THE 401(k)                  :
INVESTMENT COMMITTEE, and JOHN              :
and JANE DOES 1 - 10,                       :
                                            :
              Defendants.                   :
------------------------------------------------x
SAMIER TADROS, on Behalf of All             :
Others Similarly Situated,                  :
                                            :
              Plaintiff,                    :     Civil Action No: 07 Civ. 10442
v.                                          :
                                            :
CITIGROUP INC., CHARLES O.                  :
PRINCE, C. MICHAEL ARMSTRONG,               :
ALAIN J.P. BELDA, GEORGE DAVID,             :
KENNETH T. DERR, JOHN M. DEUTCH,            :
 ROBERTO HERNANDEZ RAMIREZ,                 :
ANN DIBBLE JORDAN, KLAUS                    :
KLEINFELD, ANDREW N. LIVERIS,               :
ANNE MULCAHY, RICHARD D.                    :
PARSONS, JUDITH RODIN, ROBERT E.            :
RUBIN, ROBERT E. RUBIN, FRANKLIN            :
A. THOMAS, JOHN DOES 1-20 (BEING            :
CURRENT AND FORMER MEMBERS                  :
OF THE PLANS ADMINISTRATIVE                 :
COMMITTEE OF CITIGROUP INC.)                :
and JOHN DOES 21-40 (BEING                  :
CURRENT AND FORMER MEMBERS                  :
OF THE INVESTMENT COMMITTEE                 :
OF THE CITIGROUP INC. 401(K) PLAN), :
                                            :
              Defendants.                   :
------------------------------------------------x
```

977536.1

```
-----------------------------------------------------x
STEPHAN FIORINO, individually and on   :
behalf of all others similarly situated,   :
                                        :
               Plaintiff,               :       Civil Action No: 07 Civ. 10458
v.                                      :
                                        :
CITIGROUP INC., CITIBANK N.A.,          :
CHARLES PRINCE, THE PLANS               :
ADMINISTRATIVE COMMITTEE OF             :
CITIGROUP INC., THE 401(k)              :
INVESTMENT COMMITTEE, and               :
JOHN DOES 1 - 20,                       :
                                        :
               Defendants.              :
-----------------------------------------------------x
JAMES BOLLA, individually and on behalf :
 of all others similarly situated,      :
                                        :
               Plaintiff,               :       Civil Action No: 07 Civ. 10461
v.                                      :
                                        :
CITIGROUP INC., CITIBANK N.A.,          :
CHARLES PRINCE, THE PLANS               :
ADMINISTRATIVE COMMITTEE OF             :
CITIGROUP INC., THE 401(k)              :
INVESTMENT COMMITTEE, and               :
JOHN DOES 1 - 20,                       :
                                        :
               Defendants.              :
-----------------------------------------------------x
```

```
-------------------------------------------------------x
MARK GEROULO, individually, on behalf :
of the CITIGROUP 401(k) Plan, the      :
CITIBUILDER 401 (K) PLAN FOR           :
PUERTO RICO, and all others similarly, :
                                       :
            Plaintiff,                 :        Civil Action No: 07 Civ. 10472
                                       :
v.                                     :
                                       :
CITIGROUP, INC., CITIBANK, N.A.,       :
THE PLAN ADMINISTRATIVE                :
COMMITTEE OF CITIGROUP, INC.,          :
MICHAEL E. SCHLEIN, JOHN DOES          :
1-10, THE CITIGROUP 401(k) PLAN        :
INVESTMENT COMMITTEE and JOHN          :
DOES 10-20, C. MICHAEL                 :
ARMSTRONG, ALAN J.P. BELDA,            :
GEORGE DAVID, KENNETH T. DERR,         :
JOHN M. DEUTCH, ROBERTO                :
HERNANDEZ, ANN DIBBLE JORDAN,          :
ANDREW N. LIVERIS, DUDLEY C.           :
MECUM, ANNE M. MULCAHY,                :
RICHARD D. PARSONS, ANDRALL E.         :
PEARSON, CHARLES PRINCE, JUDITH        :
RODIN, ROBERT E. RUBIN, FRANKLIN       :
A. THOMAS, SANFORD I. WEILL,           :
                                       :
            Defendants.                :
-------------------------------------------------------x
```

977536.1

```
-------------------------------------------------------x
```
ALAN STEVENS, on Behalf of Himself      :
and All Others Similarly Situated,      :
                                    :
     Plaintiff, :       Civil Action No: 07 Civ. 11156
v.                                       :
                                    :
CITIGROUP INC., CITIBANK, N.A,          :
CHARLES PRINCE, C. MICHAEL             :
ARMSTRONG, ALAIN J.P. BELDA,           :
GEORGE DAVID, KENNETH T. DERR,         :
JOHN M. DEUTCH, PETER JOHNSON,         :
ROBERTO HERNANDEZ RAMIREZ,             :
ANDREW N. LIVERIS, ANNE                :
MULCAHEY, RICHARD D. PARSONS,          :
JUDITH RODIN, ROBERT E. RUBIN,         :
ROBERT L. RYAN, FRANKLIN A.            :
THOMAS, THE PLANS                      :
ADMINISTRATION COMMITTEE OF            :
CITIGROUP, INC., THE INVESTMENT        :
COMMITTEE and JOHN DOES 1-30,          :
                                    :
     Defendants. :
```
-------------------------------------------------------x
```
STEPHEN GOLDSTEIN, on Behalf of        :
Himself and a Class of Persons Similarly :
Situated,                               :
                                    :
     Plaintiff, :       Civil Action No: 07 Civ. 11158
v.                                       :
                                    :
CITIGROUP INC., THE PLANS              :
ADMINISTRATION COMMITTEE OF            :
CITIGROUP, INC., MICHAEL E.            :
SCHLEIN, CHARLES PRINCE, C.            :
MICHAEL ARMSTRONG, ALAIN J.P.          :
BELDA, GEORGE DAVID, KENNETH T.        :
DERR, JOHN M. DEUTCH, ROBERTO          :
HERNANDEZ RAMIREZ, ANDREW N.           :
LIVERIS, ANNE MULCAHEY,                :
RICHARD D. PARSONS, JUDITH             :
RODIN, ROBERT E. RUBIN, ROBERT L.      :
RYAN, AND FRANKLIN A. THOMAS,          :
And JOHN DOES 1-30,                    :
                                    :
     Defendants. :

977536.1

```
-------------------------------------------------x
CHRIS SOUTHARD, on Behalf of All       :
Others Similarly Situated,             :
                                       :
            Plaintiff,                 :      Civil Action No: 07 Civ. 11164
v.                                     :
                                       :
CITIGROUP INC., CHARLES O.             :
PRINCE, C. MICHAEL ARMSTRONG,          :
ALAIN J.P. BELDA, GEORGE DAVID,        :
KENNETH T. DERR, JOHN M. DEUTCH,       :
ROBERTO HERNANDEZ RAMIREZ,             :
ANN DIBBLE JORDAN, KLAUS               :
KLEINFELD, ANDREW N. LIVERIS,          :
ANNE MULCAHY, RICHARD D.               :
PARSONS, JUDITH RODIN, ROBERT E.       :
RUBIN, ROBERT E. RUBIN, FRANKLIN       :
A. THOMAS, JOHN DOES 1-20 (BEING       :
CURRENT AND FORMER MEMBERS             :
OF THE PLANS ADMINISTRATIVE            :
COMMITTEE OF CITIGROUP INC.)           :
and JOHN DOES 21-40 (BEING             :
CURRENT AND FORMER MEMBERS             :
OF THE INVESTMENT COMMITTEE            :
OF THE CITIGROUP INC. 401(K) PLAN),    :
                                       :
            Defendants.                :
-------------------------------------------------
FRANCIA BRICK, individually and on     :
Behalf of all others similarly situated,        :
                                       :
            Plaintiff,                 :      Civil Action No: 07 Civ. 11369
v.                                     :
                                       :
CITIGROUP INC., CHARLES PRINCE,        :
THE PLAN'S ADMINISTRATIVE              :
COMMITTEE OF CITIGROUP, INC.,          :
THE 401(k) INVESTMENT COMMITTEE,:
And JOHN DOES 1-10,                    :
                                       :
            Defendants.                :
-------------------------------------------------
```

977536.1

**PLAINTIFFS SHAUN ROSE AND MARK GEROULO'S MEMORANDUM
IN SUPPORT OF SUPERSEDING MOTION FOR CONSOLIDATION OF
RELATED ACTIONS AND APPOINTMENT OF INTERIM LEAD
PLAINTIFFS, CO-LEAD COUNSEL AND LIAISON COUNSEL**

Milo Silberstein (MS 4637)
**DEALY & SILBERSTEIN, LLP**
225 Broadway, Suite 1405
New York, NY 10007
Telephone: (212) 385-0066
Facsimile:  (212) 385-2117

*Counsel for Plaintiffs Rose and Geroulo
and Proposed Interim Liaison Counsel*

Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:   (610) 667-7056

Robert A. Izard
Mark P. Kindall
William Bernarduci
Wayne T. Boulton
**SCHATZ NOBEL IZARD, P.C.**
20 Church St., 17th Floor
Hartford, CT 06103
Telephone: (860) 493-6292
Facsimile:  (860) 493-6290

*Counsel for Plaintiffs Rose and Geroulo
and Proposed Interim Co-Lead Counsel*

## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................. 1

II.   ARGUMENT .................................................................................................... 3

   A.   The ERISA Actions Should Be Consolidated ............................................... 3

   B.   Plaintiffs Rose and Geroulo Should Be Appointed Interim Lead Plaintiffs ...................... 4

   C.   SBTK and SNI Should Be Appointed Interim Co-Lead Counsel ........................................ 5

      1.    SBTK and SNI Have Superior Experience In This Type Of Litigation and Knowledge of the Applicable Law ........................................................................... 7

      2.    SBTK and SNI Have Done Substantial Work Identifying and Investigating the Claims In This Case ........................................................................................ 16

      3.    Counsel For the Rose Plaintiffs Have The Resources Necessary To Represent The Class ........................................................................................................ 19

   D.   Interim Liaison Counsel ............................................................................... 20

III.  CONCLUSION ................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Bank of Montreal v. Eagle Assocs.*,
    117 F.R.D. 530 (S.D.N.Y. 1987) ..................................................................................3

*Coan v. Kaufman*,
    457 F.3d 250 (2d Cir. 2006)..........................................................................................4

*Gee v. UnumProvident Corp.*,
    No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005)..............................11

*Hill v. BellSouth Corp.*,
    313 F. Supp. 2d 1361 (N.D. Ga. 2004) ...................................................................11

*In re ADC Telecomms., Inc. ERISA Litig.*,
    No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004) ............................11

*In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.*,
    No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005)..............................11

*In re Cardinal Health, Inc. ERISA Litig.*,
    225 F.R.D. 552 (S.D. Ohio 2005)............................................................................15

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
    284 F. Supp. 2d 511 (S.D. Tex. 2003) ...................................................................19

*In re Ferro Corp. ERISA Litig.*,
    422 F. Supp. 2d 850 (N.D. Ohio 2006).....................................................................19

*In re Global Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) .............................................................................12

*In re JDS Uniphase Corp. ERISA Litig.*,
    No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005)..............................11

*In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*,
    No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006)..................................11

*In re Polaroid ERISA Litig.*,
    362 F. Supp. 2d 461 (S.D.N.Y. 2005).....................................................................11

*In re Sears, Roebuck & Co. ERISA Litig.*,
    No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004)..............................11

*In re Sprint Corp. ERISA Litig.*,
   388 F. Supp. 2d 1207 (D. Kan. 2004) ...................................................................................19

*In re Syncor ERISA Litig.*,
   351 F. Supp. 2d 970 (C.D. Cal. 2004) ..................................................................................11

*In re Terazosin Hydrochloride Antitrust Litig.*,
   220 F.R.D. 672 (S.D. Fla. 2004) ............................................................................................7

*In re WorldCom, Inc. ERISA Litig.*,
   263 F. Supp. 2d 745 (S.D.N.Y. 2003) ...................................................................................19

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ..................................................................................................3

*Nowak v. Ford Motor Co.*,
   240 F.R.D. 355 (E.D. Mich. 2006) ....................................................................7, 10, 11, 12

*Woods v. Southern Co.*,
   396 F. Supp. 2d 1351 (N.D. Ga. 2005) .................................................................................11

## DOCKETED CASES

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
   No. 02-CV-1500 (S.D.N.Y) .............................................................................................8, 14

*In re AOL ERISA Litig.*,
   No. 02-8853 (S.D.N.Y.) ...................................................................................................7, 12

*In re: Citigroup Litigation*,
   No. 03-CV-2932 .....................................................................................................................10

*In re Bausch & Lomb, Inc. ERISA Litig.*,
   No. 06-6297 (W.D.N.Y.) .........................................................................................................7

*In re Beazer Homes USA, Inc. ERISA Litig.*,
   07-CV-00952-RWS (N.D. Ga. Oct. 11, 2007) ....................................................................11

*In re Bristol-Myers Squibb Co. ERISA Litig.*,
   No. 02-CV-10129 (LAP) (S.D.N.Y) ....................................................................................12

*In re Calpine Corp. ERISA Litig.*,
   No. 03-CV-1685 (N.D. Cal.) .................................................................................................11

*In re Cardinal Health, Inc. ERISA Litig.*,
   No. 04-643 (S.D. Ohio) .........................................................................................................13

*In re CIGNA Corp. ERISA Litig.*,
   No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004) ...............................................................11

*In re Dell, Inc. ERISA Litig.,*
    No. 06-758 (W.D. Tex.) ........................................................................................14

*In re Diebold ERISA Litig.,*
    No. 06-0170 (N.D. Ohio) .......................................................................................7

*In re Electronic Data Systems Corp. ERISA Litig.,*
    No. 03-1512 (E.D. Tex.) .......................................................................................14

*In re Enron Corp. Sec.& ERISA Litig.,*
    No. 02-13624 (S.D. Tex.) .....................................................................................14

*Falk v. Amerada Hess Corp.,*
    No. 03-CV-2491 (D.N.J. May 10, 2004) .............................................................11

*Furstenau v. AT&T Corp.,*
    No. 02-5409 (D.N.J.) ............................................................................................14

*Gee v. UnumProvident Corp.,*
    03-CV-1552 (E.D. Tenn.) ....................................................................................11

*In re Honeywell ERISA Litig.,*
    No. 03-CV-1214 (D.N.J.) ...............................................................................11, 12

*In re Honeywell ERISA Litig.,*
    No. 03-CV-01214 (DRD) (July 19, 2005) ..........................................................12

*Koch v. Loral Space & Commc'ns Ltd.,*
    03-CV-9729 (S.D.N.Y.) .......................................................................................11

*In re Lear ERISA Litig.,*
    No. 06-CV-11735 (E.D. Mich. 2006) ..................................................................11

*In re Marsh ERISA Litig.,*
    No. 04-8157 (S.D.N.Y.) .......................................................................................14

*In re Merck & Co. Inc., Sec., Derivative & "ERISA" Litig.,*
    05-2369 (D.N.J.) ..................................................................................................14

*In re Merck Sec., Derivatives & ERISA Litig.,*
    No. 05-1157 (D.N.J. Apr. 18, 2005) ....................................................................15

*In re Mirant Corp. ERISA Litig.,*
    No. 1:03-cv-1027-RWS (N.D. Ga. Nov. 16, 2006) .............................................10

*Pettit v. JDS Uniphase Corp., ERISA Litig.,*
    No. 03-4743 (N.D. Cal.) ........................................................................................7

*In re Raytheon ERISA Litigation,*
C.A. No. 03-10940-RGS (D. Mass. 2003)..............................................................11

*In re Reliant Energy ERISA Litig.,*
No. 02-2051 (S.D. Tex.) ....................................................................................14

*In re Schering-Plough Corp. ERISA Litig.,*
No. 03-CV-1204 (D.N.J.) ..................................................................................11

*Spear v. Hartford Fin. Svcs Group. Inc.,*
No. 04-CV-1790 (D.Conn.) ...............................................................................14

*In re Sprint Corp. ERISA Litig.,*
No. 03-CV-2202 (D. Kan.) ................................................................................14

*In re Tyco Intern'l, Ltd. Sec. Litig.,*
No. 02-CV-1335 (D.N.H. Dec. 20, 2002).............................................................15

*In re Tyco International, Ltd., Sec. Litig.,*
No. 02-1335-B (D. N.H.) .............................................................................13, 14

*In re Westar Energy Inc. ERISA Litig.,*
03-CV-4032 (D. Kan.) ......................................................................................11

*In re Westar Energ. ERISA Litig.,*
No. 03-CV-4032-JAR .......................................................................................10

*Wilson v. Fed. Home Loan Mortgage Corp.,*
MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y.)...................................11

## FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

29 U.S.C. §§ 1109, 1132.....................................................................................1, 4

FED. R. CIV. P. 23 ........................................................................................... passim

FED. R. CIV. P. 42(a) ...........................................................................................3, 4

## OTHER AUTHORITIES

9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* 2d §
2382 (2d ed. 1995) .............................................................................................3

*Manual for Complex Litigation* (4th ed. 2004) ................................................. passim

Plaintiffs Shaun Rose and Mark Geroulo ("Rose Plaintiffs" or "Plaintiffs"), by their undersigned counsel, respectfully submit this Memorandum of Law in Support of their Superseding Motion for Consolidation of Related Actions and Appointment of Interim Lead Plaintiffs, Co-Lead Counsel and Liaison Counsel. Plaintiffs respectfully request that the Court appoint Shaun Rose and Mark Geroulo as Interim Lead Plaintiffs, Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") and Schatz Nobel Izard ("SNI") as Interim Co-Lead Counsel and Dealy & Silberstein, LLP ("DS") as Interim Liaison Counsel in the Citigroup ERISA actions.

## I.     INTRODUCTION

Plaintiffs in the above-captioned actions each filed a complaint in this District against Citigroup, Inc. ("Citigroup" or the "Company") and certain Citigroup employees (collectively, "Defendants") alleging that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with offering the Citigroup Common Stock Fund as an investment option in the Citigroup Corporation 401(k) Plan and the Citibuilder 401(k) Plan for Puerto Rico (the "Plans"). Specifically, Plaintiffs allege that the Defendant-fiduciaries knew or should have known that the Fund was an imprudent investment as a result of Citigroup's massive risks and liabilities arising out of its mortgage lending businesses. All plaintiffs seek relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf of the Plans and all participants in, or beneficiaries of, the Plans who sustained losses to their retirement accounts.

Because the ERISA Actions are based on substantially the same facts and contain similar causes of action against overlapping Defendants, the Rose Plaintiffs seek an Order consolidating the ERISA actions and appointing a leadership structure for the consolidated ERISA cases in

977536.1

accordance with FED. R. CIV. P. 23(g) and the MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) (the "*Manual*").[1]

On or about November 26, 2007, Plaintiffs Stephen Gray and Samier Tadros (the "Gray Plaintiffs") moved to consolidate the ERISA actions and appoint Wolf Popper LLP and Harwood Feffer LLP as Interim Co-Lead Counsel for the class. On or about December 11, 2007, Plaintiff Steven Goldstein, through counsel Stull, Stull & Brody, filed a similar motion. And, on or about December 13, 2007, the Rose Plaintiffs filed an Opposition to the Gray Plaintiffs' motion and their own motion to consolidate the actions and appoint interim lead plaintiffs, co-lead counsel and liaison counsel. The Honorable Sidney H. Stein entered an Order on December 20, 2007 setting an orderly briefing schedule for motions to consolidate and appoint interim lead plaintiff and lead counsel in these actions. The Rose Plaintiffs submit this Superseding Motion in compliance with the Court's December 20, 2007 Order.

Where, as here, the Court will be presented with competing motions for the appointment of interim lead plaintiffs and interim lead counsel, the Federal Rules of Civil Procedure provide that "[i]f more than one applicant seeks appointment as class counsel, the court must appoint the applicant *best able* to represent the interests of the class." FED. R. CIV. P. 23(g)(B) (emphasis added). As detailed below, SBTK and SNI have significant experience prosecuting analogous ERISA class actions and the firms' track record of success – both when working together and

---

[1] Plaintiffs submit for the Court's approval a proposed form of Pretrial Order No. 1, which provides for (i) the consolidation of the ERISA Actions; (ii) the appointment of Interim Lead Plaintiffs; (iii) the appointment of Interim Co-Lead and Liaison Counsel; and (iv) otherwise provides for the elimination of wasteful and duplicative litigation. Proposed Pretrial Order No. 1 anticipates the parties' agreement on most elements of the orderly procedure of this action, including consolidation. The proposed Order will not only promote the efficient conduct of this action, but is also consistent with the recommendations of the *Manual* and the requirements of FED. R. CIV. P. 23(g).

separately – is discussed below and set forth in greater detail in the respective firm resumes which are attached hereto for the Court's review.

SBTK and SNI have achieved unparalleled results for class members and, respectfully, are the most qualified applicants in this case. Accordingly, movants respectfully submit that the leadership structure proposed by the Rose Plaintiffs is in the best interest of the putative class as it will ensure that the participants obtain the best possible representation in this important, highly complex case.

## II.    ARGUMENT

### A.    The ERISA Actions Should Be Consolidated

Pretrial Order No. 1 provides for the consolidation of the above-captioned actions for all pretrial and trial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 42(a) provides that where actions involving a common question of law or fact are pending before a court, the court may order a joint hearing or trial of any or all matters at issue in the actions, order all the actions consolidated, and make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. *See* FED. R. CIV. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Consolidation of these ERISA actions is appropriate given that the actions involve common questions of fact and law, are substantially similar in terms of their underlying factual and legal claims, and are all at the earliest stage of litigation (*i.e.*, no responsive pleadings have been filed). Moreover, consolidation would save significant time and effort. Consolidation under FED. R. CIV. P. 42(a) will therefore serve the interests of justice, as well as the interests of the parties, counsel, and relevant third-parties, by ensuring the speedy, efficient, and just resolution of these actions. *See* 9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure: Civil 2d</u> § 2382, at 427-29 (2d ed. 1995); *see also Bank of Montreal v. Eagle Assocs.*,

117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event."). Notably, the Rose Plaintiffs move to consolidate the ERISA actions *only*. Although there may be other actions pending against Citigroup that contain some overlapping factual allegations -- *e.g.*, actions brought pursuant to the federal securities laws -- these actions should *not* be consolidated with the above-captioned actions. While it may be sensible to coordinate the securities and ERISA actions, they raise different legal issues and are subject to different standards and procedures; consolidation would defeat the purposes of Rule 42.

In addition to consolidating the ERISA Actions and appointing Interim Co-Lead and Liaison Counsel, proposed Pretrial Order No. 1 provides for a uniform caption, a master docket, and orderly filing procedures. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this (and are in accordance with the Court's December 20, 2007 Order). *See Manual* § 21.11. Accordingly, the Rose Plaintiffs respectfully request that this Court order the consolidation of these actions and any subsequently-filed actions raising similar allegations, as described in Pretrial Order No. 1.

### B.    Plaintiffs Rose and Geroulo Should Be Appointed Interim Lead Plaintiffs

Plaintiffs Rose and Geroulo seek to represent the interests of all of the participants and beneficiaries of the Plans who suffered similar losses as is required in an action on behalf of the Plans under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). *See e.g., Coan v. Kaufman*, 457 F.3d 250, 261 (2d Cir. 2006). Plaintiffs Rose and Geroulo are well qualified for this fundamentally important role because (i) their Plan accounts suffered losses as a result of the Defendant-fiduciaries' breaches of their ERISA-mandated duties and (ii) they have demonstrated a strong commitment to serve the best interests of the other putative class members.

Plaintiffs Rose and Geroulo have stepped forward as proposed Class representatives to seek relief on behalf of the Plans for the significant losses alleged in this case; in addition, their interests are directly aligned with the other members of the Class in that they seek to restore to the Plans losses caused by Defendants' breaches of fiduciary duty. Further, both Plaintiffs already have demonstrated their commitment to serve as Interim Lead Plaintiffs for the proposed Class by providing relevant information to proposed Interim Co-Lead Counsel and expressing a willingness to work closely with counsel to continue the prosecution of their cases on behalf of the Plans and the proposed Class. Moreover, and importantly, they have retained experienced counsel with unparalleled experience in this type of litigation to prosecute this action.

For these reasons, Plaintiffs Rose and Geroulo respectfully request that they be appointed Interim Lead Plaintiffs in this case.

### C.    SBTK and SNI Should Be Appointed Interim Co-Lead Counsel

Pretrial Order No. 1 implements the procedures suggested by the *Manual* for complex, multi-party cases such as this by designating Interim Co-Lead Counsel for all plaintiffs. *See Manual* § 20.22. The Rose Plaintiffs respectfully submit that such designation will promote the orderly progress of this litigation and ensure that Plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion. As stated in the *Manual*, when determining lead counsel courts should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *See Manual*, § 10.22. The most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id*. at § 10.221.

Building on the principles embodied in the *Manual*, Federal Rule of Civil Procedure 23(g)(2) provides that a "court may designate interim counsel to act on behalf of the putative

class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(2)(A). According to the Rule, in appointing class counsel, the court must consider the following four factors:

> (1)  the work counsel has done in identifying or investigating potential claims in the action,
>
> (2)  counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
>
> (3)  counsel's knowledge of the applicable law, and
>
> (4)  the resources counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(C)(i). Additionally, "[i]f more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." FED. R. CIV. P. 23(g)(2)(B).

Plaintiffs propose the following counsel structure:

As Interim Co-Lead Counsel for the Class:

**Schiffrin Barroway Topaz & Kessler, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

**Schatz Nobel Izard, P.C.**
20 Church St., Suite 1700
Hartford, CT 06103
Telephone: (860) 493-6292

As Interim Liaison Counsel for the Class:

**Dealy & Silberstein, LLP**
225 Broadway, Suite 1405
New York, NY 10007
Telephone: (212) 385-0066

As set forth below, the Rose Plaintiffs respectfully submit that under the relevant factors set forth in FED. R. CIV. P. 23(g), SBTK and SNI should be appointed Interim Co-Lead Counsel.

1.    **SBTK and SNI Have Superior Experience In This Type Of Litigation and Knowledge of the Applicable Law**

Importantly, the most persuasive factor in choosing interim lead class counsel is the experience of proposed counsel in the relevant area of law. *See, e.g.*, *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 361 (E.D. Mich. 2006) (appointing SBTK as co-lead counsel), *citing In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).

a)    **SBTK & SNI Have A Substantial Working Relationship and Have Recovered Hundreds of Millions of Dollars for Plan Participants**

SBTK and SNI have worked together in a number of closely analogous ERISA class action cases including *In re AOL ERISA Litig.*, No. 02-8853 (S.D.N.Y.); *In re Merck & Co. Inc., Sec., Derivative & "ERISA" Litig.*, MDL-1658, 05-CV-2369 (D.N.J.); *Pettit v. JDS Uniphase Corp., ERISA Litig.*, No. 03-4743 (N.D. Cal.); *In re Bausch & Lomb, Inc. ERISA Litig.*, No. 06-6297 (W.D.N.Y.); and *In re Diebold ERISA Litig.*, No. 06-0170 (N.D. Ohio). The firms have each recovered hundreds of millions of dollars on behalf of plan participants and have obtained favorable decisions addressing many of the same claims at issue here. In cases where SBTK and SNI have served together as co-lead counsel, the firms' collaborative efforts have resulted in a strong, efficient, and productive working relationship which will benefit the Plans and the putative Class in this case.

For example, SBTK and SNI were recently recognized for vigorously championing the rights of class members to help recover a substantially greater than expected monetary award in

the AOL Time Warner ERISA case.[2]  In that case, the Independent Fiduciary retained to review the $100 million settlement on behalf of the AOL Time Warner retirement plans praised counsel's work and noted that the recovery was "one of the largest ERISA employer stock class action settlements in history." *See In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02-CV-1500 (S.D.N.Y), Report of the Independent Fiduciary for the Proposed Settlement in the *AOL Time Warner ERISA Litigation*, dated June 29, 2006, at 11.[3]

In addition, the Special Master reviewing an application for attorneys' fees found that obtaining an additional $30 million (over the estimated recovery) for the class stands out as "some of the hardest work and most outstanding results" obtained by co-lead counsel. *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02-CV-1500 (S.D.N.Y), Report & Recommendation of Special Master dated August 7, 2007 at 7.[4]  As the Special Master expressly noted, in negotiating this extraordinary settlement, co-lead counsel "stretched the defendants' settlement tolerances beyond their limits." *Id.*

Moreover, the Court found that SNI and SBTK worked with great efficiency. After conducting a "moderately detailed examination of counsels' actual time records," the Special Master lauded the efficiency with which counsel litigated such a large case (which can inherently tend to produce inefficiencies). *Id.* at 26, 43.  Accordingly, SNI and SBTK have already demonstrated that they can achieve "efficiency and economy," *Manual* at § 10.221, and simultaneously achieve superior results.

---

[2] SBTK, SNI and Stull, Stull & Brody were co-lead counsel in the *AOL Time Warner ERISA Litigation*.

[3] Attached as Exhibit A to the Declaration of Joseph H. Meltzer ("Meltzer Decl.").

[4] Exhibit A to the Declaration of Robert A. Izard ("Izard Decl."), approved by the Court by Memorandum Opinion dated October 26, 2007 (attached as Exhibit B to Izard Decl.).

As demonstrated by the exceptional result in the AOL Time Warner ERISA case, SBTK and SNI have the necessary experience for this unique type of ERISA litigation. Individually and collectively, they have:

- Pioneered and obtained ground-breaking opinions in the area of ERISA class action company stock cases, both at the federal district court and federal appellate court level;

- Served as lead or co-lead counsel in the leading ERISA 401(k) plan company stock litigations and currently serve as lead or co-lead in the leading ERISA company stock cases pending nationwide;

- Litigated every stage of this type of ERISA case, from early motions to dismiss through discovery (both fact and expert) and motions for summary judgment to final settlements;

- Exhaustively briefed and argued many of the very issues that will likely arise in this litigation ranging from motions to dismiss to class certification to discovery disputes to motions for summary judgment; and

- Worked extensively with the Department of Labor and numerous Independent Fiduciaries.

This experience is the result of several years of dedication of SBTK and SNI to this area of law. The experience and expertise of each individual firm is described more fully below.

**b)    Schiffrin Barroway Topaz & Kessler, LLP**

SBTK specializes in complex class action litigation, representing investors, employees and consumers in class actions pending in state and federal courts throughout the United States. During its successful history, the firm has recovered billions of dollars for class members. SBTK, one of the largest class action firms in the country, has developed a nationwide reputation for excellence and is able to manage all aspects of class action litigation with particular expertise

in complex litigation.[5]  Comprised of 57 attorneys and an ever larger support staff of paralegals, investigators, CPAs and administrative personnel, SBTK has the financial resources and manpower necessary to litigate any case.

As noted recently by one District Court which appointed SBTK as co-lead counsel after considering competing lead counsel applications, SBTK "has extensive experience litigating ERISA breach of fiduciary class actions." *Nowak v. Ford Motor Co.,* 240 F.R.D. 355, 362 (E.D. Mich. 2006).  Indeed, the firm's ERISA litigation department is one of the foremost in the country, as recognized by the Honorable Julie A. Robinson at the final fairness hearing in *In re Westar Energ. ERISA Litig.,* No. 03-CV-4032-JAR, at 33 (D. Kan. July 27, 2006) ("Class counsel [SBTK] is experienced, nationally recognized in this field, and had the requisite skill necessary to perform the legal services required in cases as complex as this.").[6]  The Honorable Richard W. Story, United States District Judge, in *In re Mirant Corp. ERISA Litig.,* No. 1:03-cv-1027-RWS (N.D. Ga. Nov. 16, 2006), reached the same conclusion. ("Class Counsel . . . are obviously eminently qualified to bring and pursue this litigation.").[7]

In addition to the cases cited above, courts across the country, acknowledging the firm's history and track record of impressive results, have not hesitated to appoint SBTK as lead or co-lead counsel in ERISA breach of fiduciary class actions, directly analogous to the instant matter.[8]

---

[5]  *See also* firm resume of SBTK, attached to the Meltzer Decl. as Exhibit B.

[6]  Attached hereto as Exhibit C to the Meltzer Decl.

[7]  Attached hereto as Exhibit D to the Meltzer Decl.  Likewise, the Honorable Laura Taylor Swain commended SBTK in its representation of a similar class in an analogous action against Citigroup, finding that "the parties and their attorneys were creative in approaching the legal issues presented and the challenge of coming up with meaningful and constructive relief for plan members. . . ." Transcript of Final Fairness Hearing, *In re: Citigroup Litigation,* No. 03-CV-2932, at 7 (S.D.N.Y. Nov. 15, 2006), attached to the Meltzer Decl. as Exhibit E.

[8]  *See, e.g., In re Beazer Homes USA, Inc. ERISA Litig.,* 07-CV-00952-RWS (N.D. Ga. Oct. 11, 2007); *Nowak* 240 F.R.D. at 355, *In re Lear ERISA Litig.,* No. 06-CV-11735 (E.D.

In the course of prosecuting ERISA class actions such as this as lead or co-lead counsel, SBTK has prepared numerous consolidated pleadings, responded to motions to dismiss, propounded discovery requests and reviewed hundreds of thousands of pages of plan-related documents and related documentation, and litigated cases through the summary judgment phase. Indeed, the firm's litigation efforts have resulted in favorable court opinions in a number of ERISA decisions denying defendants' motions to dismiss or for summary judgment.[9]

As a result of its extensive ERISA litigation experience, the firm "has also successfully engaged in extensive, intricate and successful settlement negotiations involving [complex] ERISA claims,"[10] including court-ordered mediations, and has recovered hundreds of millions of dollars for its clients and class members. These negotiations and mediations have resulted in

---

Mich. 2006); *In re Raytheon ERISA Litigation*, C.A. No. 03-10940-RGS (D. Mass. 2003); *Gee v. UnumProvident Corp.*, 03-CV-1552 (E.D. Tenn.); *In re Westar Energy Inc. ERISA Litig.*, 03-CV-4032 (D. Kan.); *Koch v. Loral Space & Comm'ns Ltd.*, 03-CV-9729 (S.D.N.Y.); *In re Honeywell ERISA Litig.*, No. 03-CV-1214 (D.N.J.); *Wilson v. Fed. Home Loan Mortgage Corp.*, MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y.); *In re Schering-Plough Corp. ERISA Litig.*, No. 03-CV-1204 (D.N.J.); and *In re Calpine Corp. ERISA Litig.*, No. 03-CV-1685 (N.D. Cal.). Notably, the foregoing represent a subset of the ERISA class actions prosecuted by SBTK.

[9] Cases include: *In re Lear ERISA Litig.*, No. 06-CV-11735 (E.D. Mich.); *Woods v. Southern Co.*, 396 F. Supp. 2d 1351 (N.D. Ga. 2005); *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006); *In re JDS Uniphase Corp. ERISA Litig.*, No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005); *Gee v. UnumProvident Corp.*, No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005); *In re Honeywell Int'l ERISA Litig.*, No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004); *In re ADC Telecomms., Inc. ERISA Litig.*, No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004); *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004); *Falk v. Amerada Hess Corp.*, No. 03-CV-2491 (D.N.J. May 10, 2004); *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004); *In re CIGNA Corp. ERISA Litig.*, No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004); *In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.*, No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D. Ga. 2004); *Wilson v. Fed. Home Loan Mortgage Corp.*, MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Feb. 7, 2005); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005).

[10] *Nowak*, 240 F.R.D. 355, 362 (collecting cases).

several large recoveries for affected classes. *See e.g., In re AOL ERISA Litig.*, 02-CV-8853 (as Co-Lead Counsel, SBTK helped obtain a $100 million settlement); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) (as Co-Lead Counsel, SBTK helped obtain settlement providing injunctive relief and $78 million payment for plan losses); *In re Bristol-Myers Squibb Co. ERISA Litig.*, No. 02-CV-10129 (LAP) (S.D.N.Y) (as Co-Lead Counsel, achieved a cash recovery of $41.22 million and significant structural relief regarding how the 401(k) plans at issue are administered valued at up to $52 million); *In re Honeywell Int'l ERISA Litig.*, No. 03-CV-1214 (DRD) (D.N.J. 2004) (as Lead Counsel, achieved a $14 million recovery to a defined contribution plan and its participants, as well as significant structural relief regarding the plan's administration and investment of its assets).[11]

The ERISA litigation department is headed by Joseph Meltzer, a partner at SBTK. Mr. Meltzer concentrates his practice in the areas of ERISA litigation and has helped obtain several multi-million dollar settlements on behalf of class members, including the SBTK class settlements listed above. Mr. Meltzer represents employees in each of the numerous ERISA breach of fiduciary duty actions listed above for SBTK. Mr. Meltzer is a member of the

---

[11]   In approving the *In re Honeywell* settlement, the Honorable Dickinson R. Debevoise stated the following with regard to SBTK's representation of the ERISA class:

> Plaintiffs' counsel undoubtedly possess great skill and experience in this kind of case and have exhibited that experience during the course of these proceedings.
>
> *   *   *
>
> ERISA class actions are a relatively new phenomenon, presenting complex issues as the courts deal with the complicated ERISA statute. Faced with this statute, counsel had to engage in extensive factual explorations and address legal problems both in the context of class certification and during the course of the motion to dismiss.

Final Fairness Hearing Transcript, *In re Honeywell ERISA Litig.*, No. 03-CV-01214 (DRD) (July 19, 2005), p. 40 (attached hereto as Exhibit F to the Meltzer Decl.).

American Bar Association and is actively involved in the ABA's Section Committee on Employee Benefits and is an invited lecturer on ERISA class action litigation.

Recently, SBTK was commended for its efforts in representing a class of plaintiffs and achieving a $3.2 billion settlement in a "case of unprecedented difficulty and complexity." *See* Transcript of Fairness Hearing Before the Honorable Paul J. Barbadoro, *In re: Tyco Int'l, Ltd.*, No. C.02-MD-1335-B, at 82 (D.N.H. Nov. 2, 2007).[12] Judge Barbadoro noted:

> I am completely satisfied that the amount of this settlement is an outstanding result for this class. I have no question about it, that it's an outstanding amount for the class. This is real money, a significant percentage of what might be recovered. There were and are real risks to the class in this case . . . . So by any measure, this is an outstanding result for the class."

*Id.* at 49, *see also Id.* at 134 ("But I also want to say there's no doubt in my mind about the quality of the legal work that the plaintiffs have done here. It has been of extraordinarily high quality. . . .").

### c)    Schatz Nobel Izard, P.C.

SNI has substantial experience with class actions and, in particular, ERISA 401(k) plan litigation. The firm has an extremely successful track record, including recoveries of $100 million (*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL Docket No. 1500 (SWK) (S.D.N.Y)), $40 million (*In re Cardinal Health, Inc. ERISA Litig.*, No. 04-643 (S.D. Ohio)) and $29 million (*Furstenau v. AT&T Corp.*, No. 02-5409 (D.N.J.)). The firm serves or has served as lead or co-lead counsel in numerous significant ERISA 401(k) plan breach of fiduciary duty cases, including the following:

- *In re Tyco International, Ltd., Sec. Litig.*, No. 02-1335-B (D. N.H.);

- *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02- -1500 (S.D.N.Y);

---

[12]  Portions of the lengthy transcript are attached to the Meltzer Decl. as Exhibit G.

- *In re Merck & Co. Inc., Sec., Derivative & "ERISA" Litig.*, 05-2369 (D.N.J.);[13]

- *Furstenau v. AT&T, Corp.,* No. 02-5409 (D.N.J.);

- *In re Sprint Corp. ERISA Litig.*, No. 03-2202 (D. Kan.);

- *In re Reliant Energy ERISA Litig.*, No. 02-2051 (S.D. Tex.);

- *In re AEP ERISA Litig.*, No. 03-67 (S.D. Ohio);

- *In re JDS Uniphase Corp. ERISA Litig.*, No. 03-4743 (N.D. Cal.);

- *In re Cardinal Health, Inc. ERISA Litig.*, No. 04-643 (S.D.Ohio);

- *Spear v. Hartford Fin. Svcs Group. Inc.*, No. 04-1790 (D.Conn.);

- *In re Bausch & Lomb, Inc. ERISA Litig.*, No. 06-6297 (W.D.N.Y.);

- *In re Diebold ERISA Litig.* No. 06-0170 (N.D.Ohio); and

- *In re Dell, Inc. ERISA Litig.*, No. 06-758 (W.D. Tex.).

SNI is on the Executive Committees in the following cases:

- *In re Enron Corp. Sec.& ERISA Litig.*, No. 02-13624 (S.D. Tex.);

- *In re Electronic Data Systems Corp. ERISA Litig.*, No. 03-1512 (E.D. Tex.); and

- *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y.).

In ruling on vigorously contested motions for appointment of interim lead counsel, other Courts have recognized SNI's superior expertise in ERISA class actions. The *Merck* court stated, "What is clear is that Schatz & Nobel [now Schatz Nobel Izard] does have substantial experience in this area and much more experience than other contenders." *In re Merck Sec., Derivatives & ERISA Litig.*, No. 05-1157 (D.N.J. Apr. 18, 2005) at 24.[14] Similarly, the *Tyco* court found that SNI and its co-counsel "have the necessary resources, skill and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims." *In re Tyco Intern'l, Ltd. Sec. Litig.*, Case No. 02-1335 (D.N.H. Dec.

---

[13] The firm is Chair of the Lead Counsel Committee.

[14] Attached as Exhibit C to the Izard Decl.

20, 2002) at 2.[15] In *Cardinal*, the court also noted SNI's "extensive experience in ERISA litigation," the "high level of ERISA expertise" and "several well-argued briefs . . . on a range of issues." *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 555 (S.D. Ohio 2005).

In addition to the Court in *AOL*, other courts have recognized the superior results obtained by SNI as a result of its experience. For example, in approving the Sprint ERISA settlement, Judge John Lungstrum found, "The high quality of [Schatz Nobel Izard's] work culminated in the successful resolution of this complex case" and that "the results obtained by virtue of the settlement are extraordinary. . . ." *In re Sprint Corp. ERISA Litig.*, No. 03-2202 (D. Kan.) (Aug. 3, 2006) at 33, 35. [16]

SNI's ERISA team is led by Robert A. Izard, Jr. Mr. Izard is the former chair of the Commercial and Business Litigation Committee of the Litigation Section of the American Bar Association. He received his B.A. from Yale University and his J.D., with honors, from Emory University, where he was elected to the Order of the Coif and was an editor of the Emory Law Journal. Mr. Izard has substantial jury and nonjury trial experience, including a seven-month jury trial in federal district court. He is experienced in various forms of alternative dispute resolution, including mediation and arbitration, and is a Distinguished Neutral for the CPR Institute for Dispute Resolution. Mr. Izard is the author of *Lawyers and Lawsuits: A Guide to Litigation* published by Simon and Schuster.[17]

---

[15] Attached as Exhibit D to the Izard Decl.

[16] Attached as Exhibit E to the Izard Decl.

[17] Schatz Nobel Izard's firm resume is attached as Exhibit F to the Izard Decl.

2.    **SBTK and SNI Have Done Substantial Work Identifying and Investigating the Claims In This Case**

In their Complaints, SBTK and SNI carefully articulate the basis for fiduciary responsibility of each Defendant and carefully articulate when and how the Citigroup Common Stock Fund became an imprudent investment for the Plans' participants' retirement savings. In short, their complaints allege who the fiduciaries are, what the scope of their respective duties are, and how they breached these duties by failing to take appropriate actions. The allegations are detailed and specific and are borne of SBTK and SNI's experience litigating cases of this exact type.

For example, rather than mere boilerplate assertions of fiduciary responsibility and plan communications, the Geroulo complaint cites the actual sources: the Plans' Summary Plan Description (¶ 19), the Plans' Form 11-K Annual Report (¶ 21), a June 2007 Citigroup 401(k) Plan Newsletter (¶ 32), the Plans' Form 5500 Annual Return (¶ 145) and an October 24, 2004 memorandum to Plan Participants. The Rose complaint similarly refers to the relevant publicly available documents, such as Form 5500 filings (¶¶ 14, p. 14 n. 6) and SEC Form 11-K filings (¶¶ 29, 34, 36, 40, 43, etc.). In addition, the Rose complaint cites to relevant case law and journal articles. *See e.g.*, Complaint at 17. Accordingly, the Complaints contain a detailed description of the Plans, including their structures, operations, assets and investments. *See Id.* Rose Complaint (¶¶ 27-55); Geroulo Complaint, ¶¶(19-37). In addition, counsel for the Rose Plaintiffs sent a letter to the Plan's fiduciaries requesting certain documents in accordance with ERISA § 104. *See* Meltzer Decl., Exhibit H.

Based on this detailed investigation of the facts and analysis of applicable ERISA law, the Rose and Geroulo complaints contained detailed factual allegations which set forth powerful claims. Rose and Geroulo allege that the Citigroup Common Stock Fund was an imprudent

investment because the price of Citigroup common stock shares was artificially inflated by undisclosed material adverse information concerning Citigroup's involvement in the subprime mortgage market. For example, the Geroulo Complaint alleges a number of specific facts which caused artificial inflation. First, it alleges that Citigroup misrepresented the amount of credit risk it assumed through its subprime mortgage business. Specifically, Citigroup represented that it securitizes mortgages, primarily on a non-recourse basis, to reduce the Company's credit exposure and transfer the risk of future credit losses to the purchasers of the securities. Geroulo Complaint, ¶¶ 68, 70. Geroulo alleges that these representations were false and misleading because Citigroup retained a substantial amount of this credit risk. *Id.,* ¶ 71.

Second, Geroulo alleges that Citigroup breached applicable accounting rules. Citigroup securitized its mortgages through Special Investment Vehicles ("SIVs"), which Citigroup typically managed for market-rate fees and to which Citigroup provided liquidity. *Id.,* ¶ 72. Because of Citigroup's financial and other commitments to its affiliated SIVs, Citigroup was required to disclose the nature, purpose, size, and activities of the SIVs and disclose the carrying amount and classification of the consolidated assets that were collateral for the SIVs' obligations. *Id.,* ¶ 73. Citigroup allegedly violated these accounting rules by failing to consolidate the financial results or liabilities of its affiliated SIVs as required by GAAP. Moreover, Citigroup failed to disclose in the management discussion and analysis section of its financial statements the risks attendant to Citigroup in the liabilities of its affiliated SIVs. *Id.,* ¶ 74.

Third, according to the Geroulo Complaint, Citigroup made misrepresentations concerning the method of valuation of its securitized subprime mortgage assets. Citigroup represented that it values its securitized mortgage interests at fair value using financial models, quoted market prices or sales of similar assets. The Company represented that where quoted

market prices are not available, it estimates fair value by determining the present value of expected future cash flows using modeling techniques that incorporate management's best estimates of key assumptions, including prepayment spreads, credit losses and discount rates. *Id.*, ¶ 75. The Company further represented that fair value is based on externally substantiated comparisons to quoted market prices or third party broker quotations, or using models that were validated by qualified independent personnel based on inputs verified by comparison to third-party broker quotations or other third-party sources where available. *Id.*, ¶ 76. According to Geroulo, Citigroup's valuations were not based on independent sources or objectively verified and, therefore, the representations concerning valuation procedures were false or misleading. *Id.*, ¶ 77.

The Rose Complaint also contains a detailed description of the Defendants' conduct, including what made investment of retirement plan assets in Citigroup stock an imprudent choice.[18] *See* Rose Complaint at ¶¶ 73-115. In addition to the factual description and lengthy legal counts under ERISA, the Rose Complaint includes allegations that "Defendants knew or should have known that Citigroup stock was an imprudent investment for the Plan, yet mislead Plan participants (¶¶ 116-125); "Defendants regularly communicated with the Plans' participants regarding investments in Citigroup stock yet failed to disclose the imprudence of Plan investment in Citigroup stock (¶¶ 126-128); and "Defendants suffered from conflicts of interest." (¶¶ 129-132).

Rose and Geroulo particularly focus on the ERISA aspect of these misrepresentations. To be actionable under ERISA, misrepresentations must be made in a fiduciary capacity. Representations made in a general corporate capacity, such as SEC filings, are generally not

---

[18] For the sake of brevity, the Rose Plaintiffs do not repeat all of those allegations here, as they are set forth above and in the Rose Complaint exhaustively.

governed by ERISA. However, as both Rose and Geroulo allege, SEC filings are actionable under ERISA if they are incorporated by reference into Plan documents and, therefore, become fiduciary communications. Rose Complaint, ¶ 70; Geroulo Complaint, ¶ ¶ 44, 50.[19]

Rose and Geroulo also focus on the fact that these ERISA cases concern more than simply purchases of Citigroup common stock. Geroulo and Rose both allege that the Plans imprudently invested in the Citigroup Common Stock Fund and that the Fund imprudently invested in Citigroup common stock. Geroulo Complaint, ¶ ¶ 1,5, 24-25; Rose Complaint, ¶ 3.[20] Most 401(k) plans invest in company stock funds that contain both cash and company stock rather than directly in shares of company stock because participants typically invest a percentage of payroll or plan assets in mutual funds or other plan investment options rather than buy identifiable numbers of shares. The distinction between investing in a company stock fund rather than company stock can be important because ERISA recognizes a separate claim for imprudent investment of company stock fund assets.[21]

3.    **Counsel For the Rose Plaintiffs Have The Resources Necessary To Represent The Class**

Both SBTK and SNI are well-established, successful firms that have demonstrated on countless occasions their ability to dedicate the resources necessary to successfully litigate a case. In addition to having the financial and logistical wherewithal, both firms have substantial

---

[19] *See, e.g., In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 555-67, 657-62 (S.D. Tex. 2003); *In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745, 766 (S.D.N.Y. 2003).

[20] According to the Citigroup Plan Summary Plan Description ("SPD"), the Citigroup Common Stock Fund invests in both Citigroup common stock and cash for liquidity purposes (Attached as Exhibit G to the Izard Decl.). *See, e.g.*, Geroulo Complaint, ¶¶ 19, 24-25.

[21] *See, e.g., In re Ferro Corp. ERISA Litig.*, 422 F. Supp. 2d 850, 859 (N.D. Ohio 2006); *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1220 (D. Kan. 2004); *In re Enron Corp. Secs., Derivative & ERISA Litig.*, 284 F. Supp. 2d at 668.

expertise and a well-developed body of work-product to draw upon. These include numerous briefs on every conceivable defense litigated in analogous ERISA actions. Hence, rather than having to reinvent the proverbial wheel, SBTK and SNI can simply draw upon their vast depth of knowledge and expeditiously respond to any argument Defendants may assert.

This pool of resources will prove invaluable to the Class and the Court through the swift and efficient prosecution of the Class's claims.

### D.    Interim Liaison Counsel

DS is a boutique law firm that handles labor relations, employment law and legal issues concerning multi-employer benefit funds and ERISA. The firm has been involved in complex litigations in state and federal court concerning labor relations and employee benefit fund issues. DS attorneys are experienced in complex class action litigation. Moreover, DS is conveniently located near the federal courthouses.[22]

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs Rose and Geroulo respectfully request that the Court enter their proposed Pretrial Order No. 1, appointing Rose and Geroulo as Interim Lead Plaintiffs, appointing SBTK and SNI as Interim Co-Lead Counsel pursuant to FED. R. CIV. P. 23(g) and DS as Interim Liaison Counsel.

---

[22] *See also* DS Firm Resume, attached to the Meltzer Decl. as Exhibit I.

DATED: December 26, 2007                    Respectfully submitted,


                                            _____/s/_____
                                            **DEALY & SILBERSTEIN, LLP**
                                            Milo Silberstein (MS 4637)
                                            225 Broadway, Suite 1405
                                            New York, NY 10007
                                            Telephone: (212) 385-0066
                                            Facsimile: (212) 385-2117

                                            ***Proposed Interim Liaison Counsel***

                                            **SCHIFFRIN BARROWAY
                                            TOPAZ & KESSLER, LLP**
                                            Joseph H. Meltzer
                                            Edward W. Ciolko
                                            Katherine B. Bornstein
                                            280 King of Prussia Road
                                            Radnor, PA 19087
                                            Telephone: (610) 667-7706
                                            Facsimile: (610) 667-7056

                                            **SCHATZ NOBEL IZARD, P.C.**
                                            Robert A. Izard
                                            William Bernarduci
                                            Wayne T. Boulton
                                            20 Church Street, Suite 1700
                                            Hartford, CT 06103
                                            Telephone: (860) 493-6292
                                            Facsimile: (860) 493-6290

                                            **Proposed Interim Co-Lead Counsel**