# EXHIBIT D

Mirant Final Approval.txt

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


IN RE:  MIRANT CORP.        ) DOCKET NO. 1:03-CV-1027-RWS
ERISA, ET AL.              )
        PLAINTIFFS         ) ATLANTA, GEORGIA
                           )
        V.                 ) NOVEMBER 16, 2006
                           )
MIRANT CORPORATION, ET AL  )
        DEFENDANTS.        )
                           )
                           )
                           )
                           )


TRANSCRIPT OF FINAL APPROVAL HEARING
BEFORE THE HONORABLE RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:              GERALD WELLS, ESQ.
                                 DEREK W. LOESER, ESQ.
                                 GARY GOTTO, ESQ.
                                 JOSEPH H. MELTZER, ESQ.
                                 JOSHUA A. MILLICAN, ESQ.


FOR THE DEFENDANTS:              HOWARD DOUGLAS HINSON, ESQ.
                                 MICHAEL G. MONNOLLY, ESQ.


COURT REPORTER:                  SHARON D. UPCHURCH
                                 2114 U. S. COURTHOUSE
                                 ATLANTA, GEORGIA 30303-3361
                                 (404) 215-1354


PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
PRODUCED BY COMPUTER.


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

Mirant Final Approval.txt

2

```
 1                    P R O C E E D I N G S
 2              (NOVEMBER 16, 2006; IN OPEN COURT)
 3         THE COURT:  GOOD MORNING.  WE ARE HERE FOR PURPOSES
 4    OF A FINAL HEARING ON THE SETTLEMENT IN THIS MATTER.  AND I
 5    HAVE, OF COURSE, RECEIVED A MOTION AND OTHER DOCUMENTATION
 6    SUBMITTED BY COUNSEL; BUT I WILL HEAR FROM PLAINTIFF AT THIS
 7    TIME.  MR. WELLS, IF YOU WANT TO PROCEED ON BEHALF OF THE
 8    PLAINTIFF.
 9              MR. WELLS:  GOOD MORNING, YOUR HONOR.  WE ARE VERY
10    PLEASED TO BE HERE.  WE ARE HAPPY TO PRESENT TO THE COURT FOR
11    FINAL APPROVAL THIS SETTLEMENT WHICH RESOLVES ALL CLAIMS IN THE
12    MIRANT ERISA LITIGATION.  THE SETTLEMENT IS A PRODUCT OF
13    INTENSE NEGOTIATIONS BETWEEN THE PARTIES THAT INVOLVED AN
14    EXPERIENCED NEGOTIATOR AND WAS DONE OVER THE COURSE OF SEVERAL
15    MEDIATION SESSIONS AS WELL AS SUBSEQUENT TELEPHONE
16    CONVERSATIONS AND THE LIKE.
17              PLAINTIFFS BELIEVE THAT THIS SETTLEMENT IS EXCELLENT
18    BECAUSE IT RECOVERS A SUBSTANTIAL AMOUNT OF DAMAGES AND
19    PROVIDES A CASH SETTLEMENT IN THE AMOUNT OF $9.7 MILLION THAT
20    WILL BE DISTRIBUTED ON A PRO RATA SHARE TO THE PLAN
21    PARTICIPANTS; THAT IS, EACH PARTICIPANT WILL RECEIVE A PORTION
22    OF THE SETTLEMENT IN PROPORTION TO THE TOTAL LOSSES THAT THEY
23    SUSTAINED DUE TO THEIR HOLDINGS IN MIRANT STOCK AND THE MIRANT
24    401K PLANS.  THE SETTLEMENT ITSELF WAS REVIEWED EXTENSIVELY BY
25    AN INDEPENDENT FIDUCIARY, FIDUCIARY COUNSELORS, INC.  THAT
```

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

3

Mirant Final Approval.txt

1   REPORT WAS FINALIZED, AND WE SENT THAT TO YOUR HONOR FOR REVIEW

2   YESTERDAY.

3          BEFORE THE COURT IS APPROVAL OF THE SETTLEMENT ITSELF

4   AS WELL AS APPROVAL OF ATTORNEY'S FEES AND REIMBURSEMENT OF

5   EXPENSES AS WELL AS CASE CONTRIBUTION AWARDS TO THE NAMED

6   PLAINTIFFS.  IF I MAY PROCEED, YOUR HONOR, WE WOULD LIKE TO GO

7   DIRECTLY TO THE FAIRNESS OF THE SETTLEMENT.

8          THE COURT:  YES, SIR.

9          MR. WELLS:  THANK YOU.  WOULD YOUR HONOR LIKE A BRIEF

10  HISTORY OF THE LITIGATION ITSELF OR SHALL WE PROCEED?

11         THE COURT:  YOU MAY PROCEED TO THE FAIRNESS.

12         MR. WELLS:  UNDERSTOOD, YOUR HONOR.

13         THE SETTLEMENT FACTORS THAT ARE CONSIDERED, YOUR

14  HONOR, ARE THE BENNETT FACTORS THAT WERE ENUMERATED BY THE

15  ELEVENTH CIRCUIT.  AND THOSE SIX FACTORS IN ORDER ARE AN

16  ASSESSMENT OF THE LIKELIHOOD THAT PLAINTIFFS WOULD PREVAIL AT

17  TRIAL.  I SUBMITTED IN OUR PAPERS, YOUR HONOR, ALTHOUGH

18  PLAINTIFFS BELIEVE VERY STRONGLY IN THIS CASE AND IN THE MERITS

19  OF THIS CASE, PLAINTIFFS UNDERSTAND THAT NO PLAINTIFF HAS

20  RECOVERED WHEN A CASE HAS BEEN TAKEN THROUGH TRIAL.  THAT BEING

21  SAID, PLAINTIFFS DO BELIEVE STRONGLY IN THEIR CLAIMS AND THAT

22  THEY WOULD, IN FACT, BE ABLE TO PREVAIL.  HOWEVER, GIVEN THE

23  CASE LAW OUT THERE AS WELL AS THE SETTLEMENT AMOUNT ITSELF, WE

24  BELIEVE THAT THIS FACTOR MILITATES IN APPROVING THE SETTLEMENT.

25         THE SECOND FACTOR IS THE RANGE OF POSSIBLE RECOVERY.


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

4

1   HERE, YOUR HONOR, I SUBMITTED IN OUR PAPERS DAMAGES RANGE FROM

2   THE MAXIMUM POSSIBLE RECOVERY OF APPROXIMATELY $30 MILLION

Page 3

Mirant Final Approval.txt

3   TO -- AND THAT IS A BREACH DATE AT THE INCEPTION OF THE CLASS

4   PERIOD -- TO A DAMAGE PERIOD OF ABOUT $11 MILLION IF YOUR HONOR

5   WOULD FIND THAT THE BREACH DATE, THAT IS, WHEN MIRANT STOCK WAS

6   IMPRUDENT, WAS NOT UNTIL SEPTEMBER OF 2002; AND DAMAGES THEN

7   RANGE IN THE NEIGHBORHOOD OF $11 MILLION.  HOWEVER, IF THE

8   BREACH DATE WAS TAKEN EVEN FURTHER OUT, FOR INSTANCE, INTO MAY

9   OF '03 WHEN THE GOING CONCERN ISSUE REGARDING MIRANT WAS

10  ISSUED, DAMAGES WOULD BE SUBSTANTIALLY LOWER.

11          THAT BEING SAID, YOUR HONOR, PLAINTIFFS HAVE

12  RECOVERED ANYWHERE FROM THE MAXIMUM OF 30 PERCENT OF THE

13  RECOVERY TO UPWARDS OF 88 PERCENT OF THE RECOVERY.  THAT IN

14  ITSELF, WE THINK, SPEAKS HIGHLY OF THE SETTLEMENT AND, AGAIN,

15  FACTORS STRONGLY IN APPROVING THE SETTLEMENT.

16          THE THIRD FACTOR, YOUR HONOR, IS CONSIDERATION

17  PROVIDED TO CLASS MEMBERS PURSUANT TO THE SETTLEMENT AS

18  COMPARED TO THE RANGE OF POSSIBLE RECOVERY.  AGAIN, YOUR HONOR,

19  THE CONSIDERATION HERE IS BETWEEN 30 PERCENT AND 88 PERCENT OF

20  THE TOTAL DAMAGES.  WE, AGAIN, BELIEVE THAT THIS FACTORS

21  STRONGLY IN APPROVING THE SETTLEMENT.

22          THE FOURTH IS THE COMPLEXITY, EXPENSE AND POSSIBLE

23  DURATION OF THE LITIGATION HAD IT PROCEEDED.  AS YOUR HONOR IS

24  WELL AWARE, THE CASE WAS ADMINISTRATIVELY CLOSED AFTER BRIEFING

25  ON DEFENDANT'S MOTIONS TO DISMISS AS WELL AS MOTION ON JUDGMENT


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

5

1   OF THE PLEADINGS WAS COMPLETED.  THAT BEING SAID, IF THIS

2   LITIGATION WERE TO CONTINUE, THOSE MOTIONS WOULD HAVE TO BE

3   DECIDED; DISCOVERY, WHICH WOULD BE INTENSE BECAUSE THE

Mirant Final Approval.txt

4   DISCOVERY WOULD FACTOR IN TWO SUCH THINGS AS WHETHER OR NOT

5   MIRANT WAS A PRUDENT INVESTMENT FOR PLANS FROM THE INCEPTION,

6   WHETHER OR NOT THE DEFENDANTS THAT WE ALLEGED IN OUR COMPLAINT

7   WERE, IN FACT, FIDUCIARIES OF THE PLAN AND EXERCISED CONTROL

8   AND WERE ABLE TO, IN FACT, DIVEST THE PLANS OF MIRANT STOCK;

9   THROUGH SUMMARY JUDGMENT WHICH, AGAIN, WOULD BE VERY FACT

10  INTENSIVE, AND AS WE HAVE NOTED, THERE ARE A NUMBER OF

11  DECISIONS THAT GO BOTH IN FAVOR OF PLAINTIFFS AS WELL AS

12  AGAINST PLAINTIFFS IN THIS CASE; AND THROUGH TRIAL.

13          CONSERVATIVELY, YOUR HONOR, WE WOULD ESTIMATE THAT

14  TRIAL THROUGH LITIGATION WOULD ESTIMATE BETWEEN THREE OR FOUR

15  YEARS.  AGAIN, THIS EARLY SETTLEMENT IN THIS STAGE OF

16  LITIGATION FACTORS IN FAVOR OF APPROVING THE SETTLEMENT.

17          THEN THE FIFTH FACTOR, YOUR HONOR, IS THE NATURE AND

18  EXTENT OF ANY OBJECTIONS TO THE SETTLEMENT.  AS WE SUBMITTED,

19  THERE IS ONLY ONE OBJECTION SUBMITTED BY ARTHUR LANKFORD TO THE

20  SETTLEMENT ITSELF.  NOTABLY, YOUR HONOR, THE CLASS MEMBER DOES

21  NOT OPPOSE APPROVAL OF THE ATTORNEY'S FEES WHICH THE ORIGINAL

22  REQUESTED WERE 30 PERCENT, NOR DOES HE OPPOSE REIMBURSEMENT OF

23  EXPENSES OR THE CASE CONTRIBUTION AWARDS TO NAMED PLAINTIFFS.

24  RATHER, IN HIS LETTER HE SAID THAT THE SETTLEMENT SHOULD BE

25  HIGHER BECAUSE CERTAIN DEFENDANTS RECEIVED GOLDEN PARACHUTES.


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


6


1           RESPECTFULLY, YOUR HONOR, ALL PLAINTIFFS' COUNSEL

2   AGREE THAT THE SETTLEMENT SHOULD BE HIGHER.  HOWEVER, GIVEN THE

3   OTHER FACTORS HERE AS WELL AS THE CASE LAW AS IT CURRENTLY

4   STANDS, THIS IS A SETTLEMENT THAT WE SIMPLY COULD NOT TURN OUR

5   BACK ON.  MOREOVER, OVER 3500 NOTICES WERE SENT OUT TO CLASS

Mirant Final Approval.txt

6   MEMBERS, AND ONLY ONE PERSON FOUND OBJECTION.  WE THINK THIS

7   COUNSELS IN FAVOR OF APPROVING THE SETTLEMENT.

8           FINALLY, YOUR HONOR, THE STATE OF PROCEEDINGS IN

9   WHICH THE SETTLEMENT WAS REACHED.  AS I STATED EARLIER,

10  BRIEFING ON THE MOTION TO DISMISS WAS COMPLETED.  HOWEVER, THIS

11  WOULD STILL BE A VERY LONG ROW TO HOE, AS WELL AS THE FACT THAT

12  WE CLEARLY UNDERSTOOD THE POSITIONS OF THE RESPECTIVE PARTIES

13  THROUGH THE MEDIATION EFFORTS.  MEDIATION SUBMISSIONS WERE

14  SUBMITTED TO THE MEDIATOR, AND MEDIATION SESSIONS TOOK OVER

15  THREE DAYS IN TWO SEPARATE SESSIONS.

16          COMBINED, YOUR HONOR, WE THINK EACH OF THE SIX

17  FACTORS ENUMERATED IN BENNETT SEPARATELY, AS WELL AS COMBINED,

18  FACTOR IN APPROVING THIS SETTLEMENT; AND WE SUBMIT THIS

19  SETTLEMENT FOR APPROVAL.

20          THE COURT:  I WILL HEAR FROM YOU, AS WELL, ON THE

21  REQUEST FOR ATTORNEY'S FEES AND EXPENSES.

22          MR. WELLS:  BEFORE WE TURN TO THAT, YOUR HONOR, THERE

23  IS THE ISSUE OF CERTIFICATION OF CLASS; AND WE WOULD SUBMIT TO

24  THE COURT AS WE SUBMITTED IN THE PAPERS THAT SETTLEMENT HERE IN

25  CERTIFICATION OF A (B)(1) CLASS IS APPROPRIATE GIVEN THE NATURE


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER



7


1   OF THE PLAN-WIDE BREACH AND THE HARM SUBMITTED.

2           WITH RESPECT TO THE REQUEST FOR ATTORNEY'S FEES, WE

3   WOULD PUT FORTH THAT EACH OF THE 12 FACTORS, JOHNSON FACTORS,

4   FAVOR IN APPROVING THIS SETTLEMENT.  THE FIRST FACTOR IS THE

5   TIME AND LABOR REQUIRED.  AS PUT FORTH IN OUR PAPERS, OVER 2700

6   HOURS OF BOTH ATTORNEY AND PROFESSIONAL TIME WAS COMMITTED TO

Mirant Final Approval.txt

7    THIS CASE.  THOSE ARE SUBSTANTIAL RESOURCES WITH A LODESTAR

8    THAT AT THIS POINT IS JUST OVER 1.17 MILLION.

9         THE SECOND FACTOR, YOUR HONOR, IS THE NOVELTY AND

10   DIFFICULTY OF THE QUESTIONS PRESENTED.  AS STATED BY MANY

11   COURTS, ERISA CASES IN PARTICULAR AND CLASS ACTIONS IN GENERAL

12   ARE COMPLEX CASES THAT REQUIRE SPECIALIZED EXPERTISE AS WELL AS

13   A GREAT DEAL OF, FOR LACK OF A BETTER TERM, HEAVY LIFTING ON

14   BEHALF OF PLAINTIFF'S COUNSEL.  WE SUBMIT THAT WE'VE DONE THAT

15   HERE AND THAT THE SETTLEMENT EXEMPLIFIES THAT.

16        THIRD IS THE SKILL REQUISITE TO PERFORM THE LEGAL

17   SERVICES.  HERE, YOUR HONOR, CLASS COUNSEL, AS STATED BY

18   INDEPENDENT FIDUCIARY, ARE SOME OF THE -- ARE TWO OF THE FIRMS

19   THAT ARE AT THE FOREFRONT OF THIS TYPE OF LITIGATION AND HAVE

20   PUT FORTH TREMENDOUS EFFORT; AND IT IS THROUGH OUR EFFORT THAT

21   THE SETTLEMENT WAS ABLE TO BE ACHIEVED.

22        FOURTH, YOUR HONOR, IS THE PRECLUSION OF OTHER

23   EMPLOYMENT.  RESPECTFULLY, OVER 2700 HOURS WERE EXPENDED SOLELY

24   ON THIS CASE.  THOSE 2700 HOURS COULD HAVE BEEN PUT FORTH ON

25   OTHER MATTERS THAT HAD A GREATER LIKELIHOOD OF RECOVERY.


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


8


1         WHAT IS UNIQUE TO THIS CASE IS, UNLIKE ANY OTHER, TO

2    MY KNOWLEDGE, FIDUCIARY BREACH CASE OUT THERE, WE HAVE ASSERTED

3    THAT THE COMPANY STOCK WAS IMPRUDENT FROM THE INCEPTION.  THAT

4    IS A UNIQUE FACTOR TO THIS CASE THAT WE THINK, WHILE WE COULD

5    HAVE PROVED AT TRIAL, WOULD RAISE OTHER SUBSTANTIAL HURDLES

6    UNLIKE ANY OTHER CASE AND BECAUSE OF THESE UNIQUE FACTORS,

7    AGAIN, COUNSELS IN FAVOR OF APPROVING THE SETTLEMENT.

8         THE FIFTH FACTOR, YOUR HONOR, IS THE CUSTOMARY FEE.

Page 7

Mirant Final Approval.txt

9   AS THE ELEVENTH CIRCUIT PUT FORTH IN CAMDEN I, THE CUSTOMARY

10   FEE IN COMMON FUND CASES IS BETWEEN 20 AND 30 PERCENT OF THE

11   TOTAL SETTLEMENT RECOVERED.  HERE PLAINTIFFS ARE REQUESTING

12   27-AND-A-HALF PERCENT OF THE COMMON FUND.

13       THE SIXTH FACTOR IS WHETHER THE FEE IS FIXED OR

14   CONTINGENT.  PLAINTIFF'S COUNSEL TOOK THIS FEE -- TOOK THIS

15   CASE, RATHER, COMPLETELY ON A CONTINGENT-FEE BASIS; THAT IS,

16   HAD THERE BEEN NO RECOVERY OBTAINED, WE WOULD HAVE BEEN WITHOUT

17   RECOURSE.  WE HAVE FURTHER PUT FORTH OVER $52,000 WORTH OF

18   EXPENSES WITH NO GUARANTEE THAT THOSE EXPENSES WOULD BE

19   REIMBURSED.  AGAIN, OVER 2700 HOURS WITH A LOADSTAR OF 1.17

20   MILLION AS WELL AS OUT-OF-POCKET EXPENSES THAT COULD HAVE BEEN

21   PUT FORTH TO CASES WITH A SUBSTANTIALLY HIGHER LIKELIHOOD OF

22   RECOVERY COUNSELS IN FAVOR OF APPROVING THIS SETTLEMENT.

23       THE SEVENTH FACTOR, YOUR HONOR, IS THE TIME

24   LIMITATIONS IMPOSED BY THE CLIENT UNDER THE CIRCUMSTANCES.

25   RESPECTFULLY, YOUR HONOR, CLASS COUNSEL READILY ADMITS THAT


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


9

1   THIS IS A CLASS CASE; AND, THEREFORE, THE CLIENT EXPECTATIONS

2   WERE THAT THEY WOULD LIKELY RECOVER, AND THERE WAS NO FIX DATE.

3       MOVING ON, YOUR HONOR, TO THE EIGHTH FACTOR, THE

4   AMOUNT INVOLVED AND THE RESULTS OBTAINED.  AS I STATED EARLIER,

5   THE TOTAL OUTWARD RECOVERY IS BETWEEN A MAXIMUM OF 30 MILLION

6   TO A MORE REALISTIC NUMBER OF 11 MILLION.  HERE THE $9.7

7   MILLION RESULTS IN A SUBSTANTIAL AMOUNT OF THE RECOVERY.

8       THE NINTH FACTOR, YOUR HONOR, IS THE EXPERIENCE,

9   REPUTATION AND THE ABILITY OF THE ATTORNEYS.  AS PUT FORTH AND

Mirant Final Approval.txt

10    SEEN IN OUR PAPERS, AS WELL AS THE COMMENTS MADE BY THE

11    INDEPENDENT FIDUCIARY, THESE FIRMS HERE BEFORE YOUR HONOR ARE

12    AT THE FOREFRONT OF THIS TYPE OF PRACTICE AND HAVE USED THEIR

13    KNOWLEDGE HERE TO PUT FORTH AND GO AGAINST SOME OF THE MOST

14    EMINENT DEFENSE ATTORNEYS WITH RESPECT TO THIS FIELD AND WERE

15    ABLE TO PUSH FOR AND ACHIEVE THIS MAGNIFICENT SETTLEMENT.

16          THE TENTH FACTOR, YOUR HONOR, IS THE UNDESIRABILITY

17    OF THIS CASE.  YOUR HONOR, HERE CLEARLY THIS WAS A BANKRUPTCY

18    CASE; SO YOU HAD THE ISSUES INHERENT IN BANKRUPTCY WHICH

19    PLAINTIFF'S COUNSEL WENT THROUGH AND SPENT SUBSTANTIAL TIME IN

20    DEALINGS IN THE BANKRUPTCY COURT ENSURING THAT THE SETTLEMENT

21    HERE WAS PRESERVED AND THESE CLAIMS WERE PRESERVED.

22          FURTHER, YOUR HONOR, BECAUSE OF THE NATURE OF THE

23    CASE, ASSERTING THAT IMPRUDENCE WAS FROM THE INCEPTION, THIS,

24    TOO, COUNSELS IN FAVOR THAT THIS CASE WAS, IN FACT, UNDESIRABLE

25    IN THAT IT WAS NOT THE EASIEST CASE, IT WAS NOT THE EASIEST


                    SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

□

                                                          10


1    ERISA CASE, AND IT HAD UNIQUE FACTORS.

2          THE ELEVENTH FACTOR, YOUR HONOR, IS THE NATURE AND

3    LENGTH OF THE PROFESSIONAL RELATIONSHIP WITH THE CLIENT.

4    AGAIN, RESPECTFULLY, YOUR HONOR, THIS IS A CLASS CASE; AND WE

5    SUBMIT THAT WHILE OUR CLIENTS HAVE BEEN FULLY INFORMED AND

6    ADVISED OF THE CASE THROUGHOUT THE COURSE OF THE LITIGATION,

7    THIS IS NOT AN ONGOING RELATIONSHIP.

8          MOVING, YOUR HONOR, TO THE FINAL AND TWELFTH FACTOR,

9    THE AWARDS IN SIMILAR CASES.  AS PUT FORTH IN OUR PAPERS, THERE

10    ARE NUMEROUS CASES OUT THERE IN WHICH SIGNIFICANTLY HIGHER

11    PERCENTAGES WERE OBTAINED AND ACHIEVED IN SIMILAR ERISA CASES;

                              Page 9

Mirant Final Approval.txt

12    NOTABLY, ADC AND WESTSTAR IN WHICH 30 PERCENT RECOVERY WAS

13    APPROVED.  HOWEVER, YOUR HONOR, AGAIN, AS NOTED BEFORE, THE

14    ELEVENTH CIRCUIT HAS SAID BETWEEN 20 AND 30 PERCENT IS

15    APPROPRIATE.  HERE WE SUBMIT THAT OUR REQUEST FOR 27-AND-A-HALF

16    PERCENT, IT FALLS WITHIN THAT NORM; AND AS DEMONSTRATED BY THE

17    AMOUNT OF WORK PUT INTO THE CASE AND THE END RESULT ACHIEVED,

18    THAT THIS FACTORS IN FAVOR OF APPROVING THE SETTLEMENT.

19          YOUR HONOR, THE ELEVENTH CIRCUIT HAS NOTED IN CAMDEN

20    THAT THERE ARE SEVERAL OTHER FACTORS THAT MAY BE UTILIZED IN

21    DETERMINING WHETHER OR NOT A SETTLEMENT IS APPROPRIATE; AND IF

22    YOUR HONOR WOULD LIKE, I CAN GO THROUGH THOSE FIVE ADDITIONAL

23    FACTORS.

24          YOUR HONOR, THE FIRST ONE IS THE TIME REQUIRED TO

25    REACH SETTLEMENT.  AS I STATED EARLIER, THIS INVOLVED TWO


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


11

1    FORMAL MEDIATION SESSIONS, THE FIRST MEDIATION SESSION

2    OCCURRING IN APRIL OF '05.  THAT WAS A TWO-DAY ALL-DAY

3    MEDIATION SESSION.  PRIOR TO THAT SESSION, THERE WERE NUMEROUS

4    PHONE CALLS AND TELEPHONIC CONFERENCES WITH BOTH THE MEDIATOR

5    AS WELL AS DEFENSE COUNSEL TRYING TO SEE IF SETTLEMENT MAY BE

6    AN APPROPRIATE AVENUE.  SUBSEQUENT TO THE APRIL MEDIATION,

7    THERE WAS ANOTHER ALL-DAY MEDIATION IN NOVEMBER OF 2005; AND

8    THAT WAS ABLE TO PUSH THE CASE FURTHER ALONG.  HOWEVER,

9    SETTLEMENT WAS NOT OBTAINED UNTIL EARLY OF 2006.  THAT

10    DEMONSTRATES THAT THERE WAS SUBSTANTIAL TIME PUT FORTH IN

11    OBTAINING THE SETTLEMENT.

12          THE SECOND ONE IS WHETHER OR NOT THERE ARE ANY

Page 10

Mirant Final Approval.txt
13  SUBSTANTIAL OBJECTORS BY THE CLASS.  AGAIN, THERE'S ONLY ONE

14  OBJECTOR FROM THE CLASS OF OVER 3500.

15         THE THIRD IS WHETHER OR NOT THERE'S ANY NONMONETARY

16  BENEFITS CONFERRED UPON THE SETTLEMENT CLASS.  HERE, YOUR

17  HONOR, AS PUT FORTH IN THE STIPULATION OF SETTLEMENT, THERE IS

18  A SPECIFIC CARVE-OUT SAYING THAT THE RECOVERY HERE WILL IN NO

19  WAY AFFECT THE SECURITIES-RELATED -- SECURITIES LITIGATION, NOR

20  WILL IT ADVERSELY AFFECT THE RELATED SOUTHERN ERISA LITIGATION.

21         THE FOURTH FACTOR, YOUR HONOR, IS THE ECONOMICS

22  INVOLVED IN PROSECUTING THIS CASE.  SIMPLY PUT, YOUR HONOR,

23  CLASS CASES SUCH AS THIS WILL REQUIRE THE EXPENDITURE OF TENS

24  OF THOUSANDS, IF NOT HUNDREDS OF THOUSANDS OF DOLLARS.  BECAUSE

25  WE WERE ABLE TO ACHIEVE THE SETTLEMENT RELATIVELY EARLY IN THAT


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

0

12

1  PROCESS, WE WERE ABLE TO KEEP EXPENSES TO A MINIMUM; BUT WE DID

2  PUT FORTH EXTREME AMOUNTS OF MONEY.

3         THE FIFTH IS ARE THERE ANY OTHER FACTORS UNIQUE TO

4  THIS CASE.  AS I SAID EARLIER, THIS INVOLVES A BANKRUPTCY CASE

5  AS WELL AS IMPRUDENCE FROM THE INCEPTION.  BOTH OF THOSE

6  FACTORS ARE UNIQUE TO THIS ERISA CASE AND STRONGLY SUPPORT THIS

7  SETTLEMENT.

8         THE COURT:  THANK YOU.

9         MR. WELLS:  YOUR HONOR, IN ADDITION, THERE IS ALSO

10  THE MATTER OF THE REIMBURSEMENT OF EXPENSES, IF YOU'D LIKE ME

11  TO ADDRESS THAT.

12         AS PUT FORTH IN OUR PAPERS, WE HAVE EXPENDED OVER

13  $52,000 WORTH OF EXPENSES THAT INCLUDE THE LIKES OF TRAVEL,

14  LODGING, FILINGS AND THE LIKE.  WE THINK THEY ARE REASONABLE
                              Page 11

Mirant Final Approval.txt

15  AND APPROPRIATE, AND WE NOTE FOR YOUR HONOR THAT THERE'S BEEN

16  NO OBJECTION TO THE REIMBURSEMENT OF EXPENSES.

17          THE OTHER MATTER BEFORE YOUR HONOR IS THE ISSUE OF

18  THE CASE CONTRIBUTION AWARD.  AS PUT FORTH IN OUR PAPERS, CASE

19  CONTRIBUTION AWARDS IN THIS CASE, ON THESE TYPE OF CASES, ARE

20  EMINENTLY REASONABLE BECAUSE THESE PLAINTIFFS -- BUT FOR THESE

21  PLAINTIFFS, THIS CASE WOULD NOT BE BROUGHT.  THESE PLAINTIFFS

22  WERE ABLE TO STEP FORWARD, PROVIDE PLAN DOCUMENTS TO CLASS

23  COUNSEL, PROVIDE INFORMATION TO CLASS COUNSEL AS TO THE INNER

24  WORKINGS OF BOTH THE COMPANY IN GENERAL AS WELL AS THE PLANS IN

25  PARTICULAR.


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


13


1           AND WITH THESE CASES, THEY HAVE HELPED FOSTER AND

2   ACHIEVE A $9.7 MILLION SETTLEMENT THAT WOULD BENEFIT OVER 3500

3   CLASS MEMBERS; AND WE THINK THEIR EFFORTS SHOULD BE RECOGNIZED

4   AND AWARDED BY THIS COURT.  RESPECTFULLY, YOUR HONOR, WE ASK

5   THAT A CASE CONTRIBUTION AWARD OF $2,000 FOR EACH OF THE TWO

6   NAMED PLAINTIFFS BE APPROVED.

7           AND WITH THAT, YOUR HONOR, IF THE COURT HAS ANY

8   QUESTIONS, I WOULD BE HAPPY TO ADDRESS THOSE.

9           THE COURT:  I DO NOT.  THANK YOU.

10          MR. HINSON, ANYTHING FROM THE DEFENDANT?

11          MR. HINSON:  YOUR HONOR, AS WE SAID IN OUR WRITTEN

12  SUBMISSION, WE ONLY WOULD ADD THAT WE BELIEVE WE WOULD PREVAIL

13  HAD THE LITIGATION MOVED FORWARD; AND WE BELIEVE THAT IN THAT

14  LIGHT, THIS DEFENSE -- I MEAN THIS SETTLEMENT IS, IN FACT, A

15  FAIR AND REASONABLE SETTLEMENT.  WE TAKE NO POSITION ON THE

Page 12

Mirant Final Approval.txt

```
16    ATTORNEY'S FEES ISSUES.  AND, THEREFORE, WE HAVE VERY LITTLE TO
17    ADD.
18             THE COURT:  THANK YOU.  I WOULD NOTE FOR THE RECORD
19    AND AS HAS BEEN ALLUDED TO BY MR. WELLS, THERE WAS ONE
20    OBJECTION FILED TO THE SETTLEMENT BY MR. LANKFORD.  AND THE
21    COURT HAS REVIEWED THAT OBJECTION; AND LIKE MR. WELLS, I
22    UNDERSTAND MR. LANKFORD'S DISSATISFACTION WITH THE TOTAL AMOUNT
23    THAT WILL BE COMING TO HIM AS A MEMBER OF THIS CLASS.  I CAN
24    UNDERSTAND AND APPRECIATE HIS CONCERN, HAVING LOST A
25    SUBSTANTIAL AMOUNT OF HIS LIFE SAVINGS.  HOWEVER, WHILE I
```

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

14

```
 1    APPRECIATE HIS POSITION, I DO NOT THINK IT JUSTIFIES REJECTION
 2    OF THE SETTLEMENT.
 3             FOR THE REASONS THAT HAVE BEEN STATED, I DO FIND THAT
 4    THE SETTLEMENT IS FAIR AND IS A GOOD SETTLEMENT FOR THE MEMBERS
 5    OF THE CLASS.  CERTAINLY THE QUESTION OF LIABILITY, THE RANGE
 6    OF POTENTIAL RECOVERIES, PARTICULARLY THE DETERMINATION OF WHEN
 7    WE WOULD FIND THEY HAD BREACHED THEIR DUTIES REALLY COULD HAVE
 8    HAD A SUBSTANTIAL EFFECT.  AND I KNOW PROBABLY FROM THE
 9    PERSPECTIVE OF NEGOTIATION, THAT HAD TO BE A DIFFICULT MATTER
10    TO GRAPPLE WITH, AS WELL.  BUT IT CERTAINLY MILITATES IN FAVOR
11    OF THE SETTLEMENT THAT HAS BEEN REACHED.
12             I WILL APPROVE THE SETTLEMENT.  I WILL CERTIFY THE
13    CLASS AS A (B)(1) CLASS.  I FIND THAT THE ATTORNEY'S FEES ARE
14    ALSO REASONABLE.  COUNSEL, CLASS COUNSEL, ARE OBVIOUSLY
15    EMINENTLY QUALIFIED TO BRING AND PURSUE THIS LITIGATION.  I
16    THINK THAT WHEN ONE VIEWS THE LODESTAR INVOLVED IN THE CASE AS
17    COMPARED TO THE AMOUNT OF RECOVERY, THIS IS A FAIR
```
                              Page 13

Mirant Final Approval.txt

18   COMPENSATION, PARTICULARLY WHEN ONE CONSIDERS, AS WE DISCUSSED
19   EARLIER, THE LIKELIHOOD OF SUCCESS, THE RISK THAT WAS ACCEPTED
20   BY COUNSEL IN TAKING ON THIS LITIGATION AND TAKING IT ON
21   TOTALLY ON A CONTINGENT-FEE BASIS; SO THEY BORE THE ENTIRE
22   RISK.  AND I THINK THERE IS A PUBLIC POLICY ISSUE AT STAKE HERE
23   IN THAT COUNSEL NEED TO BE ENCOURAGED TO TAKE THESE CASES WHEN
24   THEY'RE MERITORIOUS; AND IF THERE'S NOT FULL, COMPLETE AND
25   APPROPRIATE COMPENSATION, THERE WILL NOT BE THAT INCENTIVE TO


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


15

 1   TAKE THESE CASES.

 2          I DO APPRECIATE THE FACT THAT COUNSEL HAS ADJUSTED
 3   ITS REQUEST TO 27.5 PERCENT OF THE COMMON FUND, AND I WILL
 4   AWARD FEES OF 27.5 PERCENT OF THE COMMON FUND.  I WILL ALSO
 5   AWARD TO COUNSEL THE FULL AMOUNT OF EXPENSES AS REQUESTED IN
 6   THE PAPERS FILED WITH THE COURT AND WILL ALSO MAKE THE CASE
 7   CONTRIBUTION AWARDS TO THE NAMED PLAINTIFFS OF $2,000 EACH AS
 8   REQUESTED.  I THINK THAT'S EMINENTLY FAIR FOR THE PEOPLE WHO
 9   CHOOSE TO ALLOW THEMSELVES TO BE PUT OUT THERE AS
10   REPRESENTATIVES OF THE CLASS.  AND WHILE I REALIZE IN A CASE OF
11   THIS TYPE, THEY ARE NOT INTIMATELY INVOLVED IN THE PROCEEDINGS,
12   THEY ARE THERE TO REPRESENT THEIR COLLEAGUES AND TO BE IN TOUCH
13   WITH COUNSEL AND DO HAVE SOME RESPONSIBILITIES AND ROLES IN
14   THAT REGARD.  SO I THINK THAT'S A VERY FAIR AMOUNT TO PROVIDE
15   TO THOSE TWO.

16          YOU HAD SUBMITTED PROPOSED ORDERS ON THESE MATTERS,
17   AND I FIND THEM TO BE APPROPRIATE AND AM INCLINED TO EXECUTE
18   THOSE AS SUBMITTED.  THE QUESTION I WOULD HAVE IS THERE ARE

Mirant Final Approval.txt

19  BLANKS TO BE FILLED IN.  I DID NOT KNOW IF YOU HAVE COMPLETED

20  ONE THAT FILLS IN THE BLANKS OR IF YOU WANTED TO GET IT TO US

21  BY E-MAIL AND WE WOULD DO IT.

22          MR. WELLS:  YOUR HONOR, NOT TO BE PRESUMPTUOUS, BUT

23  WE DID HAVE ONE THAT HAS THE BLANKS FILLED IN.  I WOULD BE

24  HAPPY TO SUBMIT IT TO YOUR HONOR.

25          THE COURT:  I AM NOT OFFENDED BY YOUR PRESUMPTION AT


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


16


1   ALL.  I APPRECIATE IT, AS DOES MY STAFF.

2           MR. WELLS:  THANK YOU, YOUR HONOR.

3           (PAUSE IN THE PROCEEDINGS.)

4           THE COURT:  I HAVE SIGNED THE ORDER OF FINAL

5   JUDGMENT, AND THIS WILL BE -- I'LL LET COUNSEL FILE IT WITH THE

6   CLERK SINCE MY CLERK IS NOT HERE TODAY.  HE'S OUT SICK.  I'LL

7   LET YOU FILE IT WITH THE CLERK.

8           LET ME, HOWEVER, CONCLUDE BY EXPRESSING TO COUNSEL

9   FOR BOTH THE PLAINTIFFS AND THE DEFENDANT MY SINCERE

10  APPRECIATION FOR YOUR LABORS IN THIS CASE.  YOU POINTED OUT,

11  MR. WELLS, THE LAYERS OF THIS LITIGATION AND THE FACT THAT YOU

12  HAD THE BANKRUPTCY ASPECT OF THIS TO DEAL WITH AS WELL AS THE

13  OTHER ISSUES THAT ARE INVOLVED IN THIS CASE.  THIS WAS NOT A

14  SIMPLE CASE.  IT HAD THE EXTRA LAYERS THAT MADE IT MORE

15  DIFFICULT.

16          BUT IT'S VERY CLEAR TO ME THAT ALL OF YOU WORKED VERY

17  HARD AT THIS.  NUMBER ONE, YOU HAD WORKED VERY HARD BEFORE I

18  STAYED THE CASE IN THE MOTION PRACTICE THAT HAD ALREADY BEGUN.

19  I AM CONFIDENT THAT YOU WOULD HAVE WORKED EQUALLY AS HARD HAD

20  THE CASE BEEN REOPENED AND WE HAD GONE THROUGH THE DECIDING OF

Page 15

Mirant Final Approval.txt

21    THOSE MOTIONS AND IF THE CASE SURVIVED, THE ENTIRE ROUTE THAT

22    YOU'VE DESCRIBED, MR. WELLS, THROUGH SUMMARY JUDGMENT, TRIAL,

23    ET CETERA.  AND FROM A JUDGE'S PERSPECTIVE, IT'S JUST REALLY

24    NICE TO HAVE LAWYERS WHO ARE CAPABLE, WHO ARE PROFESSIONAL, WHO

25    WORK TOGETHER, WHO SEEK TO FIND A GOOD RESOLUTION TO A


                SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


                                                        17


1     DIFFICULT CONFLICT; AND I FEEL THAT YOU HAVE IN THIS CASE.

2              I FEEL VERY GOOD ABOUT THIS SETTLEMENT IN EVERY

3     RESPECT.  I THINK THE AMOUNT OF MONEY THAT'S GOING INTO THE

4     POCKETS OF THE MEMBERS OF THE CLASS, WHILE, AGAIN, I WOULD LOVE

5     TO SEE, AS I KNOW YOU WOULD, MORE MONEY GOING INTO THEIR

6     POCKETS, THIS IS COMING OUT A LOT BETTER THAN WHAT COULD HAVE

7     BEEN; AND I THINK YOU FOLKS HAVE DONE A GREAT JOB.

8              AND I KNOW THAT THERE ARE OBSERVERS WHO WOULD

9     CRITICIZE THE AMOUNT OF ATTORNEY'S FEES AND THEY WOULD SAY THIS

10    IS ALL ABOUT LAWYERS MAKING MONEY.  BUT THE REALITY IS IF YOU

11    HAD REPRESENTED EVERY ONE OF THESE FOLKS INDIVIDUALLY, A 27.5

12    CONTINGENT FEE WOULD HAVE BEEN A STEAL ON THEIR PARTS.  THEY

13    COULD NOT HAVE RETAINED COUNSEL TO REPRESENT THEM INDIVIDUALLY

14    ON THAT KIND OF CONTINGENT FEE.  NUMBER ONE, MOST OF THEIR

15    CLAIMS WOULD NOT HAVE BEEN SUFFICIENT TO JUSTIFY THAT.  THEY

16    WOULD HAVE HAD TO PAY AN HOURLY FEE; AND LOOKING AT YOUR

17    LODESTAR, THE TIME THAT WOULD HAVE HAD TO GO INTO IT, THEY

18    WOULDN'T HAVE GOTTEN ANYTHING OUT OF IT.  THEY WOULD HAVE HAD

19    TO PAY A HIGHER CONTINGENCY.

20             SO WHILE I RECOGNIZE MANY FOLKS OUT THERE DON'T

21    APPRECIATE THE ROLE THAT YOU HAVE PLAYED IN THIS AND THEY SEE

Mirant Final Approval.txt

22    THIS AS LAWYERS JUST GETTING RICH AT THE EXPENSE OF THE VICTIMS

23    OF WHAT HAS OCCURRED HERE, I HONESTLY SEE BEYOND THAT AND THINK

24    THAT YOU HAVE DONE A REAL SERVICE BY REPRESENTING THESE FOLKS,

25    AND I THINK THEY HAVE GOTTEN A DEAL IN IT.  AND SO THANK YOU


SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


18

1     FOR YOUR WORK ON THE FILE.

2          AND I APPRECIATE THE DEFENDANTS, AS WELL, BEING

3     WILLING TO COME TO THE TABLE AND GET A RESOLUTION OF THIS.

4          I'VE SIGNED THE ORDER.  I WILL LET YOU FILE IT, AND

5     THAT WILL CLOSE THE MATTER.  THANK YOU, AND HAVE A GOOD DAY.

6     WE'RE ADJOURNED.

7          (PROCEEDINGS CONCLUDED.)

8                    * * *

9          REPORTER'S CERTIFICATION

10    I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE
      RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
11

12

13                         _____
                           SHARON D. UPCHURCH, RPR
                           OFFICIAL COURT REPORTER
14                         UNITED STATES DISTRICT COURT
                           NORTHERN DISTRICT OF GEORGIA
15

16

17    DATE: _____

18

19

20

21

22

23
Page 17

Mirant Final Approval.txt

24

25


                SHARON D. UPCHURCH, OFFICIAL COURT REPORTER