# EXHIBIT E

```
                              6BFAACITC.txt
                                                                            1
       6BFAACITC              Conference
  1    UNITED STATES DISTRICT COURT
  1    SOUTHERN DISTRICT OF NEW YORK
  2    ------------------------------x
  2
  3    IN RE: CITIGROUP LITIGATION,
  3
  4
  4                                   03 CV 2932 (LTS)
  5
  5    ------------------------------x
  6                                        New York, N.Y.
  6                                        November 15, 2006
  7                                        4:30 p.m.
  7
  8    Before:
  8
  9              HON. LAURA TAYLOR SWAIN,
  9
 10                                        District Judge
 10
 11                     APPEARANCES
 11
 12    SCHIFFRIN & BARROWAY, LLP
 12         Attorneys for  Plaintiff
 13    BY:  EDWARD W. CIOLKO BY:  MARK K. GYANDOH
 13
 14    LAW OFFICES OF CURTIS V. TRINKO, LLP
 14         Attorney for Plaintiff
 15    BY:  CURTIS V. TRINKO
 15
 16    PAUL WEISS RIFKIND WHARTON & GARRISON, LLP
 16         Attorneys for Defendant
 17    BY:  JONATHAN H. HURWITZ BY:  LEWIS R. CLAYTON
 18
 19
 20    ALSO PRESENT:  MICHAEL T. HEYRICH, ESQ. Citigroup Inc.
 21
 22
 23
 24
 25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
                                                                            2
       6BFAACITC              Conference
  1            (Case called)
  2            THE COURT:  We're here in the matter of Citigroup
  3    litigation.  For a conclusion of plaintiff's hearing on
  4    approval of the settlement and related applications.  Counsel
  5    would be good enough to introduce yourselves again to me.
  6            MR. TRINKO:  Curtis Trinko for the plaintiff and with
  7    me are Edward Ciolko, Mark Gyandoh, both from the Schiffrin &
  8    Barroway firm in Philadelphia.
  9            MR. CLAYTON:  Lew Clayton, your Honor, from Paul Weiss
 10    for the defendants.  I am here with John Hurwitz of Paul Weiss
 11    and also Michael Heyrich of the Citigroup.
 12            THE COURT:  Good afternoon.
 13            I have received your supplemental submission which
 14    I've reviewed carefully and for which I thank you.
 15            Do you wish to make statements at this point?
 16            MR. TRINKO:  I believe that Mr. Ciolko will be
                                Page 1
```

```
                                    6BFAACITC.txt
        17    addressing the points for supplemental memorandum and any
        18    questions that your Honor may have.
        19             THE COURT:  Thank you.
        20             MR. CIOLKO:  Good after, your Honor.
        21             Thank you for giving us the opportunity for providing
        22    the supplemental memorandum, the additional report by Professor
        23    Ramaswamy.  I'll dispense with going over what was, I think,
        24    laid out in maybe painstaking detail in our 140 pages of
        25    briefing and maybe just concentrate on the supplemental filing
                            SOUTHERN DISTRICT REPORTERS, P.C.
                                     (212) 805-0300
                                                                              3
              6BFAACITC                        Conference
         1    and then, of course, I will be very brief and any questions
         2    your Honor might have.
         3             So I know, to be frank, Professor Ramaswamy in his
         4    analysis is complex, so it took me a bit of time to make sure I
         5    understand stood every nook and cranny.  I think our
         6    supplemental memorandum sets out both the supplemental filing
         7    done by Professor Ramaswamy as well as any potential impact of
         8    the pension -- on the settlement itself.
         9             If it please your Honor just as a quick review, the
        10    settlement negotiated by the parties essentially or structural
        11    changes to the plan and educational opportunities to be being
        12    afforded to plan participants under the Citigroup 401 K plan,
        13    formerly, there was two forms, for want of a better term, lot
        14    Citigroup or company stock that was held by the plan.  One
        15    originated from predecessor plan, The Travellers' had a 401 K
        16    plan which came from a predecessor company that Citicorp became
        17    Citigroup, and the plans merged to be become the Citigroup 401
        18    K plan.  That lock stock under the terms of the plan generally
        19    had to stay invested in company stock until a participant from
        20    that 401 plan was aged 55.  A second source of locked
        21    investment of company stock in the plan was from ongoing
        22    Citigroup matching contributions under the plan which formerly
        23    had to stay invested in Citigroup stock, generally, again, for
        24    five years.
        25             The parties engaged in a lengthy and detailed and
                            SOUTHERN DISTRICT REPORTERS, P.C.
                                     (212) 805-0300
                                                                              4
              6BFAACITC                        Conference
         1    spirited negotiations.  We tried to come to a meeting of the
         2    minds on the case that provided particular challenges on both
         3    sides, I believe, because of both the recovery of Citigroup
         4    stock during the relevant time period, the novel area of the
         5    case law, the large scale investment of the company stock in
         6    the plan.  I think the parties wanted to reach an amicable
         7    settlement that would both address some of the issues that
         8    plaintiffs had raised and protect the participants going
         9    forward.  I think that's what we did.
        10             Essentially, under the original terms of the
        11    settlement The Traveller's plan stock was immediately to be --
        12    from the predecessor plan and the previous, the prior stock in
        13    the plan that originated from Citigroup matching contributions
        14    that had to be invested in company stock for five years would
        15    only have to remain in investment in Citigroup for one year
        16    after, essentially, for one year after grant.
        17             In addition to that, Citigroup had agreed to provide
        18    financial advice and financial investment educational services
        19    to active participants in the plan and as well as provided
        20    educational materials on the benefits of diversification,
        21    retirement plan investments to class members who are no longer
                                          Page 2
```

6BFAACITC.txt
22  participants in the plan or employees in the Citigroup. They
23  provided access to that material through their web site to the
24  people that wanted to gain insight on the advantages of
25  diversification of retirement assets which is at the heart of
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                                                                  5
        6BFAACITC               Conference
 1  what that settlement case is.
 2           As parties brought to your attention at our last final
 3  fairness hearing, in our view Congress had kind of caught up
 4  with what was forward thinking on our part, I think, and
 5  thought that it would be a good thing to eliminate any mandated
 6  investment in company stock in these type of defined
 7  contribution plans.
 8           In general, the Pension Protection Act which was
 9  signed into law after the final -- the relevant portions to a
10  settlement here are -- and I am sure my colleagues either next
11  door or behind me will correct me if I get it wrong but I am
12  trying to present it as simply as possible as I understand it.
13  Under the law any plan holdings that previously were locked in
14  the company stock that were generated from company matching
15  contributions before December 31, 2006, have to be allowed to
16  be unlocked or diversified on other plan investments on a
17  graduated scale. At least a third of these assets have to be
18  divested by the end of 2007, a third by 2008 and the remaining
19  third by 2009. And that for stock that had been in the plan
20  subject to restriction or lock employer's qualifying, employer
21  security such as the one at issue in this case.
22           So at your Honor's behest we went back to our
23  Professor Ramaswamy and asked him to take a look at the numbers
24  he had already created and if your Honor would remember I think
25  he initially had estimated the value of the unlocks negotiated
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                                                                  6
        6BFAACITC               Conference
 1  by the parties was somewhere between $23 and $43 million. He
 2  took a look at those numbers again and ran those numbers under
 3  a number of different scenarios. One of which I believe my
 4  colleagues behind me at the defense table are better able to
 5  discuss, but under three scenarios, one, under the original --
 6  I know the terminology in the report is a little confusing, at
 7  least was for me at first -- but under the proposed settlement
 8  he reran numbers that he had run before trying to be even more
 9  conservative than before and came out to essentially the same,
10  21 to 41 million dollar valuation.
11           Then he ran the numbers with the assumption that the
12  parties knew the act would be passed which it did with the
13  mandated divestment of company security -- He ran those numbers
14  and came to the conclusion that the negotiated settlement still
15  worked between, I believe, it's eight and $15 million -- eight
16  and $16 million.
17           Then after the independent fiduciary who had done an
18  11 month investigation into the original set of terms to the
19  original settlement said it would pass muster in their view
20  also took a look at Professor Ramaswamy's new numbers and had
21  asked that he also run additional calculations that -- I have
22  to back up a second. I apologize. Since our final fairness
23  hearing Citigroup has sua sponte, not as part of the
24  settlement, changed the 401 K plan where the Citigroup matching
25  contributions that were formally locked for five years and that
                SOUTHERN DISTRICT REPORTERS, P.C.
                        Page 3

```
                           6BFAACITC.txt
                           (212) 805-0300
                                                                     7
         6BFAACITC              Conference
    1    unlocked was moved to one year under the settlement, now is
    2    subject to immediate diversification.  That is so that the
    3    independent fiduciary wanted Professor Ramaswamy to also run
    4    some calculations to take into account that change in the plan
    5    that's not part of the settlement.
    6            And you know while I think informative, I'm not sure
    7    it actually has any bearing one way or another on whether or
    8    not the settlement was beneficial to the classes.  We believe
    9    it is.  In Professor Ramaswamy's final conclusion, even in his
   10    supplemental report, is that given that the parties had reached
   11    this agreement I believe in the fall of 2004 the better view of
   12    the value of the unlocking under the original settlement is
   13    that it was worth conservatively $25 million given the amount
   14    of lock stock that was then owned by the plan and that would
   15    have been added to the plan, the five years come enhanced after
   16    the settlement.
   17            So the independent fiduciary has reviewed the new
   18    numbers that Professor Ramaswamy has put forth and continues to
   19    believe that the settlement is fair and the result and
   20    beneficial to the class and the result in arms length
   21    negotiation.
   22            THE COURT:  The independent fiduciary is who?
   23            MR. CIOLKO:  Great Bank Trust.
   24            THE COURT:  OK.  Thank you.
   25            MR. CLAYTON:  And their counsel, your Honor, is Hogan
                       SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
                                                                     8
         6BFAACITC              Conference
    1    and Hartsen --
    2            MR. CIOLKO:  Yes.
    3            THE COURT:  Now, the one sort of premise or structural
    4    element of the Ramaswamy supplemental report that I'm not quite
    5    sure I followed to my complete satisfaction was his pegging of
    6    the valuations to a December 31, 2004 date.  It wasn't clear to
    7    me whether in running the numbers on the diversification as
    8    against risk value of unlocking stock he was making some sort
    9    of, including some sort of assumption as to the opportunity for
   10    additional, capturing of additional market value in some
   11    retroactive period that isn't applying here.
   12            MR. CIOLKO:  Do you mean -- and I actually had a
   13    similar question, your Honor.  I think the assumptions that
   14    Professor Ramaswamy made when starting in 2004 he was working
   15    on the assumption, one, that the one year lock would be in
   16    place going forward for five years, and, two, that he estimated
   17    the amount of matching contributions that would be made in
   18    those five years and took the value of the additional monies
   19    that would be unlocked versus the five year unlock.  I don't
   20    think he was taking any additional figures in a pretty
   21    retroactive manner.  Maybe the easiest way to say this I thing
   22    he utilized the same assumptions in his first calculations as
   23    in his second.  If anything his numbers are conservative
   24    because he would not take into account either the immediate
   25    unlock that was negotiated after the settlement or the fact
                       SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
                                                                     9
         6BFAACITC              Conference
    1    that the -- I think the simply answer is that that was the
    2    numbers that he has given, the latest numbers that we had for
                                Page 4
```

6BFAACITC.txt

3   the plan that he could define what future contributions would
4   be compared to what past contributions were.
5            THE COURT: So as far as you know none of the numbers
6   that go into his new eight to 16 or 17 million dollar range
7   assume that a participant would have been able to reinvest at
8   some point between December 31, 2004 and today stock that
9   actually remained locked up during all or part of that period
10  that could not physically have been taken to the bank as it
11  were and actually diversified.
12           MR. CIOLKO: I think that's right. I think that's
13  exactly right under both. I don't think he could. I think in
14  his mind he did -- I think I understand your question and I
15  apologize, your Honor. He wanted to, in order to do that he
16  would have made the calculations more complicated. I think he
17  wanted a more conservative approach. He assumed that the value
18  of the stock that was unlocked could be diversified, but that
19  was it. There was no additional -- in his supplemental
20  analysis there was no additional stock he said would be able to
21  be unlocked even though effectively it couldn't have been cause
22  it wasn't unlocked.
23           THE COURT: All right. Just another question. Where
24  does the implementation of the unlocking provisions stand as of
25  today when I haven't yet signed the final order approving?
                 SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

                                                                    10
     6BFAACITC              Conference
1    Have accounts actually been unlocked or accounts still unlocked
2    and awaiting the great release as it were?
3             MR. CIOLKO: That might be a question better answered
4    by Mr. Clayton.
5             MR. CLAYTON: Yes, your Honor.
6             We have not yet implemented that as the papers
7    indicate under the stipulation in part of the settlement in
8    part of the New Pension Act and some other factors Citi
9    decided, not as matter of compulsion under the settlement but
10   as a matter of administration, completely to unlock these
11   shares to go beyond even the one year restriction and that is,
12   we believe, scheduled to happen at the start of the new year
13   '07.
14            THE COURT: 1/1/07?
15            MR. CLAYTON: Maybe a few days after 1/1/07 but it's
16   January '07.
17            THE COURT: Thank you. Now, that gives me the
18   predicate for asking one more time the question that I was
19   trying to formulate.
20            Does any of the numbers, to counsel's knowledge, in
21   the Ramaswamy report assume that participants could have at any
22   point prior to today invested stock that is in Citigroup stock
23   and locked under the current terms of the plan in some other
24   investment that would match their assumed risk and target
25   return profile?
                 SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

                                                                    11
     6BFAACITC              Conference
1             MR. CIOLKO: No, your Honor. What I think the
2    assumption was that once your Honor signed the settlement and
3    the -- were put into effect certain previously locked stock
4    would be available for divestment at that date, and that number
5    was included in Professor Ramaswamy's calculations because it
6    would be. Formerly, there had been stock that say was, granted
7    in 2003, subject to a five year lock, that assuming that the
                              Page 5

```
                              6BFAACITC.txt
     8      defendants had not, Citigroup had not changed their locking
     9      provision it would be subject to one year locking and
    10      effectively would have been immediately available for
    11      investment. So he took that into account, but immediately
    12      available for investment upon the date of the change.
    13              THE COURT: Yes. Prospectively.
    14              MR. CIOLKO: Prospectively.
    15              THE COURT: All right. Thank you. Is that it? That
    16      was my one question.
    17              MR. CIOLKO: That's it. One other thing.
    18          I know we had given your Honor a modified final
    19      order --
    20              THE COURT: Yes.
    21              MR. CIOLKO: -- for your review. And thank you for
    22      the suggested revision. Mr. Trinko also has a modified fee
    23      award quarter which we have shown to defendants and they're
    24      fine with the substance of it. But we literally had just
    25      finalized this today.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

                                                                    12
```
     6BFAACITC                 Conference
     1          THE COURT: It's been modified proposed fee order
     2      accompanied by an affidavit that lays out whatever additional
     3      work you want me to factor into the Loadstar calculation on the
     4      supplemental analysis?
     5              MR. CIOLKO: To be honest with you, your Honor, we
     6      didn't actually include that. Because the Loadstar number was
     7      so close to one effectively we're asking for our fees which in
     8      this type of case we think it's reasonable in this situation,
     9      in fact, the defendants had agreed to a fee request up to a
    10      million dollars. We thought that given the tally and the
    11      circumstances that what we were asking for was essentially what
    12      our fees would be with no multiplier. So any additional work
    13      that we put in would just be clarifying something that came
    14      along out of the blue. We could put the additional hours in
    15      and it would actually be a fractional multiplier.
    16              THE COURT: Let me put it this way, if you are asking
    17      me to award a greater amount of dollars then you asked me the
    18      last time on account of what you had done have you documented
    19      that if you are asking me the same number?
    20              MR. CIOLKO: Same number.
    21              MR. TRINKO: The only revision that was made to our
    22      fee order, your Honor, was just to note that we're having the
    23      supplemental hearing and just to indicate just as to why.
    24              THE COURT: Thank you.
    25              MR. TRINKO: If I could approach, your Honor, I'll
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

                                                                    13
```
     6BFAACITC                 Conference
     1      hand it up.
     2              THE COURT: Yes.
     3              (Pause)
     4              THE COURT: Mr. Clayton, did you or any of your
     5      colleagues wish to be heard?
     6              MR. CLAYTON: Very little to say, your Honor.
     7          We appreciate the Court's time and the fact that we
     8      have been able to make some supplemental submissions so that
     9      the Court has a full record before it. We think this is a
    10      quite reasonable settlement. We did make it sufficient, as
    11      your Honor knows, concerning some recent changes to the Citi
    12      plans. We wanted that to be on the record here, but we do not
                                    Page 6
```

```
                              6BFAACITC.txt
    13    believe that those changes have any effect on this settlement.
    14    Thank you, your Honor.
    15              MR. CIOLKO:  Your Honor, one more thing.
    16              You asked at the previous hearing that we also answer
    17    a question whether any portion or provision of Pension
    18    Protection Act was violated by term of settlement or was in
    19    conflict with and we've reviewed it and it is not.
    20              THE COURT:  Thank you.  And I think you also made that
    21    representation in the written submission.
    22              Well, I do thank you for your extensive original and
    23    supplemental submissions in support of this proposed
    24    settlement.  The proposed orders cover much, if not all, of the
    25    technical ground that I need to cover in terms of approving the
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                    (212) 805-0300
                                                                        14
     6BFAACITC                   Conference
     1    settlement.  I will make a few further remarks on the record
     2    and these remarks and the orders that I will sign will
     3    constitute the Court's findings of fact and conclusions of law
     4    for purposes of Rule 52.
     5              I note that the Court has jurisdiction of these
     6    matters pursuant to Section 1132 of Title 29 of ARISSA as well
     7    as Section 1331 of Title 28 of the U.S.C.
     8              I find for the reasons documented at some length in
     9    the submissions that these were arms length negotiations.
    10              I also find that the parties and their attorneys were
    11    creative in approaching the legal issues presented and the
    12    challenge of coming up with meaningful and constructive relief
    13    for plan members in the context of a settlement and that it was
    14    the product of arms length bargaining.
    15              I have considered the requisite ^gran nel factors in
    16    relation to the substantive terms of the settlement.  Just to
    17    remark with respect to the reaction of the class as documented,
    18    again, at some length in the original submissions there were
    19    very few objections filed, a fraction of one percent of the
    20    class and only eight of those, something like 11 objections
    21    made specific comment on features of the settlement.
    22              At least one of those letters requested that there be
    23    no lock up at all, as I recall, and I note that the ultimate
    24    result here including the voluntary plan changes eliminating
    25    the lock up provisions address or would moot even that
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                    (212) 805-0300
                                                                        15
     6BFAACITC                   Conference
     1    objection.
     2              The Court has taken seriously its obligation to
     3    consider the propriety and fairness of the settlement even as
     4    to non objecting class members and finds that the requisite
     5    factors are well and properly addressed here, that the risks of
     6    litigation are well responded to and balanced in this
     7    settlement.  It is a non monetary settlement.
     8              I find that it is reasonable under the circumstances,
     9    given the nature of the litigation and the legal risks and
    10    novel issues presented here, I do find based on the analyses by
    11    Professor Ramaswamy that there is real monetary value going to
    12    class members in connection with the settlement by virtue of
    13    the elimination of what we had been calling the lock up
    14    provisions in the plan, that the settlement provisions for
    15    elimination and or carve back of the lock up provisions are
    16    more generous than those now mandated by law under the Pension
    17    Protection Act of 2006.  And that the additionally voluntary
                                    Page 7
```

```
                              6BFAACITC.txt
     18     step taken by Citigroup improves that benefit to plan
     19     participants even more.
     20              I also find that the educational investment -- I'm
     21     going to say advisory but not necessarily in the technical
     22     sense of word -- provisions of the settlement are also
     23     beneficial to and meaningful for class members.
     24              I also find that final certification of the class in
     25     connection with this settlement is appropriate and that the
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                    (212) 805-0300
                                                                            16
            6BFAACITC                  Conference
      1     requisite factors are met pursuant to Rules 23(A) and 23 (B)
      2     (1) and (2) of the Federal Rules of Civil procedure.
      3              I further find having considered the Loadstar
      4     calculations with respect to the fee application and the
      5     Goldberger factors that the fees request is both reasonable and
      6     appropriate in relation to the work performed in risks faced by
      7     class counsel here, and, therefore, I find that it's
      8     appropriate to approve the proposed settlement, certify in
      9     connection with that settlement the class and award the
     10     requested attorney's fees and expenses.
     11              Is there anything further that counsel feel I should
     12     address orally on the record in addition to the matters that
     13     are covered in the proposed orders?
     14              MR. CIOLKO:  Thank you very much, your Honor.
     15              The matter of the case contribution award for the
     16     individual plaintiffs.
     17              THE COURT:  Yes.  I have considered carefully as well
     18     the proposed case contribution award and I find that it is
     19     reasonable and appropriate in structure and amount and so that
     20     application is approved as well.
     21              Now, that is not covered in these revised orders that
     22     you gave me, is it?  I don't remember it being covered in the
     23     revised orders, the final judgment order dismissal.
     24              MR. CIOLKO:  It maybe in the separate proposed fee
     25     order.  That's right.
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                    (212) 805-0300
                                                                            17
            6BFAACITC                  Conference
      1              THE COURT:  It's in the --
      2              MR. TRINKO:  Paragraph five, your Honor.
      3              THE COURT:  Yes.  Thank you.
      4              All right, then, give me just one moment.
      5              Let's see.  And the request I have to confess that
      6     that was an aspect of it that I focused on at least one hearing
      7     ago.  So the specific request for the case contribution award
      8     the amount requested was what?
      9              MR. CIOLKO:  It was $2500 per plaintiff.
     10              THE COURT:  Yes.  And I had considered that and had
     11     concluded that it was an appropriate amount.  So I will fill
     12     that in.  And the figure that you were seeking in attorney's
     13     fees and expenses.
     14              MR. CIOLKO:  The attorney's fees I believe were
     15     $750,000.
     16              THE COURT:  And the expenses number is what?
     17              MR. CIOLKO:  31,921.
     18              THE COURT:  31,921?
     19              MR. CIOLKO:  That's right.
     20              THE COURT:  And on the final judgment and order of
     21     dismissal I've crossed out the word "corrected" in the title
     22     since I've never entered one before, so this can be the final
                                     Page 8
```

```
                             6BFAACITC.txt
23    judgment.  I'm also crossing out the reference to "correction"
24    in paragraph one and the reference to objectors having appeared
25    by counsel and having -- I'm just going to cross out "having
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                       18
      6BFAACITC                Conference
 1    appeared by counsel".  Just for the record, no one was here to
 2    speak at the August hearing but I have heard the objector by
 3    way of reviewing their objections.
 4             So with those changes I have also dated the final
 5    judgment and order of dismissal with today's date and signed
 6    that as well as the attorney fee and class representative case
 7    contribution award order and I wish to thank and congratulate
 8    all of you.
 9             I know it has been a very long road for you and it's
10    got to be fun to work on something that's precedent setting as
11    well as challenging and that reaches a result that is so
12    beneficial all around.  So congratulations to all of you.  I am
13    glad to have met you and I am sure that we will all live long
14    enough to see each other again.
15             Ms. Cypher will organize getting copies to you.  Will
16    it be acceptable to you if she faxed them out to your
17    respective firms rather than doing the Xeroxing tonight?
18             All right.  Again, thank you all.  Good night.
19                               o 0 o
20
21
22
23
24
25
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300


                                 Page 9
```