UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIMITED OPPOSITION OF PLAINTIFF STEVEN GOLDSTEIN
TO THE MOTIONS OF THE GRAY PLAINTIFFS AND THE ROSE
PLAINTIFFS
FOR CONSOLIDATION AND OTHER RELIEF

| | |
|---|---|
| STEVEN GOLDSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., et. al,<br><br>Defendants. | Civil Action No: 07 Civ. 11158 (SHS) (DCF) |
| STEVEN GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., et. al,<br><br>Defendants. | Civil Action No: 07 Civ. 9790 (SHS) (DCF) |
| SHAUN ROSE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., et. al,<br><br>Defendants. | Civil Action No: 07 Civ. 10294 (SHS) |

| | |
|---|---|
| MEREDITH TRANSBERG, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CITIGROUP INC., et. al,<br><br>　　　　　　　　Defendants. | Civil Action No: 07 Civ. 10341 (SHS) |
| ANTON RAPPOLD, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　　　v.<br><br>CITIGROUP INC., et. al,<br><br>　　　　　　　　Defendants. | Civil Action No: 07 Civ. 10396 (SHS) |
| SAMIER TADROS, On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CITIGROUP INC., et. al,<br>　　　　　　　　Defendants. | Civil Action No: 07 Civ. 10442 (SHS) |
| STEPHAN FIORINO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　　　v.<br><br>CITIGROUP INC., et. al,<br><br>　　　　　　　　Defendants. | Civil Action No: 07 Civ. 10458 (SHS) |

| | |
|---|---|
| JAMES BOLLA, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br>            v.<br><br>CITIGROUP INC., et. al,<br><br>                        Defendants. | Civil Action No: 07 Civ. 10461 (SHS) |
| MARK GEROULO, individually on behalf of the CITIGROUP 401(k) Plan, the CITIBUILDER (k) PLAN FOR PUERTO RICO, and all others similarly<br><br>                        Plaintiff,<br><br>CITIGROUP INC., et. al,<br><br>                        Defendants. | Civil Action No: 07 Civ. 10472 (SHS) |
| WILLIAM and PATRICIA WOODWARD, individually and behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>CITIGROUP INC., et. al,<br><br>                        Defendants. | Civil Action No: 07 Civ. 11207 (SHS) |
| FRANCIA BRICK, individually and behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>CITIGROUP INC., et. al,<br><br>                        Defendants. | Civil Action No: 07 Civ. 11207 (SHS) |

**LIMITED OPPOSITION OF PLAINTIFF STEVEN GOLDSTEIN
TO THE MOTIONS OF THE GRAY PLAINTIFFS AND THE ROSE
PLAINTIFFS FOR CONSOLIDATION AND OTHER RELIEF**

Steven Goldstein, the Plaintiff in No. 07-CV-11158 (SHS) (DCF), submits this limited opposition to the motions of the Gray Plaintiffs and the Rose Plaintiffs requesting the consolidation of all related ERISA actions and the appointment of lead plaintiffs and lead counsel.

<u>Consolidation</u>

1.      Goldstein does not oppose the motions to the extent that they request the consolidation of all related ERISA class actions involving Citigroup into one action before this Court. Goldstein has moved for that relief as well, and joins in the notion expressed by the Rose Plaintiff's (Rose Plaintiffs' Memorandum at 4) that the ERISA cases not be consolidated with those securities cases pending in this district which are governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78 u-4 (a).

<u>Lead Plaintiffs</u>

2.      Goldstein does, however, oppose the competing motions for the appointment of lead plaintiffs and lead counsel. As to the appointment of lead plaintiff(s) it is respectfully submitted that the class of 401(k) participants would be better served by the appointment of one individual than by the appointment of several apparently unrelated individuals. What if the several lead plaintiffs disagree about the settlement value of this case, litigation strategy or some other important matter? There is something to be said for having one decision maker. The appointment of multiple lead plaintiffs also runs the risk of responsibilities not being fulfilled because of a mistaken belief or assumption that the other plaintiff(s) will cover it. The class will be better served by

having one individual appointed who is committed to the proper prosecution and, if appropriate, the settlement of this case.

        3.      Steven Goldstein should be appointed the lead plaintiff. Mr. Goldstein first worked at Citibank in the early 1980's as a program analyst. He left Citibank in 1983 for other employment. He then returned to Citigroup in 1995 by accepting a position as product manager at Crossmar, Inc., a subsidiary of Citigroup. His job there was the development of new intellectual technology products. In 2003, Citigroup sold Crossmar to Misys LLC, where he works today as a product manager. He is thus not a current employee of Citigroup, and because his employment at Citigroup ended because of the sale of the Crossmar business he did not sign a release. A lead plaintiff's execution of a release to his former employer can sometime raise issues in ERISA cases of this nature but that issue would not arise with respect to Mr. Goldstein.

        4.      Further, as shown in Goldstein's motion for consolidation and other relief, he has suffered a substantial loss in his Citigroup 401(k) account, which he has maintained for several years and still maintains, because over 70% of his account balance was invested in Citigroup common stock. As of August 31, 2007 Mr. Goldstein's account balance was approximately $80,000, and with the substantial decline in the market price of Citigroup common stock in the second half of 2007 Mr. Goldstein has personally suffered the type of retirement savings loss which qualifies him as a lead plaintiff with a strong personal stake in the outcome of this action.[1]

        5.      It may be that the Gray Plaintiffs and the Rose Plaintiffs are also well-positioned to represent the proposed class but that is not completely clear on the

---

[1] Goldstein believes that the amount of a lead plaintiff's loss is relevant to the appointment of a lead plaintiff and a class representative, but notes that this case is not governed by the PSLRA. Therefore, the "largest financial interest" factor which governs the appointment of lead plaintiffs in PSLRA cases is not applicable here. *E.g. Hill v. Tribune Co.,* 2005 U.S. Dist. LEXIS 23931, at 12-15 (N.D. Ill. 2005) (PSLRA appointment criteria not applicable in ERISA cases).

present record. The present record, at least, does not say much about who the Gray Plaintiffs are. About all that is said is that the Gray plaintiffs collectively lost "well over $275,000" of their retirement savings in Citigroup stock in their 401(k) accounts (Gray Plaintiffs' Memorandum at 1). It is not clear, however, whether the investment loss was shared about equally by the three plaintiffs or was predominately suffered by one or two individuals. On the present record, the loss suffered by Goldstein detailed in his moving papers qualifies him at least as well as one, or all, of the Gray Plaintiffs to prosecute this case properly.

6. As to the Rose Plaintiffs, the current record does not provide much information about who the two individuals are and what their investment losses may have been. See Rose Plaintiffs' Memorandum at 4. On the present record, at least, Steven Goldstein has made a superior showing that the proposed class will be well-served and, indeed, best served, by his appointment.

<u>Lead Counsel</u>

7. It is also respectfully submitted that Goldstein's choice of counsel, Stull, Stull & Brody, will better protect the proposed class than the counsel proposed by the Gray Plaintiffs or Rose Plaintiffs. As to the counsel proposed by the Gray Plaintiffs, the Harwood and Wolf Popper firms are certainly highly experienced in class action cases generally. The Wolf Popper firm, however, is predominately a securities law class action firm, as indicated by its firm resume. Wolf Popper's experience in the ERISA cases involving AIG and Aon (See Wolf Popper firm resume at 8 under "ERISA Actions"), while important, does not rise to the level of experience that Stull, Stull & Brody has, including in the AOL Time Warner ERISA litigation which the Stull firm helped to settle for $100 million in 2006, the *Fisher v. J.P. Morgan* ERISA case before

- 4 -

this Court and the many other settled ERISA class actions cited in Goldstein's motion and the Stull, Stull & Brody firm resume.[2] While the Harwood firm certainly has extensive ERISA experience (including ongoing co-lead counsel relationships with Stull, Stull & Brody in several cases) on balance the class will be better served by the litigation experience and, especially, the settlement experience, which Stull, Stull & Brody brings to the table.[3]

8.      The Rose Plaintiffs' choice of counsel, the Schiffrin and Schatz firms, certainly are highly experienced in cases of this nature. Stull, Stull & Brody and the Schiffrin and Schatz firms are serving as co-lead counsel in the AOL Time Warner ERISA Litigation cited herein. Goldstein does not dispute that the Schiffrin and Schatz firms will properly represent the interest of the proposed class. Goldstein only respectfully suggests that the Stull firm will do an equally good job, with a modest savings for the class in that no additional liaison counsel will be needed if the Court chooses Stull (New York City) over Schiffrin and Schatz (Pennsylvania and Connecticut, respectively).

---

[2] The *AOL Time Warner* and *Fisher v. J.P. Morgan* cases have yielded widely-cited opinions as part of the emerging case law in ERISA cases challenging the offering of employer stock in 401(k) plans under certain circumstances. *See e.g. Grant v. AOL Time Warner, Inc.* (*In re AOL Time Warner, Inc.*), 2003 U.S. Dist. LEXIS 16895 (S.D.N.Y. Sept. 26, 2003) (regarding stays of discovery); *In re AOL Time Warner, Inc., Sec. & ERISA Litig.*, 2005 U.S. Dist. LEXIS 3715 (S.D.N.Y. Mar. 10, 2005) (regarding motions to dismiss); *In re AOL Time Warner ERISA Litig.*, 2006 U.S. Dist. LEXIS 70474 (S.D.N.Y. Sept. 27, 2006) (approving settlement); *In re AOL Time Warner ERISA Litig.*, 2007 U.S. Dist. LEXIS 79545 (S.D.N.Y. Oct. 26, 2007) (regarding class counsel's attorneys 'fees); *Fisher v. J.P. Morgan Chase & Co.*, 2006 U.S. Dist. LEXIS 71850 (S.D.N.Y. 2006) ( regarding standing, the applicability of 29 U.S.C. 1132 (a) (2) and Rule 56 standards).

[3] The Harwood and Wolf Popper firms mention that they have the support of several other firms which filed related cases. Such support, however, is irrelevant at best (no authority is cited for the proposition that such support is relevant to a lead-counsel analysis) and may even undermine the application if the firms which have given support have (realistically or unrealistically) expectations about receiving work assignments in consideration for the support. Stull, Stull & Brody has not requested or received the support of any other law firms which have filed cases.

Dated: January 4, 2008

        STULL, STULL & BRODY

        s/ Edwin J. Mills
        Edwin J. Mills (EM-7117)
        6 East 45th Street
        New York, New York 10017
        Telephone: (212) 687-7230
        Fax: (212) 490-2022

        *Attorneys for Plaintiff*