UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GRAY,<br><br>              Plaintiff,<br><br>-against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>              Defendants. | Civil Action No: 07 Civ. 9790 (SHS)(DCF) |

[*additional captions appear on the next page*]

GRAY PLAINTIFFS' MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR (1) CONSOLIDATION,
(2) APPOINTMENT OF LEAD PLAINTIFFS AND LEADERSHIP STRUCTURE, AND
(3) ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1, AND IN OPPOSITION TO
THE MOTION OF STEVEN GOLDSTEIN FOR HIS APPOINTMENT
<u>AS INTERIM LEAD PLAINTIFF AND LEAD COUNSEL</u>

Marian P. Rosner (MR-0410)
Robert C. Finkel (RF-2373)
Andrew E. Lencyk (AL-4329)
James Kelly-Kowlowitz (JK-9616)
**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022

Robert I. Harwood (RH-3286)
Daniella Quitt, Esq. (DQ-1963)
Samuel K. Rosen (SR-3287)
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, NY 10022

*Counsel for the Gray Plaintiffs and
Proposed Interim Co-Lead Counsel
for the Class*

| | |
|---|---|
| SHAUN ROSE,<br><br>                     Plaintiff,<br><br>    -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>                     Defendants. | Civil Action No: 07 Civ. 10294 (DC) |
| MEREDITH TRANBERG,<br><br>                     Plaintiff,<br><br>    -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>                     Defendants. | Civil Action No: 07 Civ. 10341 (SHS)(DCF) |
| ANTON K. RAPPOLD,<br><br>                     Plaintiff,<br><br>    -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>                     Defendants. | Civil Action No: 07 Civ. 10396 (SHS)(DCF) |

| | |
|---|---|
| SAMIER TADROS,<br><br>                    Plaintiff,<br><br>    -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>                    Defendants. | Civil Action No: 07 Civ. 10442 (UA) |
| STEPHAN FIORINO,<br><br>                    Plaintiff,<br><br>    -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>                    Defendants. | Civil Action No: 07 Civ. 10458 (SHS)(DCF) |
| JAMES BOLLA,<br><br>                    Plaintiff,<br><br>    -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>                    Defendants. | Civil Action No: 07 Civ. 10461 (SHS)(DCF) |
| MARK GEROULO,<br><br>                    Plaintiff,<br><br>    -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>                    Defendants. | Civil Action No: 07 Civ. 10472 (SHS)(DCF) |

| | |
|---|---|
| ALAN STEVENS,<br><br>      Plaintiff,<br><br>  -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>      Defendants. | Civil Action No: 07 Civ. 11156 (SHS)(DCF) |
| STEVEN GOLDSTEIN,<br><br>      Plaintiff,<br><br>  -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>      Defendants. | Civil Action No: 07 Civ. 11158 (SHS)(DCF) |
| CHRIS SOUTHARD,<br><br>      Plaintiff,<br><br>  -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>      Defendants. | Civil Action No: 07 Civ. 11164 (SHS)(DCF) |
| WILLIAM WOODWARD, *ET AL.*,<br><br>      Plaintiff,<br><br>  -against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>      Defendants. | Civil Action No: 07 Civ. 11207 (UA) |

| | |
|---|---|
| FRANCIA BRICK,<br><br>                             Plaintiff,<br><br>-against-<br><br>CITIGROUP INC., *ET AL.*,<br><br>                             Defendants. | Civil Action No: 07 Civ. 11369 (UA) |

## INTRODUCTION

Plaintiffs Stephen Gray, Samier Tadros and James Bolla (collectively, the "Gray Plaintiffs"), respectfully submit this memorandum in further support of their motion for entry of [Proposed] Pretrial Order No.1 (a) consolidating the above captioned actions arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3); (b) appointing the Gray Plaintiffs as Interim Co-Lead Plaintiffs on behalf of a proposed class of participants and beneficiaries of the Citigroup 401(k) Plan and the Citibuilder 401(k) Plan for Puerto Rico (the "Class"); (c) appointing the firms of Wolf Popper LLP ("Wolf Popper") and Harwood Feffer LLP ("Harwood Feffer") as Interim Co-Lead Counsel, and in opposition to the competing motion of Plaintiff Steven Goldstein ("Goldstein") seeking appointment of himself as the interim lead plaintiff and his counsel as the lead counsel in the instant litigation.

To date, at least thirteen (13) actions (collectively, the "ERISA Actions") have been filed in this district, against Citigroup Inc. ("Citigroup" or the "Company") and related ERISA fiduciaries (collectively, "Defendants"), on behalf of the Citigroup 401(k) Plan and the Citibuilder 401(k) Plan for Puerto Rico (collectively, the "Plan"), seeking relief pursuant to sections 409 and 502(a)(2) and (3) of ERISA, 29. U.S.C. §§ 1109 and 1132(a)(2) and (3).

The ERISA Actions allege, *inter alia*, that Defendants breached their fiduciary duties under ERISA by (a) misrepresenting and failing to disclose material information to participants and beneficiaries of the Plan, in connection with the management of the Plan's assets, particularly related to Citigroup's exposure to Collateralized Debt Obligations ("CDOs"), and (b) permitting the Plan to purchase and hold Citigroup stock when it was no longer prudent to do so. The ERISA Actions further allege that the Plan assets lost substantial value when the price of Citigroup stock plummeted after the revelation of the true extent of Citigroup's exposure to CDOs and the Company's losses stemming from the sub-prime mortgage market meltdown, thereby causing the members of the Class to lose a significant portion of their retirement savings.

The Gray Plaintiffs filed their motion for consolidation of the ERISA Actions and for appointment as Interim Co-Lead Plaintiffs and Co-Lead Counsel on November 26, 2007 (the "November 26, 2007 Motion"). Subsequently, on December 11, 2007, Plaintiff Goldstein filed a complaint and simultaneously moved for his appointment as Interim Lead Plaintiff and for Interim Lead Counsel.

The Gray Plaintiffs represent an organized and motivated group of plaintiffs who are intent on active and meaningful participation in this litigation. They have selected experienced, well-respected, and knowledgeable counsel both in the fields of ERISA and federal securities litigation to represent their interests; have already initiated discovery proceedings under ERISA by requesting and obtaining plan documents from Citigroup pursuant to ERISA § 104(b); and, moreover, have the support of plaintiffs in the majority of these ERISA Actions. In contrast, based on his submitted papers, it appears that Goldstein -- who filed his complaint at the eleventh hour, on December 11, 2007, together with his motion for appointment of lead plaintiff and lead counsel -- has <u>no</u> support from other firms, and has not obtained, let alone sought, any

2

documents from defendants under ERISA § 104(b). The Gray Plaintiffs have suffered losses of over $275,000 in their retirement assets as a result of the Plan's investment in Citigroup common stock during the Class Period, almost 10 times that of Plaintiff Goldstein's claimed losses, and thus have a substantial financial interest to protect in this litigation. By appointing the Gray Plaintiffs, an organized, involved and highly dedicated plaintiff group, as interim Co-Lead Plaintiffs, the Proposed Class will be well represented and the Court will be assured that Class members are playing a meaningful role in this litigation.

## ARGUMENT

### A.  The Gray Plaintiffs Should Be Appointed Interim Co-Lead Plaintiffs

The ability and willingness of individuals proposed as lead plaintiffs to actually perform the lead plaintiff role is extremely important - especially in a high-profile case involving a large community of current and former employees who have lost much of their retirement savings. For the reasons described herein, the Gray Plaintiffs are most suited for that role.

The complaints filed by the Gray Plaintiffs assert claims on behalf of the Plan under ERISA §502(a)(2), as well as individual claims on behalf of a class under §502(a)(3). Certification of the plaintiffs' 502(a)(3) claims may well be an important aspect of this case going forward. Under both types of claims, the lead plaintiffs will act as fiduciaries and will have a vital role as representative plaintiffs. The community of current and former employees of Citigroup will be watching the case and will no doubt be highly interested in how it is concluded. Thus, it will be vital to show that *bona fide* representatives of that community are involved from the inception of the case through its resolution, and that the representatives place a collective imprimatur on the fairness of any settlement.

3

The Gray Plaintiffs were employed by Citigroup and are Plan Participants. They understand their duties as lead plaintiffs and/or class representatives and their interests are directly aligned with the other members of the Class. They also have a very significant financial stake in the outcome of this litigation, highly motivating them to be continuously active and involved in the prosecution of the claims asserted in the ERISA Actions. As noted in their Memorandum in support of their November 26, 2007 Motion, the Gray Plaintiffs collectively lost well over $275,000 of their retirement assets as a result of the Plan's investment in Citigroup common stock during the Class Period and thus have a substantial financial interest to protect in this litigation. *See id.* at 1. By comparison, Goldstein alleges he lost $28,000 as a result of Defendants' alleged misconduct, <u>a mere 10% of the Gray Plaintiffs' losses</u>.

Further, the Gray Plaintiffs have demonstrated their desire and commitment to serve as Interim Co-Lead Plaintiffs by filing three individual actions and by actively following the progress of the instant litigation. They understand they will be prosecuting the action on behalf of all Plan Participants who lost money in the Plan, that they are willing to serve as Interim Co-Lead plaintiffs and Class representatives (including giving deposition testimony and giving testimony at trial, if necessary), and that they will stay fully apprised of these proceedings through regular communication with their attorneys. By filing this motion, they have indicated that they are willing and able to represent the interests of the Class. Accordingly, the Gray Plaintiffs should be appointed Interim Co-Lead Plaintiffs in this litigation.

    B.    **<u>Wolf Popper and Harwood Feffer Should Be Appointed Interim Co-Lead Counsel</u>**

Under Fed. Rule Civ. P. 23(g)(2), counsel for the Gray Plaintiffs should be appointed interim Class counsel since they best satisfy the factors set forth in Rule 23(g)(1)(B) and (C) to represent the class. While, according to the filed papers, other proposed interim class counsel

4

may be experienced and knowledgeable in this area of the law (*see* Rule 23(g)(1)(C)(i)), Wolf Popper and Harwood Feffer have done far more work in identifying or investigating and prosecuting the claims in this action, and have greater resources to commit to representing the class, factors which must be considered under Rule 23(g)(1)(C)(i). Goldstein's proposed interim counsel (Stull, Stull & Brody), with due respect, has only filed its complaint on December 11, 2007, together with its motion for appointment as lead counsel, and has not prosecuted this action at all, like Wolf Popper and Harwood Feffer have.

Wolf Popper has been in the forefront of the instant litigation since filing the first ERISA Action on November 5, 2007, and has since dedicated substantial resources in advancing its prosecution. Indeed, the firm's lead partner on the case, Marian Rosner, was interviewed by FOX News over a month ago in connection with the litigation. The firm's attorneys and staff (including a full time private investigator, two certified public accountants, and a financial analyst) have extensively investigated Citigroup's alleged wrongdoings, reviewed court actions and pleadings, as well as media and other reports, and detailed the results of their investigation of pertinent events, going as far back as January 2007, in the pleadings filed with this Court. In contrast to the extensive and well-documented allegations of Gray Plaintiffs regarding Citigroup's CDO debacle, Goldstein's December 11, 2007 Complaint only addresses Citigroup's CDO-collapse related events as of October 15, 2007, the date when the sub-prime mortgage related write-downs were announced by Citigroup and does not appear to ground his claims in as numerous or as varied sources as the Gray Plaintiffs.

In addition, as is their standard practice in ERISA cases, the Gray Plaintiffs' counsel have: in mid-November, negotiated an agreement with Defendants' counsel for the production of plan-related documents, under ERISA §104(b), which they received from Defendants in early

5

December; sent Defendants a letter requesting preservation of further documents; sent a FOIA request to the SEC, as well as one to the Department of Labor; and have communicated with a number of aggrieved plan participants, and conducted further factual research in preparation for drafting a consolidated complaint. They also retained a financial/damages consultant, Financial Markets Analysis, LLC. Goldstein's proposed interim lead counsel, which only filed its complaint the day of its motion, does not indicate it has done any of these things. Accordingly, the Gray Plaintiffs' counsel are by far the preferred interim Class counsel under this critical factor. *See* Rule 23(g)(1)(C)(i).

Moreover, Wolf Popper, a firm with over 60 years' experience in various complex class action litigation, has 19 full-time litigators and an additional staff of approximately 20 support personnel, including a full-time private investigator, two certified public accountants, and a financial analyst; Harwood Feffer has a dozen full-time attorneys and approximately 9 support personnel. Stull is a firm with thirteen lawyers (plus two in a Los Angeles office). It does not have the size, resources, and professional and other supporting staff that Wolf Popper and Harwood Feffer do. As the instant litigation involves an international banking institution and millions of dollars in losses by Plan participants, a case of this size and profile needs the greater resources available to the Gray Plaintiffs' counsel.

As shown in the Gray Plaintiffs' moving papers, each proposed Interim Co-Lead Counsel has extensive experience in ERISA and class action litigation and will not repeat the actions in which they have achieved success and are presently actively engaged.

In addition, Goldstein's citation to this Court's opinion in *Fisher v. J.P. Morgan Chase & Co.*, 2006 U.S. Dist. Lexis 71850 (S.D.N.Y. 2006) ("Fisher") in support of his motion for interim lead plaintiff and lead counsel is somewhat perplexing. Goldstein's proposed interim counsel,

6

Stull was also counsel for the proposed class in *Fisher*, where "this Court ruled that the claim was not properly brought under Section 502(a)(2), that the individual defendants in *Fisher* lacked standing to sue and that judgment was to be entered for the defendants." Goldstein Br. at 11. Losing one ERISA action at summary judgment does not appear the strongest argument for appointment as interim lead counsel here.

Further, Goldstein misses the critical distinction between this action and *Fisher*, where this Court held that "plaintiffs lacked standing because they seek individualized damages on behalf of a specific subclass of participants in the Plan as opposed to recovery for the Plan itself." *Id*. at *2 (citation omitted). Here, to the contrary, the Gray Plaintiffs bring this action on behalf of the Plan, for losses to the Plan, on behalf of all participants and beneficiaries of the Plan during the proposed Class Period. While the Gray Plaintiffs are loath to demean the qualifications of Goldstein's proposed interim counsel, citation to *Fisher* would not appear to enhance their effort to be appointed to that important position.

It is important to note that Wolf Popper and Harwood Feffer are well established and successful law firms that individually and collectively have the resources and personnel necessary to successfully litigate a case of this magnitude. Both firms have successfully pursued numerous large-scale class actions from start to finish and recovered substantial sums on behalf of the plaintiff class in addition to bringing about material structural improvements in employee benefit plans. For instance, in *In re Royal Dutch/Shell Transport ERISA Litig.*, 04-CV-1398-JWB-SDW (D.N.J.), Harwood Feffer obtained a $90 million dollar recovery of the company's retirement plan losses, an increase in fiduciary training of plan administrators and independent oversight of plan administration.

7

Wolf Popper and Harwood Feffer have a proven track record of managing ERISA suits and have invested substantial resources in these efforts. Indeed, Wolf Popper and Harwood Feffer are currently actively prosecuting *In re AIG ERISA Litig.*, Master File No. 04-CV-9387-JES in this District, and expect to achieve a substantial monetary recovery for the class in that case. Both firms have already invested resources in this action, and will continue to apply the same principles in the instant litigation and dedicate the resources necessary to zealously represent the interests of the Citigroup Plan's participants.

Moreover, as noted, Wolf Popper and Harwood Feffer have the support of the vast majority of the plaintiffs' counsel in the ERISA Actions.[1]

Accordingly, based on the high degree of organization, involvement, ability, work performed and initiative shown already, and willingness to prosecute this action on behalf of the Gray Plaintiffs and the proposed Class, Wolf Popper and Harwood Feffer are the appropriate choice for Interim Co-Lead Counsel.

## CONCLUSION

For the foregoing reasons, the Gray Plaintiffs respectfully request that the Court deny Plaintiff Goldstein's motion to be appointed interim lead plaintiff and his counsel as interim lead

---

[1] At least four plaintiffs have filed responses with the Court in support of the Gray Plaintiffs' motion. See *Rappold v. Citigroup Inc., et. al.*, 07-CV-10396(SHS)(DCF)(Docket #7); *Tranberg v. Citigroup, Inc., et. al.*, 07-CV-10341(SHS) (DCF) (Docket #11); *Fiorino v. Citigroup Inc., et. al.*, 07-CV-10458(SHS) (DCF) (Docket #28); *Steven v. Citigroup, Inc., et. al.*, 07-CV-11156(SHS) (DCF) (Docket #18).

8

counsel, and enter the Gray Plaintiffs' [Proposed] Pre-trial Order No. 1, consolidating the ERISA Actions, appointing the Gray Plaintiffs as Interim Co-Lead Plaintiffs, and appointing Wolf Popper and Harwood Feffer as Interim Co-Lead Counsel.

Dated: January 4, 2007

Respectfully submitted,

_____
Marian P. Rosner (MR-0410)
Robert C. Finkel (RF-2373)
Andrew E. Lencyk (AL-4329)
**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

_____
Robert I. Harwood (RH-3286)
Samuel K. Rosen (SR-3287)
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, NY 10022
Telephone: (212)-935-7400
Facsimile: (212)753-3630

**Proposed Interim Co-Lead Counsel for Plaintiffs**

9