# Exhibit C

No. 06-20157

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

BRAD KIRSCHBAUM, et al.,
Plaintiffs-Appellants,

v.

RELIANT ENERGY, INC., et al.,
Defendants-Appellee.

On Appeal from the United States District Court
for the Southern District of Texas

BRIEF OF THE SECRETARY OF LABOR, ELAINE L. CHAO,
AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS-APPELLANTS

HOWARD M. RADZELY
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor for
Plan Benefits Security

KAREN L. HANDORF
Counsel for Appellate and
Special Litigation

ELIZABETH HOPKINS
Senior Appellate Attorney
U.S. Department of Labor
200 Constitution Ave., N.W.
Room N-4611
Washington, D.C. 20210
(202) 693-5600

TABLE OF CONTENTS

Page

Statement of the issue ................................................................................ 1

Interest of the Secretary of Labor ............................................................ 1

Statement of the case................................................................................ 2

Summary of argument............................................................................... 4

Argument:

      The district court erred in holding that the defendants had no
      fiduciary duties with regard to the stock fund ................................. 5

    A.    The district court erred to the extent that it held that the
         defendants could not be fiduciaries because they did not have
         discretionary authority with respect to the Stock Fund......................... 6

    B.    The district court erred by holding that the defendants had no
         duty to disregard plan terms requiring the plan to invest in
         employer stock if it was imprudent to continue to offer or
         purchase such stock ............................................................... 8

Conclusion ................................................................................................ 14

Certificate of service ............................................................................ 15-16

Certificate of compliance ......................................................................... 17

i

## TABLE OF AUTHORITIES

Cases:                                                                    Page

Bannistor v. Ullman,
    287 F.3d 394 (5th Cir. 2002)............................................................3,6,7

Bussian v. RJR Nabisco, Inc.,
    223 F.3d 286 (5th Cir. 2000)...................................................................6

Canale v. Yegen,
    789 F. Supp. 147 (D.N.J. 1992) .............................................................11

Cent. States, Se. & Sw. Areas Pension Fund v.
    Cent. Transp., Inc.,
    472 U.S. 559 (1985) ...............................................................................9

Cent. Trust Co., N.A. v. Am. Avents Corp.,
    771 F. Supp. 871 (S.D. Ohio 1989)......................................................11

Chao v. Day,
    436 F.3d 234 (D.C. Cir. 2006) ...............................................................7

Donovan v. Bierwirth,
    680 F.2d 263 (2d Cir. 1982)...................................................................5

Donovan v. Cunningham,
    716 F.2d 1455 (5th Cir. 1983)..............................................................10

Eaves v. Penn,
    587 F.2d 453 (10th Cir. 1978).............................................................5,11

Ershick v. Greb X-Ray Co.,
    705 F. Supp. 1482 (D. Kan. 1989), aff'd,
    948 F.2d 660 (10th Cir. 1991)..............................................................11

Fink v. Nat'l Sav. & Trust Co.,
    772 F.2d 951 (D.C. Cir. 1985) .............................................................10

Cases – continued:                                                                      Page

In re Enron Corp. Sec., Derivative & "ERISA" Litig.,
        284 F. Supp. 2d 511 (S.D. Tex. 2003) ..................................................12

In re Ikon Office Solutions, Inc. Sec. Litig.,
        86 F. Supp. 2d 481 (E.D. Pa. 2000) .....................................................12

In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.,
        312 F. Supp. 2d 1165 (D. Minn. 2004) ................................................11

Kuper v. Iovenko,
        66 F.3d 1447 (6th Cir. 1995)..............................................................9,10

Laborers Nat'l Pension Fund v. N. Trust
        Quantitative Advisors, Inc.,
        173 F.3d 313 (5th Cir. 1999)..............................................................6,12

LoPresti v. Terwilliger,
        126 F.3d 34 (2d Cir. 1997)......................................................................7

Moench v. Robertson,
        62 F.3d 553 (3d Cir. 1995).....................................................................10

Nelson v. IPALCO Enters., Inc.,
        No. IP02-0477-C-H/K, 2003 WL 402253
        (S.D. Ind. Feb. 13, 2003).................................................................. 11-12

Secretary of Labor v. Fitzsimmons,
        805 F.2d 682 (7th Cir. 1986)....................................................................1

Smith v. Delta Airlines, Inc.,
        422 F. Supp. 2d 1310 (N.D. Ga. 2006) ................................................11

Varity Corp. v. Howe,
        516 U.S. 489 (1996) ................................................................................4

Wright v. Oregon Metallurgical Corp.,
        360 F.3d 1090 (9th Cir. 2004)................................................................11

iii

Statutes and regulations:

Employee Retirement Income Security Act of 1974,
Title I, 29 U.S.C. §§ 1001 et seq.: ......................................................1,5

Section 3(21)(A), 29 U.S.C. § 1002(21)(A).......................................3,6

Section 402(a)(1), 29 U.S.C. § 1102(a)(1)........................................6,7

Section 403(a), 29 U.S.C. § 1103(a) ..................................................7,8

Section 404, 29 U.S.C. § 1104 .........................................................9,10

Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).................................5

Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B) ..............................5,9

Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).....................4,5,9,10

Title IV, 29 U.S.C. §§ 1301 et seq. .......................................................5

29 C.F.R. § 2509.75-8 ...........................................................................6

Miscellaneous:

U.S. Dep't of Labor, Employee Benefits Sec. Admin., In the
Context of Publically Traded Securities, What are the
Fiduciary Responsibilities of a Directed Trustee, Field
Assistance Bulletin 2004-03 (Dec. 17, 2004), available at
http:// www.dol.gov/ebsa/regs/fab_2004-3.html .................................13

U.S. Dep't of Labor Opinion Letter No. 83-6A,
1983 WL 22495 (Jan. 24, 1983)..........................................................13

U.S. Dep't of Labor Opinion Letter No. 90-05A,
1990 WL 172964 (Mar. 29, 1990) .......................................................12

## STATEMENT OF THE ISSUE

The plaintiffs in this case allege, among other things, that the fiduciaries of

their ERISA-covered 401(k) pension plan breached their fiduciary duties to the

plan and to its participants by continuing to offer a company-stock fund as one of

the investment options in the plan when they allegedly had inside information that

the company's revenue and the price of its stock were artificially inflated as a result

of misleading financial statements concerning energy trading practices.  The

Secretary of Labor files this brief as amicus curiae to address the following issue:

whether the district court erred in holding that the fiduciaries had no discretion,

and thus no fiduciary duty, with regard to the company stock fund because the

relevant plan documents required that the fund be offered and that matching

contributions from the employer be invested in the company stock fund.

## INTEREST OF THE SECRETARY OF LABOR

The Secretary of Labor has primary authority to interpret and enforce the

provisions of Title I of the Employee Retirement Income Security Act of 1974

(ERISA), 29 U.S.C. §§ 1001 et seq.  See Secretary of Labor v. Fitzsimmons, 805

F.2d 682, 689-94 (7th Cir. 1986) (en banc) (Secretary's interests include promoting

the uniform application of the Act, protecting plan participants and beneficiaries,

and ensuring the financial stability of plan assets).  The Secretary therefore has a

strong interest, both with regard to her own litigation, and with respect to private

1

litigation, in ensuring that ERISA is not interpreted to absolve fiduciaries of all

responsibility with regard to offering or maintaining an employer stock fund for a

plan merely because plan documents contemplate or require such stock to be

offered as an investment option.

## STATEMENT OF THE CASE

This ERISA case is a class action by current and former employees of

Reliant Energy, Inc. (Reliant or REI), who are participants in the REI Savings

Plan, a 401(k) plan sponsored by Reliant that allowed participants to contribute up

to 16% of their compensation to the Plan. Record (R.) 6909. The Plan offered a

number of investment options, including one called the Reliant Energy Common

Stock Fund (REI Stock Fund or the Fund), which consisted primarily of Reliant

common stock, with a small amount of cash. R. 6909. The company also provided

varying percentages of matching contributions, which were invested automatically

in the REI Stock Fund. R. 6909. Eventually, the REI Savings Plan had over 56%

of its assets in the REI Stock Fund. R. 54.

When the price of the stock crashed in 2002 following the disclosure of

questionable energy-trading and accounting practices and an SEC investigation and

settlement, the Plan suffered corresponding large losses. The plaintiffs sued the

Benefits Committee, which was the named fiduciary, the Benefits Committee

members, and the company itself. R. 6910. As relevant here, the plaintiffs claim

that all defendants were fiduciaries that breached the duties they owed to the Plan

by imprudently and disloyally allowing the Plan to continue to purchase REI stock

in light of inside information that the fiduciaries allegedly had concerning the

company's questionable "roundtrip" energy transactions, which allegedly

artificially inflated the company's revenues.  R. 6910.[1]

The district court granted summary judgment to the defendants and

dismissed the case in its entirety.  The court started from the premise that "[a]

person is a fiduciary and has a fiduciary duty only with respect to those duties

under the plan for which he has discretionary authority or control."  R. 6912 (citing

Bannistor v. Ullman, 287 F.3d 394, 401 (5th Cir. 2002); 29 U.S.C. § 1002(21)(A)).

The court then determined that, because the express terms of the Plan required that

the REI Stock Fund be offered as an investment option and that the employer

match be invested in the Fund, the defendants had no discretion to override the

Plan terms.  R. 6913-6914.  Thus, the court held that "[b]ecause the REI Savings

Plan was originally designed to require the REI Stock Fund to be offered as an

investment option and to require employer matching funds be invested in that fund,

---

[1]  In these transactions, the company's subsidiary, Reliant Resources, Inc., would
buy and sell the same amount of energy at the same time and price from the same
counterparty, and count the entire amount as revenue for the company.  R. 5756-
58, 6910 n.2.

REI and its Benefits Committee had no discretion, and therefore no fiduciary duty,

to act otherwise." R. 6915. Accordingly, the court dismissed the suit.[2]

## SUMMARY OF ARGUMENT

The district court erred in holding that because the plan documents required

investments in REI stock, the defendants had no discretion and thus no fiduciary

duty with respect to those investments. Under ERISA section 404(a)(1)(D), 29

U.S.C. § 1104(a)(1)(D), plan fiduciaries must follow the written plan terms only to

the extent that such terms are consistent with the requirements of Title I of ERISA.

Among other things, Title I requires that plan fiduciaries act prudently and loyally

in managing the assets of the plan and in administering the plan. Consistent with

the Secretary's long-standing position, numerous courts applying these provisions,

---

[2] The plaintiffs also allege that the defendants breached their fiduciary duties by
making misrepresentations in securities filings that were incorporated by reference
into materials distributed to participants. R. 6915. The district court also
dismissed this count, stating that the company was not acting in a fiduciary
capacity in filing the SEC forms, and finding that "there is no evidence that REI
took any action other than that required by the SEC for issuers of stock." R. 6916.
The Secretary agrees that a company and its officers do not become ERISA
fiduciaries by filing SEC forms, such as the Form 10K or Form 10Q, which all
companies that issue stock to the public are required to file. See Varity Corp. v.
Howe, 516 U.S. 489, 505 (1996) (an employer does not become a fiduciary
"simply because it made statements about its expected financial condition"). That
is true even if the securities filings are distributed by others to plan participants or
incorporated by reference into plan documents. The Secretary takes no position on
the district court's finding that there was no record evidence that the company took
any other action that would support a claim for fiduciary breach based on
misrepresentations to the plan and its participants. Thus, the Secretary's brief will
not address the merits of this primarily fact-bound issue.

have held that fiduciaries to plans that require investment in employer stock are

obligated to consider material inside information indicating that the investment is

imprudent, and may follow plan terms requiring the investment only if prudent to

do so.  The district court's holding to the contrary is thus inconsistent with the

terms of section 404(a)(1)(D), the prevailing case law, and departmental guidance.

## ARGUMENT

### THE DISTRICT COURT ERRED BY HOLDING THAT THE DEFENDANTS HAD NO FIDUCIARY DUTIES WITH RESPECT TO THE STOCK FUND

Although plan fiduciaries generally are required to follow the terms of the

plan documents, they must do so only "insofar as such documents and instruments

are consistent with the provisions" of Title I and Title IV of ERISA.  29 U.S.C. §

1104(a)(1)(D).  Under Title I, ERISA fiduciaries must act exclusively in the

interests of the participants and beneficiaries and exercise the level of "care, skill,

prudence, and diligence . . . that a prudent man acting in a like capacity and

familiar with such matters would use."  29 U.S.C. § 1104(a)(1)(A), (B).  Like all

fiduciaries to ERISA-covered plans, fiduciaries to 401(k) plans are subject to

ERISA's exacting standard of fiduciary care, Eaves v. Penn, 587 F.2d 453, 459-60

(10th Cir. 1978), which has been described as the "highest known to the law."

Donovan v. Bierwirth, 680 F.2d 263, 272 n.8 (2d Cir. 1982).  These provisions

impose upon fiduciaries a responsibility to evaluate plan investments and to invest

plan assets prudently.  See Bussian v. RJR Nabisco, Inc., 223 F.3d 286, 299 (5th

Cir. 2000); Laborers Nat'l Pension Fund v. N. Trust Quantitative Advisors, Inc.,

173 F.3d 313, 317 (5th Cir. 1999).  Thus, fiduciaries to plans may not follow plan

terms requiring investment in company stock where it would be imprudent or

disloyal to invest in such stock.

A.    The district court erred to the extent that it held that the defendants could not
      be fiduciaries because they did not have discretionary authority with respect
      to the Stock Fund

      The district court erred to the extent that it held that the defendants could not

be fiduciaries of the Stock Fund because they did not have discretionary authority

or control over the Fund.   See R. 6912 (citing Bannister v. Ullman, 287 F.3d 394,

401 (5th Cir. 2002)).  Individuals serving in certain positions, such as plan

administrator, trustee, or "named fiduciary" under ERISA section 402(a)(1), 29

U.S.C. § 1102(a)(1), are fiduciaries by virtue of their positions.  See 29 C.F.R. §

2509.75-8, at D-2.  In addition, ERISA also provides, in pertinent part, that a

person is a fiduciary "to the extent (i) he exercises any discretionary authority or

discretionary control respecting management of such plan or exercises any

authority or control respecting management or disposition of its assets . . . or (iii)

he has any discretionary authority or discretionary responsibility in the

administration of such plan."  ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)

(emphasis added).  In order to qualify as a fiduciary with respect to a plan's assets,

6

a person need not exercise "discretionary" authority or control, but must simply exercise "<u>any</u> authority or control" over their management or disposition. <u>Chao v. Day</u>, 436 F.3d 234, 236 (D.C. Cir. 2006) (emphasis in original); see also <u>Bannistor</u>, 287 F.3d at 401 (describing fiduciary in terms of authority or control, not "discretionary" authority or control).[3] .Here, the Benefits Committee was a fiduciary by virtue of being named a fiduciary and Plan administrator in the Plan documents, which gave the Committee the responsibility and authority to manage the Plan and its assets.

Furthermore, the district court's holding that defendants' conduct did not implicate ERISA's fiduciary provisions is in significant tension with two other related provisions of ERISA. First, ERISA section 402(a)(1) requires that plans be maintained pursuant to written plan documents that must provide for "one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). Similarly, ERISA section 403(a) mandates that plan assets be held in trust by one or more trustees who "have exclusive authority and discretion to manage and

---

[3] Thus, in addition to defining a fiduciary in terms of specifically conferred authority, ERISA also contains a functional test to determine who is a fiduciary subject to these duties. <u>LoPresti v. Terwilliger</u>, 126 F.3d 34, 40 (2d Cir. 1997); <u>see also</u> <u>Bannistor,</u> 287 F.3d at 401 (fiduciary is defined not only be reference to particular titles "'but also by considering the authority which a particular person has or exercises'"). The district court did not consider whether the company was a fiduciary under this functional test, and the Secretary takes no position on the issue.

control the assets of the plan," subject only to the proper direction of the named

trustee where the plan so provides. 29 U.S.C. § 1103(a). The statute thus requires

that ERISA plan assets be managed at all times by fiduciaries. The district court's

conclusion that no fiduciary was responsible for assessing the prudence of the

employer stock as a plan investment because such an investment was required

under the written terms of the plan is flatly inconsistent with the terms and

structure of ERISA.

B.    The district court erred by holding that the defendants had no duty to disregard plan terms requiring the plan to invest in employer stock if it was imprudent to continue to offer or purchase such stock

The district court did not address the evidence that the plaintiffs presented

that the defendants had inside knowledge of the alleged corporate misfeasance and

breached their fiduciary duties by allowing the Plan to purchase employer stock

when the price was artificially inflated as a result of misrepresentations made in

securities filings.[4] Instead, the court held that the defendants could not be Plan

fiduciaries with respect to the selection and retention of the REI Stock Fund, and

thus could not be held liable for any imprudence with regard to the Fund, because

the Plan documents specifically required that the Fund be offered as an investment

option and that the employer match be invested in the Fund.

---

[4] The Secretary expresses no view on the proper resolution of these primarily factual issues. As stated in footnote 2, supra, the Secretary believes, however, that the company and its officers did not become fiduciaries by virtue of making required SEC filings.

If upheld, this holding would eliminate fiduciary responsibility for all decisions to invest in company stock for 401(k) plans and other plans in which the plan documents require investment in company stock, thereby immunizing the fiduciaries from all responsibility for even the most imprudent and disloyal of such investments.  The decision need not and should not be upheld because it is inconsistent with the plain text of ERISA section 404, 29 U.S.C. § 1104, which requires a fiduciary to reconsider a potentially imprudent investment option even if it is specified in the plan documents.  The decision is also contrary to the conclusion of numerous courts that have addressed the issue and to the Secretary's longstanding position on the issue.

Under the plain language of section 404(a)(1)(D), "a fiduciary may only follow plan terms to the extent that the terms are consistent with ERISA."  Kuper v. Iovenko, 66 F.3d 1447, 1457 (6th Cir. 1995).  In other words, "trust documents cannot excuse trustees from their duties under ERISA."  Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc., 472 U.S. 559, 568 (1985).  This means that plan fiduciaries have the duty to decline to follow the terms of the plan documents where those terms require them to act imprudently in violation of ERISA section 404(a)(1)(B).  The court's decision effectively reads the limitation out of 404(a)(D), which permits a fiduciary to follow plan terms only insofar "as such documents and instruments are consistent with the provisions of [title I] and

9

Title IV" of ERISA. Such a construction, if accepted, would permit plan sponsors to mandate imprudent, disloyal or prohibited investments by the simple expedient of mandating them in the plan without regard to their legality.

These principles apply equally to cases involving plan investments in employer stock funds. Thus, under section 404(a)(1)(D), fiduciaries are obligated to follow plan terms requiring investment in employer stock only to the extent that doing so is otherwise consistent with fiduciary duties. Even in the context of employer stock ownership plans (ESOPs), which are designed to be primarily invested in employer securities, this Court has recognized that "ESOP fiduciaries remain subject to the general requirements of [s]ection 404." Donovan v. Cunningham, 716 F.2d 1455, 1467 (5th Cir. 1983). See also Moench v. Robertson, 62 F.3d 553, 569 (3d Cir. 1995) ("ESOPs are covered by ERISA's stringent requirements, and except for a few select provisions . . ., ESOP fiduciaries must act with the duties of loyalty and care."). More specifically, most courts to address the issue have recognized that ESOP fiduciaries are obligated to consider whether it continues to be prudent to invest in employer stock, and they may continue to follow plan terms requiring such an investment only if prudent to do so. See, e.g., Kuper, 66 F.3d at 1457; Fink v. Nat'l Sav. & Trust Co., 772 F.2d 951, 954-55 (D.C. Cir. 1985) (ERISA's prudence and loyalty requirements apply to all investment decisions made by employee benefit plans, including those made by

10

plans that may invest 100% of their assets in employer stock); <u>Eaves</u>, 587 F.2d at

459 ("in making an investment decision of whether or not a plan's assets should be

invested in employers securities, an ESOP fiduciary, just as fiduciaries of other

plans, is governed by the 'solely in the interest' and 'prudence' tests of §§

404(a)(1)(A) and (B)"); <u>In re Xcel Energy, Inc., Sec., Derivative & "ERISA"</u>

<u>Litig.</u>, 312 F. Supp. 2d 1165, 1181 (D. Minn. 2004) (recognizing that, under

section 404(a)(1)(D), an ESOP fiduciary cannot "blindly follow plan directives to

the obvious detriment of the beneficiary"); <u>Canale v. Yegen</u>, 789 F. Supp. 147, 154

(D.N.J. 1992); <u>Ershick v. Greb X-Ray Co.</u>, 705 F. Supp. 1482, 1487 (D. Kan.

1989) (plan terms authorizing ESOP fiduciary to invest up to 100% of plan assets

in employer stock could be followed only if the investment decision was prudent),

<u>aff'd</u>, 948 F.2d 660 (10th Cir. 1991); <u>Cent. Trust Co., N.A. v. Am. Avents Corp.</u>,

771 F. Supp. 871, 874-76 (S.D. Ohio 1989) (ESOP trustee properly ignored pass-

through voting provisions that would have prevented sale of an ESOP's stock

where the trustee determined that such a sale would be prudent).[5]

---

[5]  Some courts have questioned whether a fiduciary must diversify investments in
an ESOP, given congressional authorization for ESOPs to invest primarily in
employer stock.  See <u>Wright</u> v. <u>Oregon Metallurgical Corp.</u>, 360 F.3d 1090, 1097
(9th Cir. 2004); <u>Smith</u> v. <u>Delta Air Lines, Inc.</u>, 422 F. Supp. 1310, 1327-1330
(N.D. Ga. 2006).  Those cases are inapposite because the plaintiffs in this case do
not complain of a failure to diversify.  Occasionally, a district court has also
concluded that a fiduciary has no obligation to consider the prudence of
investments required by plan documents.  See <u>Nelson v. IPALCO Enters., Inc.</u>, No.

Not surprisingly, courts have applied this same rule – that plan fiduciaries

can and must override plan terms where it is clearly imprudent to follow them – to

plans that are not ESOPs but that hold employer stock.  For instance, the district

court in the Enron case correctly held, as the Secretary had urged, that despite plan

language that required matching funds for the Enron 401(k) plan to be primarily

invested in company stock, the fiduciaries "had an overriding fiduciary duty to

monitor the prudence of allowing Enron to continue to match employee

contributions with Enron stock if the stock became an imprudent investment."  In

re Enron Corp. Sec., Derivative & "ERISA" Litig., 284 F. Supp. 2d 511, 669-70

(S.D. Tex. 2003); accord In re Ikon Office Solutions, Inc. Sec. Litig., 86 F. Supp.

2d 481, 492-93 (E.D. Pa. 2000); cf. Laborer's Nat'l Pension Fund, 173 F.3d at 322

(recognizing that prudence may require fiduciaries to override plan documents

requiring investment in non-employer securities, but holding that fiduciaries had

established the prudence of following the plan documents under the

circumstances).  This is consistent with the position long taken by the Department

of Labor in opinion letters.  See U.S. Dep't of Labor Opinion Letter No. 90-05A,

1990 WL 172964, at *3 (Mar. 29, 1990) (despite plan provisions to contrary, it is

responsibility of fiduciaries to determine, based on all the relevant facts and

circumstances, the prudence of investing plan assets in qualifying employer

---

IP02-0477-C-H/K, 2003 WL 402253, *7-*8 (S.D. Ind. Feb. 13, 2003).  For reasons
discussed in text, that view is not persuasive.

securities); U.S. Dep't of Labor Opinion Letter No. 83-6A, 1983 WL 22495, at *1-*2 (Jan. 24, 1983) (same); see also U.S. Dep't of Labor, Employee Benefits Sec. Admin., In the Context of Publicly Traded Securities, What Are the Fiduciary Responsibilities of a Directed Trustee, Field Assistance Bulletin 2004-03 (Dec. 17, 2004)) (directed trustee has duty to question direction to purchase employer stock if it has material non-public information that the price is artificially inflated), available at http://www.dol.gov/ebsa/regs/fab_2004-3.html.

Thus, the plain text of the statute, the prevailing case law and the Department of Labor's longstanding view all support one conclusion:  the district court erred in dismissing appellant's suit on the basis that, "[b]ecause the REI Savings Plan was originally designed to require the REI Stock Fund to be offered as an investment option and to require employer matching funds be invested in that fund, REI and its Benefits Committee had no discretion, and therefore no fiduciary duty, to act otherwise."  R. 6915.

CONCLUSION

For the reasons stated above, the Secretary of Labor urges this Court to

reverse the district court's decision dismissing this suit.

Respectfully submitted,

HOWARD M. RADZELY
  Solicitor of Labor

TIMOTHY D. HAUSER
  Associate Solicitor for
  Plan Benefits Security

KAREN HANDORF
  Counsel for Appellate and
  Special Litigation

/s/_____
ELIZABETH HOPKINS
  Senior Appellate Attorney
United States Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, NW
Room N4611
Washington, DC 20210
(202) 693-5600
(202) 693-5610 (fax)

AUGUST 2006

14

CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d) and 5th Cir. R. 31.1, I hereby

certify that on this 16th day of August, 2006, I served one electronic copy by either

e-mail or 3.5 inch diskette, as indicated below, and two paper copies (sent via

Federal Express) of the Brief of the Secretary of Labor, Elaine L. Chao, as Amicus

Curiae in Support of Plaintiffs-Appellants on the following counsel:

Paul O. Paradis, Esq.
Gina Tufaro, Esq.
Abbey Spanier Rodd Abrams &
   Paradis, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700
pparadis@abbeyspanier.com
gtufaro@abbeyspanier.com

John G. Emerson, Jr., Esq.
Emerson Poynter LLP
830 Apollo Lane
Houston, TX 77058
(281) 488-8854
john@emersonpoynter.com

Robert Izard, Esq.
Eric Palmquist, Esq.
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street
Hartford, CT 06106
(860) 493-6292
rizard@snlaw.net
epalmquist@snlaw.net

James Edward Maloney, Esq.
Maria Wyckoff Boyce, Esq.
Aaron Michael Streett, Esq.
Baker Botts LLP
910 Louisiana, Suite 3000
Houston, TX 77002
(713) 229 1255
james.maloney@bakerbotts.com
maria.boyce@bakerbotts.com
aaron.streett@bakerbotts.com

Lawrence H. Hunt, Jr., Esq.
Sidley Austin Brown & Wood
Bank One Plaza
10 S. Dearborn, 54th Floor
Chicago, IL 60603
(312) 853-7000
lhunt@Sidley.com

David K. Isaak, Esq.
David Gerger & Associates
700 Louisiana, Suite 2300
Houston, TX 77002
(713) 224 4400
judy@gergerlaw.com

M. Sean Royall, Esq.
Gibson Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
(214) 698-2356
Sroyall@gibsondunn.com

Brant Martin, Esq.
Wick Phillips LLP
500 North Akard Street, Suite 2100
Dallas, TX 75201
(214) 692-6200
brant.martin@wickphillips.com

James V. Bashian, Esq.
Law Offices of James V. Bashian
500 Fifth Avenue, Suite 2700
New York, NY 10110
(212) 921-4110
jbashian@bashianlaw.com

William E. Matthews, Esq.
Gardere Wynne
1000 Louisiana, Suite 3400
Houston, TX 77002-5007
(713) 276 5760
wmatthews@gardere.com

W. Kelly Puls, Esq.
Puls Taylor
2600 Airport Freeway
Fort Worth, TX 76111
(817) 338-1717
(by 3.5 inch diskette

Laurence D. Paskowitz, Esq.
Paskowitz & Associates
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 685-0969
classattorney@aol.com

/s/_____
Karen Handorf
  Counsel for Appellate and Special Litigation
United States Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, NW
Room N4611
Washington, D.C. 20210
Phone: (202) 693-5600
Fax:  (202) 693-5610
handorf.karen@dol.gov

16

## CERTIFICATE OF COMPLIANCE

I hereby certify that the Brief of the Secretary of Labor, Elaine L. Chao, as Amicus Curiae in Support of Plaintiffs-Appellees complies with the type-volume limitation of Fed. R. App. P.29(d) and 32(a)(7)(B) and contains less than 7,000 words, excluding the parts of the brief exempted by Fed. R. App. 32(a)(7)(B)(iii). Also, this brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. App. P. 32(a)(6) and has been prepared in a proportionally-spaced typeface using Microsoft XP in Times New Roman 14-point font size.

/s/ _____
Karen Handorf
Counsel for Appellate and Special
  Litigation
United States Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, NW
Washington, D.C. 20210
Phone: (202) 693-5600
Fax:    (202) 693-5610
handorf.karen@dol.gov

17