# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
AT HOUSTON

| | |
|---|---|
| In re ENRON CORPORATION SECURITIES AND ERISA LITIGATIONS | MDL - 1446 |
| This Document Relates To: | |
| PAMELA M. TITTLE, *et al* , <br><br>                                     Plaintiffs, <br><br> v . <br><br> ENRON CORP., *et al* , <br><br>                                     Defendants. | CIVIL ACTION NO. H-01-3913 AND CONSOLIDATED CASES |

**AMENDED FINAL ORDER APPROVING AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AN INCENTIVE AWARD TO THE CLASS REPRESENTATIVES**

WHEREAS, this action came before the Court for a fairness hearing, as noticed, on July 24, 2006, pursuant to this Court's Preliminarily Approving Partial Settlement with Northern Trust, Conditionally Certifying Class for Purposes of Settlement, Approving Form and Manner of Notice, and Scheduling Hearing on Fairness of Settlement Pursuant to Federal Rule of Civil Procedure 23(e) entered April 20, 2006, (the "Preliminary Approval Order") to consider and determine the matters set forth in the Preliminary Approval Order;

WHEREAS, among the matters set forth for the Court's determination in the Preliminary Approval Order were whether "Counsels' application for an award of attorneys' fees and expenses pursuant to the common fund doctrine is fair, reasonable, and adequate and should be approved by the Court" and whether "the request by Counsel for additional compensation to the

- 1 -

Class Representatives in the amount of $7,000 each for their continued efforts in this litigation is reasonable and fair;"

WHEREAS, due notice of the July 24, 2006 hearing was published and given and all persons and entities were provided an opportunity to present objections to the Court; and

WHEREAS, the Court has considered all objections to Class Counsels' Petition for An Award of Attorneys' Fees, Reimbursement of Expenses, and an Incentive Award to the Named Plaintiffs;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.    This Order incorporates by reference the definitions in Class Counsels' Memorandum in Support of Petition for An Award of Attorneys' Fees, Reimbursement of Expenses, and an Incentive Award to the Named Plaintiffs.

2.    This Court has jurisdiction over the subject matter of this Action and over all parties to this action, including all members of the Settlement Classes for each of the partial settlements subject to the final approval orders entered by the Court, including the Settlement Classes with respect to the AWSC Settlement, the $85 Million Settlement, the Enron Settlement, and the Arthur Andersen Settlement, as well as the all members of the Settlement Class preliminarily approved by the Court with respect to the Northern Trust Settlement.

3.    Due and adequate notice of the proceedings has been given to the Settlement Classes identified above and each of their members has been given an opportunity to participate in the fairness hearing concerning the subject Petition such that all members of the Settlement Classes are bound by this Order and Judgment.

4.    This Court finds based on the evidence presented, that a 20% fee is reasonable and fair for the work performed and the results achieved in this matter, is fully supported by the common fund doctrine and applicable Fifth Circuit authority, and is otherwise appropriate because:

- 2 -

001544-11 119538 V1

a.    Class Counsels' expended over 56,500 hours to investigate and prosecute the action for a lodestar of $23,020,068.18. That lodestar is reasonable given the complex nature of the action, the amount of time reasonably expended to accomplish the work involved, and the prevailing hourly rates of Class Counsel in the communities in which they practice. That lodestar is the equivalent of multiplier of 2.297 relative to the recoveries to the Settlement Classes, which totaled $264,375,00.00; and

b.    Based on that multiplier, Class Counsel's fee request for 20% of the recoveries is a reasonable enhancement of their lodestar in this litigation based on sworn testimony in the Joint Declaration of Co-Lead Counsel, the authorities cited in the supporting papers, the work and conclusions reflected in the Court's files, the Court's Orders in this consolidated litigation, and the Court's assessments with respect to the following: (1) this consolidated ERISA action presented novel and complex issues of law that were litigated by Class Counsel with a high level of skill and professionalism against Defendants represented by highly skilled and capable counsel; (2) during the five years this action has been litigated, Class Counsel were largely precluded from other employment; (3) Class Counsel undertook this litigation contingent on the outcome and risked the possibility that there could be no recovery of fees despite their substantial investments of money and time in the case; (4) Class Counsel are comprised of attorneys who have national reputations and are highly skilled in complex class actions, and who have concentrated their practices in areas of law required in this case, including ERISA pension benefit litigation, bankruptcy, and accounting fraud; (5) the amount recovered in this litigation represents a substantial recovery for the Settlement Class given the risks involved in proving Defendants' liability and the issues concerning damages;

- 3 -

and (6) the fee award that is sought is well within the range of fees awarded in other similar cases.

5.    Accordingly, the Court hereby awards Class Counsel 20% of each of the Class Settlement Amounts and Settlement Funds established with respect to the partial settlements, with interest, to be disbursed when this order becomes final and when each of those funds also becomes final or is otherwise available for payment pursuant to the respective settlement agreements for each such fund. For that purpose, the Court awards and orders payment of attorneys' fees in this action, as follows:

    a.  The Enron Settlement Attorneys' Fee Account, together with the interest earned on that account, is hereby awarded to Class Counsel and is to be disbursed to Class Counsel in its entirety upon the finality of this Final Order;

    b.  The Arthur Andersen Attorneys' Fee Account, together with the interest earned on that account, is hereby awarded to Class Counsel and is to be disbursed to Class Counsel in its entirety upon the finality of this Final Order;

    c.  Twenty (20) percent of the $85 Million Class Settlement Amount, with interest, is hereby awarded to Class Counsel and is to be disbursed to Class Counsel upon both the finality of this Final Order and the finality of the Court's June 9, 2005 Amended Order of Final Judgment and Dismissal;

    d.  Twenty (20) percent of the Northern Trust Class Settlement Amount, with interest, is hereby awarded to Class Counsel and is to be disbursed to Class Counsel upon both the finality of this Final Order and the occurrence of the Effective Date of Settlement, as determined in accordance with the terms of the Northern Trust Settlement Agreement; and

    e.  Twenty (20) percent of any amount of the AWSC Settlement Fund approved by the Court as the *Tittle* Plaintiffs' share of that fund (the *Tittle* Settlement Fund), with interest, shall be awarded and disbursed to Class Counsel upon

- 4 -

both the finality of this Final Order and the finality of any Order by the Court

apportioning the AWSC Settlement Fund between the *Tittle* and *Newby*

Plaintiffs;

6.    Co-Lead Class Counsel, Keller Rohrback, LLP and Hagens Berman Sobol

Shapiro, LLP, are ordered to distribute the fees awarded pursuant to this Final Order in their sole

discretion to all Class Counsel in accordance with each firm's respective contribution to the

results obtained for the Settlement Classes.

7.    The Court finds that the expenses that are the subject of Class Counsels Petition

are reasonable and necessary costs of the type commonly incurred and reimbursed in large,

complex litigations. The Court hereby awards Class Counsel partial reimbursement of litigation

expenses in the total amount of $874,902.74. Those expenses are to be paid from the following

funds in the following order until that entire amount has been reimbursed:  (a) the amounts

remaining in the *Tittle* Expense Fund established pursuant to the AWSC Settlement; (b) the

Arthur Andersen Litigation Expense Account; and (c) the Enron Settlement Expense Fund.

8.    The amount remaining in the Enron Settlement Expense Fund will be maintained

in that account pending further order of the Court.  Any amounts previously authorized for

payment with respect to the Deposition Protocol Order pursuant the Court's July 12, 2004 Order

[Dkt. No. 783] are in the future authorized for payment from the Enron Settlement Expense

Fund.

9.    The Class Representatives Roger W. Boyce, Patrick Campbell, Betty J. Clark,

Gary S. Dreadin, Janice Farmer, Steve Lacey, Michael L. McCown, John L. Moore, Thomas O.

Padgett, Fanette Perry, Charles Prestwood, Roy Rinard, Catherine Stevens, Wayne M. Stevens,

Pamela Tittle, and Norman L. Young, and Named Plaintiff, Dan Shultz, are awarded $7,000 each

as an incentive award for their services and role in bringing about the recoveries for the

Settlement Classes.

- 5 -

10.     All of the foregoing amounts are to be paid without any additional contribution or payment by Settling Defendants in any of the partial settlements approved by the Court. Any appeal from this paragraph shall not affect the finality of any other provision of any other Final Order or Judgment entered in this litigation with respect to any of the partial settlements approved by the Court, including but not limited to the dates on which the Settlements will be deemed final under the terms of the respective Settlement Agreements for those partial settlements.

11.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and therefore directs entry of this Final Order as a final judgment that can be immediately appealed.

12.     Without in any way affecting the finality of this Final Order, the Court hereby retains exclusive jurisdiction over this Action.

**IT IS SO ORDERED.**
Signed this 24th day of July, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

- 6 -