# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION<br><br>[All Tracks] | MDL 1586<br><br>Case Nos.    04-MD-15861<br>               04-MD-15862<br>               04-MD-15863<br>               04-MD-15864 |

[PROPOSED] CASE MANAGEMENT ORDER NO. 1

WHEREAS, by letters dated March 3, 2004, and April 5, 2004, the Court invited submissions from the interested parties herein concerning the proper organizational structure for these Actions, and held hearings on these matters on April 2, 2004, and May 3, 2004;

NOW, THEREFORE, IN CONSIDERATION OF THE PARTIES' SUBMISSIONS AND THE HEARINGS HELD HEREIN, IT IS HEREBY ORDERED AS FOLLOWS:

I.     COORDINATION AND CONSOLIDATION OF RELATED CASES

A.    As stated in the Court's letter to Counsel, dated April 12, 2004, all cases filed in or transferred to this Court pursuant to the MDL Orders (collectively, the "Transferred Actions"), shall be coordinated under the docket numbers and assigned to the Judges set forth below (the "Coordinated Tracks"):

1.    Cases Relating To Excelsior, Federated, or Scudder:  All class actions and derivative actions transferred to the Court involving Excelsior, Federated, or Scudder mutual funds, as well as all cases filed on behalf of purchasers or holders of shares of the corporate parents of any of these entities or their investment advisors, (including all cases brought nominally on behalf of the funds or corporate parents of the funds or their investment advisors and styled as derivative actions), shall be coordinated for pre-trial proceedings under the caption In re Excelsior, Federated, and Scudder, Civil No. 04-md-15861, and assigned to Judge Blake.

2.    Cases Relating To Alliance, Franklin/Templeton, Bank of America/Nations Funds, and Pilgrim Baxter: All class actions and derivative actions transferred to the Court involving Alliance, Franklin/Templeton, Bank of America/Nations Funds, and Pilgrim Baxter mutual funds, as well as all cases filed on behalf of purchasers or holders of shares of the corporate parents of any of these entities or their investment advisors , (including all cases brought nominally on behalf of the funds or corporate parents of the funds or their investment advisors and styled as derivative actions), shall be coordinated

for pre-trial proceedings under the caption In re Alliance, Franklin/Templeton, Bank of America/Nations Funds, and Pilgrim Baxter, Civil No. 04-md-15862, and assigned to Judge Davis.

3.    Cases Relating To Alger, Columbia, Janus, MFS, One Group, and Putnam:  All class actions and derivative actions transferred to the Court involving Alger, Columbia, Janus, MFS, One Group, and Putnam mutual funds, as well as all cases filed on behalf of purchasers or holders of shares of the corporate parents of any of these entities or their investment advisors, (including all cases brought nominally on behalf of the funds or corporate parents of the funds or their investment advisors and styled as derivative actions), shall be coordinated for pre-trial proceedings under the caption In re Alger, Columbia, Janus, MFS, One Group, and Putnam, Civil No. 04-md-15863, and assigned to Judge Motz.

4.    Cases Relating To AIM/INVESCO, Artisan, Strong, and T. Rowe Price:  All class actions and derivative actions transferred to the Court involving AIM/INVESCO, Artisan, Strong, and T. Rowe Price mutual funds, as well as all cases filed on behalf of purchasers or holders of shares of the corporate parents of any of these entities or their investment advisors, (including all cases brought nominally on behalf of the funds or corporate parents of the funds or their investment advisors and styled as derivative actions), shall be coordinated for pre-trial proceedings under the caption In re AIM/INVESCO, Artisan, Strong, and T. Rowe Price, Civil No. 04-md-15864, and assigned to Judge Stamp.

B.    As stated in the Court's letters to counsel dated April 30, 2004 and May 4, 2004, there will be a chair/chief administrative counsel for plaintiffs for each track as set forth below:

1.    In re Excelsior, Federated, and Scudder:  David J. Bershad, Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss").

2.    In re Alliance, Franklin/Templeton, Bank of America/Nations Funds, and Pilgrim Baxter:  Alan Schulman, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz").

3.    In re Alger, Columbia, Janus, MFS, One Group, and Putnam:  David J. Bershad, Milberg Weiss.

4.    In re AIM/INVESCO, Artisan, Strong, and T. Rowe Price:  Alan Schulman, Bernstein Litowitz.

C.    The chair/chief administrative counsel for plaintiffs for each track will have the following duties and responsibilities:

1.    Serve as a contact point for defense counsel on track-wide administrative issues (if any);

2.    Organize on plaintiffs' side monthly conference calls and other track-wide proceedings; and

2

3.    Serve as primary spokesperson in conferences and hearings on track-wide issues.

D.    The firm of Tydings & Rosenberg LLP will serve as court liaison counsel for the plaintiffs in each track and will serve as contact to the court on administrative matters.

E.    Each Coordinated Track will contain a subtrack for each fund family assigned to that track. Within each subtrack, pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby appoints a lead plaintiff and lead counsel for all class claims as identified below:

1.    In re Excelsior, Federated, and Scudder, Civil No. 04-md-15861 (Blake, J.):

a.    In re Excelsior, Civil No. 04-md-15861-01:

(1)    All class action and other direct cases involving Excelsior mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints James Hauslein as Lead Plaintiff for the consolidated class claims, and approves his selection of Schiffrin & Barroway LLP ("Schiffrin") as lead class counsel for this subtrack.

(2)    All derivative actions filed on behalf of Excelsior mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Chimicles & Tikellis LLP ("Chimicles") as lead fund derivative counsel for this subtrack.

(3)    The consolidated class action cases and the consolidated fund derivative actions shall be coordinated for pretrial purposes as set forth herein.

b.    In re Federated, Civil No. 04-md-15861-02:

(1)    All class action and other direct cases involving Federated mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Colbart Birnett LP as Lead Plaintiff for the consolidated class claims, and approves its selection of Bernstein Liebhard & Lifshitz LLP ("Bernstein Liebhard") as lead class counsel for this subtrack.

(2)    All derivative actions filed on behalf of Federated mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Pomerantz Haudek Block Grossman & Gross LLP ("Pomerantz") as lead fund derivative counsel for this subtrack.

3

        (3)     The consolidated class action cases and the consolidated fund derivative actions shall be coordinated for pretrial purposes as set forth herein.

   c.   <u>In re Scudder</u>, Civil No. 04-md-15861-03:

        (1)     All class action and other direct cases involving Scudder mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Post-Retirement Health Insurance Plan as Lead Plaintiff for the consolidated class claims, and approves its selection of Berger & Montague as lead class counsel for this subtrack.

        (2)     All derivative actions filed on behalf of Scudder mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Wolf Haldenstein Adler Freeman & Herz, LLP ("Wolf Haldenstein") as lead fund derivative counsel for this subtrack.

        (3)     The consolidated class action cases and the consolidated fund derivative actions shall be coordinated for pretrial purposes as set forth herein.

2.   <u>In re Alliance, Franklin/Templeton, Bank of America/Nations Funds, and Pilgrim Baxter</u>, Civil No. 04-md-15862 (Davis, J.):

   a.   <u>In re Alliance</u>, Civil No. 04-md-15862-01:

        (1)     All class action and other direct cases involving Alliance mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Philip Erickson as Lead Plaintiff for the consolidated class claims, and approves his selection of Schiffrin as lead class counsel for this subtrack.

        (2)     All derivative actions filed on behalf of Alliance mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Pomerantz as lead fund derivative counsel for this subtrack.

        (3)     All derivative actions filed on behalf of holders of shares of the corporate parent of the investment advisor of the Alliance mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Morris and Morris LLC as lead parent derivative counsel for this subtrack.

4

197943_5

(4)   The consolidated class action cases, the consolidated fund derivative actions and the consolidated parent derivative actions shall be coordinated for pretrial purposes as set forth herein.

b.   In re Franklin/Templeton, Civil No. 04-md-15862-02:

(1)   All class action and other direct cases involving Franklin/Templeton mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Nassau County Deferred Compensation Plan as Lead Plaintiff for the consolidated class claims, and approves its selection of Wolf Popper LLP as lead class counsel for this subtrack.

(2)   All derivative actions filed on behalf of Franklin/Templeton mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Chimicles as lead fund derivative counsel for this subtrack.

(3)   All derivative actions filed on behalf of holders of shares of the corporate parent of the investment advisor of the Franklin/Templeton mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Bull & Lifshitz LLP as lead parent derivative counsel for this subtrack.

(4)   The consolidated class action cases, the consolidated fund derivative actions and the consolidated parent derivative actions shall be coordinated for pretrial purposes as set forth herein.

c.   In re Bank of America/Nations Funds, Civil No. 04-md-15862-03:

(1)   All class action and other direct cases involving Bank of America/Nations Fund mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Retirement Design Management, Inc. as Lead Plaintiff for the consolidated class claims, and approves its selection of Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind") as lead class counsel for this subtrack.

(2)   All derivative actions filed on behalf of Bank of America/Nations Fund mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Wolf

5

Haldenstein as lead fund derivative counsel for this subtrack.

(3) All derivative actions filed on behalf of holders of shares of the corporate parent of the investment advisor of the Bank of America/Nations Fund mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Bull & Lifshitz LLP as lead parent derivative counsel for this subtrack.

(4) The consolidated class action cases, the consolidated fund derivative actions and the consolidated parent derivative actions shall be coordinated for pretrial purposes as set forth herein.

d.     In re Pilgrim Baxter, Civil No. 04-md-15862-04:

(1) All class action and other direct cases involving Pilgrim Baxter mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Ohio Public Employees Deferred Compensation Plan as Lead Plaintiff for the consolidated class claims, and approves its selection of Bernstein Litowitz as lead class counsel for this subtrack.

(2) All derivative actions filed on behalf of Pilgrim Baxter mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Chimicles as lead fund derivative counsel for this subtrack.

(3) The consolidated class action cases and the consolidated fund derivative actions shall be coordinated for pretrial purposes as set forth herein.

3.     In re Alger, Columbia, Janus, MFS, One Group, and Putnam, Civil No. 04-md-15863 (Motz, J.):

a.     In re Alger, Civil No. 04-md-15863-01:

(1) All class action and other direct cases involving Alger mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Donna Gaffney as Lead Plaintiff for the consolidated class claims, and approves her selection of Schiffrin as lead class counsel for this subtrack.

6

(2)    All derivative actions filed on behalf of Alger mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Wolf Haldenstein as lead fund derivative counsel for this subtrack.

(3)    The consolidated class action cases and the consolidated fund derivative actions shall be coordinated for pretrial purposes as set forth herein.

b.    In re Columbia, Civil No. 04-md-15863-02:

(1)    All class action and other direct cases involving Columbia mutual funds shall be consolidated for pretrial purposes. The Lead Plaintiff and Lead Counsel for the consolidated class action cases will be addressed in a supplemental case management order after a motion for appointment of Lead Plaintiff and approval of Lead Counsel is fully briefed and decided by the Court.

(2)    All derivative actions filed on behalf of Columbia mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Wolf Haldenstein as lead fund derivative counsel for this subtrack.

(3)    The consolidated class action cases and the consolidated fund derivative actions shall be coordinated for pretrial purposes as set forth herein.

c.    In re Janus, Civil No. 04-md-15863-03:

(1)    All class action and other direct cases involving Janus mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints California Financial Advisors as Lead Plaintiff for the consolidated class claims, and approves its selection of Cotchett Pitre Simon & McCarthy ("Cotchett") as lead class counsel for this subtrack.

(2)    All derivative actions filed on behalf of Janus mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Chimicles as lead fund derivative counsel for this subtrack.

(3)    All derivative actions filed on behalf of holders of shares of the corporate parent of the investment advisor of the Janus mutual funds shall be consolidated for pretrial purposes.

7

The Court hereby appoints The Law Offices of Bernard M. Gross, P.C. as lead parent derivative counsel for this subtrack.

(4) All class action cases filed on behalf of purchasers of the common stock of Janus Capital Group Inc., the corporate parent of the Janus mutual funds' advisor, shall be consolidated for pretrial purposes. The Court hereby appoints First Derivative Traders as Lead Plaintiff for the Janus Capital Group, Inc. investor claims pursuant to the PSLRA, and approves its selection of Kirby McInerney & Squire, LLP as lead counsel for the Janus Capital Group, Inc. investor claims in this subtrack.

(5) The consolidated class action cases, the consolidated fund derivative actions, the consolidated parent derivative actions and the consolidated parent investor actions shall be coordinated for pretrial purposes as set forth herein.

d.    In re MFS, Civil No. 04-md-15863-04:

(1) All class action and other direct cases involving MFS mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints the City of Chicago Deferred Compensation Plan as Lead Plaintiff for the consolidated class claims, and approves its selection of Bernstein Litowitz as lead class counsel for this subtrack.

(2) All derivative actions filed on behalf of MFS mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Pomerantz as lead fund derivative counsel for this subtrack.

(3) The consolidated class action cases and the consolidated fund derivative actions shall be coordinated for pretrial purposes as set forth herein.

e.    In re One Group, Civil No. 04-md-15863-05:

(1) All class action and other direct cases involving One Group mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Linda Parker as Lead Plaintiff for the consolidated class claims, and approves her selection of Milberg Weiss as lead class counsel for this subtrack.

8

197943_5

(2)    All derivative actions filed on behalf of One Group mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Chimicles as lead fund derivative counsel for this subtrack.

(3)    All derivative actions filed on behalf of holders of shares of the corporate parent of the investment advisor of the One Group mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints The Law Offices of Bernard M. Gross, P.C. as lead parent derivative counsel for this subtrack.

(4)    The consolidated class action cases, the consolidated fund derivative actions, and the consolidated parent derivative actions shall be coordinated for pretrial purposes as set forth herein.

f.    <u>In re Putnam</u>, Civil No. 04-md-15863-06:

(1)    All class action and other direct cases involving Putnam mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Ohio Tuition Trust Authority ("OTTA") as Lead Plaintiff for the consolidated class claims, and approves its selection of Milberg Weiss as lead class counsel for this subtrack.

(2)    All derivative actions filed on behalf of Putnam mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Pomerantz as lead fund derivative counsel for this subtrack.

(3)    All derivative actions filed on behalf of holders of shares of the corporate parent of the investment advisor of the Putnam mutual funds shall be coordinated for pretrial purposes. The Court hereby appoints Morris and Morris LLC as lead parent derivative counsel for this subtrack.

(4)    The consolidated class action cases, the consolidated fund derivative actions, and the consolidated parent derivative actions shall be coordinated for pretrial purposes as set forth herein.

4.    <u>In re AIM/INVESCO, Artisan, Strong, and T. Rowe Price</u>, Civil No. 04-md-15864 (Stamp, J.):

9

197943_5

a.    In re AIM/INVESCO, Civil No. 04-md-15864-01:

    (1)    All class action and other direct cases involving AIM/INVESCO mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints the City of Chicago Deferred Compensation Plan as Lead Plaintiff for the consolidated class claims, and approves its selection of Bernstein Litowitz as lead class counsel for this subtrack.

    (2)    All derivative actions filed on behalf of AIM/INVESCO mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Wolf Haldenstein as lead fund derivative counsel for this subtrack.

    (3)    The consolidated class action cases and the consolidated fund derivative actions shall be coordinated for pretrial purposes as set forth herein.

b.    In re Artisan, Civil No. 04-md-15864-02:

    (1)    There are no cases involving the Artisan fund family before this Court.

c.    In re Strong, Civil No. 04-md-15864-03:

    (1)    All class action and other direct cases involving Strong mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Steven J. Friedman as Lead Plaintiff for the consolidated class claims, and approves his selection of Milberg Weiss as lead class counsel for this subtrack

    (2)    All derivative actions filed on behalf of Strong mutual funds shall be consolidated for pretrial purposes. The Court hereby appoints Chimicles as lead fund derivative counsel for this subtrack.

    (3)    The consolidated class action cases and the consolidated fund derivative actions shall be coordinated for pretrial purposes as set forth herein.

d.    In re T. Rowe Price, Civil No. 04-md-15864-04:

    (1)    There is a single case involving T. Rowe Price fund family before the MDL, *Bilski v. AIM*, 03-CV-772. Counsel for

10

plaintiffs in this action are Andrew S. Friedman of Bonnett
Fairbourn and George Zelcs of Korein Tillery.

II.    SUBSEQUENTLY FILED OR TRANSFERRED RELATED CASES

A.    If any other case is filed in this Court, transferred from another court to this Court, or
removed to this Court, and is designated as a "Related Case" as defined by Rule 103(b) of the Local
Rules of this Court, the Clerk of the Court shall:

1.    File a copy of this Order in the separate file for the Related Case; and

2.    Make an appropriate entry in the docket of the appropriate Coordinated Track and
Subtrack.

B.    In the circumstances referred to in paragraph II (A), above, the Co-Chairs of the
Horizontal Steering Committee, as defined in paragraph III (B)(1), below, shall:

1.    Mail a copy of this Order to counsel for Plaintiffs in the Related Case; and

2.    Mail a copy of this Order to counsel for each defendant in the Related Case who
is not already a party to any case then included in the Coordinated Tracks.

3.    The Court shall consolidate any newly-filed or transferred Related Case involving
families of funds identified in I(F) above as appropriate with the cases already filed under the relevant
fund family subtrack, within the relevant Coordinated Track. Newly-filed or transferred cases shall be
treated as "tag-along actions," as defined in Rule 1.1 of the Rules of Procedure of the MDL Panel.

4.    Upon the filing or transfer of additional Related Cases involving families of
mutual funds not included with the Transferred Actions, the Court shall:

a.    Assign the case to a Judge within one of the existing Coordinated Tracks
or, as necessary, create a new Coordinated Track to accommodate the newly-filed or transferred Related
Cases; and

b.    Establish a subtrack within the Coordinated Track for that fund family. In
addition, based upon the submissions of the parties, the Court will identify any appropriate lead
plaintiffs and lead counsel.

5.    In the circumstances referred to in paragraph 4, above, the Co-Chairs of the
Horizontal Steering Committee, as defined in paragraph III (B)(1), below, shall mail a copy of this Order
to counsel for Plaintiffs and Defendants in the newly-filed or transferred Related Case.

C.    This Order shall apply to each Related Case filed in this Court, unless a party objecting to
the consolidation or coordination of that case or to any other provision of this Order serves an
application for relief from this Order or from any of its provisions within ten (10) days after the date on
which the Co-Chairs of the Horizontal Steering Committee, as defined in paragraph III (B)(1), below,

11

197943_5

mails a copy of this Order to counsel for that party. Notwithstanding the provisions of Rule 103(b)(iii) of the Local Rules of this Court, any dispute regarding the designation of a Related Case shall be decided by the Judge presiding over the relevant Coordinated Track to which the Related Case has been assigned. The provisions of this Order shall apply to such Related Case pending the Court's ruling on the application.

III.    ORGANIZATION AND DUTIES OF COUNSEL FOR PLAINTIFFS

A.    Vertical Committees

1.    Each fund family subtrack will have its own vertical committee composed of lead plaintiffs' counsel for each type of claim involving that fund family (*i.e.*, class claims, fund derivative claims, parent derivative claims and parent investor claims) and Richard M. Heimann of Lieff, Cabraser Heimann & Bernstein, LLP ("Lieff, Cabraser") as liaison counsel – state law claims. The vertical committees will be chaired by an administrative counsel. Lead class counsel identified above in each fund family subtrack will serve as the administrative counsel for that subtrack.

2.    Richard M. Heimann of Lieff Cabraser will serve as liaison counsel – state law claims on each of the plaintiffs' vertical fund family subtrack committees. Mr. Heimann will serve exclusively in a consultative capacity to express any unique interests of state law plaintiffs asserting supplemental state law claims in the consolidated class complaint. Counsel for defendants may communicate with the committee's administrative counsel/lead class counsel on all matters relating to all claims asserted in the class complaint, including any state law claims.

3.    The members of the plaintiffs' vertical committees shall have the following responsibilities in consultation with the other members of the vertical committee as appropriate:

a.    Administrative Counsel: Administrative counsel in each vertical fund family subtrack shall have the following duties and responsibilities:

(1)    Serve as a contact point for defense counsel on family of fund specific administrative issues, including requests for extension and other scheduling issues;

(2)    Draft and negotiate case management orders on family of fund specific issues;

(3)    Coordinate discovery and assign discovery tasks;

(4)    Serve as a primary spokesperson in conferences and hearings on family of fund specific administrative issues; and

(5)    Coordinate settlement discussions (may have a greater role after damage allocation issues have been briefed, argued,

12

and decided at an early stage of the litigation, perhaps with the anticipated motions to dismiss).

    b. <u>Lead counsel for different types of claims</u>:  Lead counsel for the class, fund derivative, parent derivative and parent investor claims, if any, in each vertical fund family subtrack shall have full authority concerning substantive matters falling within their respective jurisdictions as set forth below:

      (1) Prepare pleadings and other court documents on issues specific to a particular type of claim and to a particular family of funds;

      (2) Argue family of fund specific issues during hearings;

      (3) Conduct discovery particular to claims as assigned by administrative counsel;

      (4) Represent clients' interests in internal discussions among plaintiffs' counsel; and

      (5) Settlement role: to be further defined after damage allocation issues have been briefed, argued and decided.

    c. <u>Liaison counsel – state law claims</u>:  Liaison counsel for the state law claims will have the following duties and responsibilities:

      (1) Prepare court documents on state law issues specific to a particular family of funds;

      (2) Argue family of fund specific state law issues during hearings;

      (3) Conduct discovery particular to state law claims as assigned by administrative counsel;

      (4) Represent clients and other state claim plaintiffs in internal discussions among plaintiffs' counsel; and

      (5) Settlement role: to be further determined after damage allocation issues have been briefed, argued, and decided.

   4. <u>Right To Be Heard By The Court</u>:  If lead plaintiffs' counsel for claims other than class claims believe that discovery assignments (or any other decisions made by administrative counsel) present a conflict, they may submit the issue to the Court for resolution.

  B. <u>Horizontal Steering Committee</u>

1.    To assist in the coordination of this litigation, the Court hereby creates a plaintiffs' "Horizontal Steering Committee," comprised of: (a) plaintiffs' administrative counsel for each vertical fund family subtrack; (b) Mark Rifkin of Wolf Haldenstein, as the representative for the fund derivative claimants; (c) Debbie Gross of The Law Offices of Bernard M. Gross, P.C., as the representative of the parent derivative actions; (d) Ira Press of Kirby, McInerney & Squire, LLP, as the representative of the parent investor claims; (e) David J. Bershad of Milberg Weiss and Alan Schulman of Bernstein Litowitz, who shall serve as the Co-Chairs of the Horizontal Steering Committee and chief administrative counsel for the MDL as a whole; and (f) John B. Isbister of the law firm of Tydings & Rosenberg LLP, who will serve as court liaison counsel for the plaintiffs' horizontal steering committee and serve as the plaintiffs' contact to the Court on administrative issues.

2.    The members of the Horizontal Steering Committee shall have the following duties and responsibilities in consultation with the other members of the horizontal committee as appropriate:

a.    Chairs/Chief Administrative Counsel for MDL as a whole:  David J. Bershad of Milberg Weiss and Alan Schulman of Bernstein Litowitz are appointed Chairs/Chief Administrative Counsel for the MDL as a whole and shall have the following duties and responsibilities:

(1)    Serve as contact point for defense counsel on MDL-wide administrative issues;

(2)    Draft and negotiate case management orders on MDL-wide issues;

(3)    Organize plaintiffs' side in MDL-wide hearings and other proceedings;

(4)    Coordinate cross-track and MDL-wide discovery;

(5)    Prepare omnibus memoranda and other court documents on MDL-wide class issues (in role as lead counsel for class claims); and

(6)    Designate counsel to make oral presentations on all MDL-wide class issues (in role as lead counsel for class claims).

b.    Representatives of fund derivative, parent derivative and parent investor claims:  Representatives of fund derivative, parent derivative and parent investor claims serving on the horizontal steering committee shall have the following duties and responsibilities:

(1)    Prepare omnibus memoranda and other court documents on MDL-wide issues within their respective subject matter areas;

14

        (2)      Designate counsel to make oral presentations on all MDL-wide issues within their respective subject matter areas.

      c.     <u>Liaison Counsel for Parallel State Proceedings</u>:  Andrew S. Friedman of Bonnett, Fairbourn, Friedman & Balint, PC will serve as a liaison to the plaintiffs' horizontal steering committee for the purpose of coordinating parallel state and federal proceedings.

     C.    This organization of plaintiffs' counsel is subject to reconsideration and revision if the structure of the litigation is substantially changed by rulings on the motions to dismiss.

## IV.   SERVICE OF PLEADINGS AND OTHER PAPERS

     A.    The parties shall effect service of all papers on each other, including motions, briefs, discovery requests, interrogatories, and other disclosures through the CM/ECF Electronic Filing System. For purposes of these Actions, Local Rule 104.5, which prohibits the use of CM/ECF for discovery requests, is hereby waived.

     B.    Whenever a party files a paper more than fifteen (15) pages in length, the party shall provide the Judge(s) presiding over the relevant Coordinated Track(s) with two (2) courtesy copies, in paper form.

15

197943_5

**IT IS SO ORDERED.**

Dated: _____          _____
                                        J. FREDERICK MOTZ
                                        UNITED STATES DISTRICT JUDGE


Dated: _____          _____
                                        CATHERINE C. BLAKE
                                        UNITED STATES DISTRICT JUDGE


Dated: _____          _____
                                        ANDRE M. DAVIS
                                        UNITED STATES DISTRICT JUDGE


Dated: _____          _____
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE


197943_4

16

197943_5