USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

STEPHEN GRAY,                                    **ECF Case**

                        Plaintiff,                Civil Action No: 07 Civ. 9790
                                                  (SHS)(DCF)
            -against-

CITIGROUP INC., *ET AL.*,                         [PROPOSED] CASE
                                                  **MANAGEMENT ORDER # 1**.

                        Defendants.

---

On January 22, 2008, the Court consolidated a group of related actions under the lead

case, Gray v. Citigroup Inc., *et al*., 07 Civ. 9790 (SHS), and appointed plaintiffs Stephen Gray,

Samier Tadros, and James Bolla as interim lead plaintiffs ("Lead Plaintiffs") and Wolf Popper

LLP and Harwood Feffer LLP as interim co-lead counsel ("Lead Counsel").

1. The consolidated cases shall be referred to collectively as *In re Citigroup ERISA*

*Litigation*, Master File No. 07-Civ.-9790 (the "Consolidated Action").

2. Every order, pleading, motion, or other document filed in the Consolidated Action

shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CITIGROUP ) | |
| ERISA LITIGATION ) | MASTER FILE NO.: 07-Civ.-9790 (SHS) (DCF) |
| ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| ) | |

Each document shall indicate, after the words "THIS DOCUMENT RELATES TO:"

Doc. 159653

Case 1:07-cv-09790-SHS    Document 73    Filed 08/19/2008    Page 2 of 7

whether it applies to "All Actions" or only to designated actions.

3. The Clerk of the Court shall maintain a master docket and master file in the

Consolidated Action, including subsequently consolidated actions, under Civil Action No.

07-cv-9790 (SHS) (DCF). When a document is filed through the ECF system and is applicable

to "All Actions," it shall be filed in the master file and such filing shall be noted in the master

docket. No further docket entries need be made. When a document is filed through the ECF

system and is applicable to fewer than All Actions, it shall be filed in the master file and in each

separate action to which it applies and such filing shall be noted in the master docket and in the

docket of each separate action. The Clerk shall file a copy of this Order in the master file and in

each separate action; shall note the filing in the master docket and each separate docket; and shall

mail a copy of this Order to counsel of record in each of the actions consolidated herein to the

extent that such counsel are not registered in the ECF system.

4. When a case that arises out of the same operative facts brought under the Employee

Retirement Income Security Act ("ERISA") § 502(a), (3), 29 U.S.C. § 1132(a)(2), (3), and

involves questions of law or fact common to the Consolidated Action, within the meaning of

Fed. R. Civ. P. 42(a), as the Consolidated Action, is hereinafter filed in or transferred to this

*referred by counsel, to this Court for a determination as to whether that action* SHS

Court, it shall be consolidated with the Consolidated Action and the Clerk of this Court shall: *should be*

*If the action is consolidated with the Consolidated Action.*

    (a)    File a copy of this Order in the separate file for such action;

    (b)    Send a copy of this Order to the attorneys for the plaintiff(s) in the

             newly-filed or transferred case and to any new defendant(s) in the

             newly-filed or transferred case; and

    (c)    Make the appropriate entry in the master docket.

2

The Court requests the assistance of counsel in calling to the attention of the ~~Clerk of~~ this
Court the filing of ~~transfer~~ of any case that might properly be consolidated as part of this
litigation.

5. This Order shall apply to each class action assigned to the undersigned alleging claims
substantially similar to those set forth in these actions, brought under ERISA § 502(a), (3), 29
U.S.C. § 1132(a)(2), (3), and involving questions of law or fact common to the Consolidated
Action, within the meaning of Fed. R. Civ. P. 42(a), and to each such case which is subsequently
filed in or transferred to this Court, and which is assigned to the undersigned, ~~unless a party~~
~~objecting to the consolidation of that case or to any other provision of this Order serves an~~
~~application for relief from this Order or from any of its provisions within twenty (20) days after~~
~~the date on which the Clerk mails a copy of this Order to the counsel of that party. The~~
~~provisions of this Order shall apply to such action pending the Court's ruling on the application.~~

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to
use a separate complaint, defendants shall not be required to answer, plead or otherwise move
with respect to that complaint. If a plaintiff in any such case is permitted to use a separate
complaint, each defendant shall have sixty (60) days from the date the Court grants such
permission within which to answer, plead or otherwise move with respect to that complaint.

6. The Court shall make a final determination regarding the appointment of Lead
Plaintiffs/Class Representatives on Plaintiffs' motion for class certification, or otherwise as the
Court deems necessary and appropriate. Lead Counsel may propose different or additional Lead
Plaintiffs/Class Representatives at such time as they move for class certification in this litigation.

7. Lead Counsel shall have the authority, in consultation with Lead Plaintiffs, over the

3

Doc. 159653

following matters on behalf of all plaintiffs in the Consolidated Action and all later actions consolidated herewith :

    (a)    directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action, including the drafting and filing of a consolidated complaint, the briefing of any motion(s) to dismiss, and any class certification motion, and any matters pertaining thereto;

    (b)    appointing working committees of plaintiffs' counsel who will (1) assist in the conduct of the litigation, and (2) consult with the Lead Counsel on all litigation matters and the performance of such work assignments as are delegated to them by Lead Counsel;

    (c)    retaining experts;

    (d)    communicating with the court;

    (e)    communicating with defense counsel;

    (f)    conducting settlement negotiations;

    (g)    collecting and reviewing time and expense records from all plaintiffs' counsel;

    (h)    maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

    (i)    coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action

4

except through the Lead Counsel, and no work shall be performed by any other plaintiffs'
counsel except at the express direction of Lead Counsel.

Service of pleadings and other papers by defendants shall be made ~~only~~ upon Wolf    *SHS*
Popper LLP and Harwood Feffer LLP, which are authorized to accept service on behalf of all
plaintiffs in this Consolidated Action and all later actions consolidated herewith.

All plaintiffs' counsel shall keep contemporaneous time and expense records and shall
provide such records on a quarterly basis to the Lead Counsel.

8. The terms of this Order shall not have the effect of making any person, firm or entity a
party to any action in which he, she or it has not been named, served or added as such in
accordance with the Federal Rules of Civil Procedure. The terms of this Order and the
consolidation of actions into the Consolidated Action by the Court's January 22, 2008 Order, and
all later actions consolidated therewith, shall not constitute a waiver by any party of any claims or
defenses to any action.

9. Any documents or information provided by Citigroup Inc. in this Consolidated Action
prior to the filing of the Consolidated Class Action Complaint (the "Consolidated Complaint")
shall be produced only to Lead Counsel and shall be treated as confidential. Any documents or
information provided by Citigroup Inc. to Lead Counsel shall be deemed to have been provided
to plaintiff(s) in any subsequently filed and consolidated actions, and Citigroup Inc. shall not be
required to provide the same documents or information to any party on any subsequently filed
and consolidated actions.

10. The Consolidated Complaint shall be filed within sixty (60) days of the date of the
filing of this Order, ~~or ten (10) days after the filing of Citigroup, Inc.'s annual report on Form 10-~~    *SHS*

5

~~K, whichever occurs later~~] and shall be the operative complaint and shall supersede all *SHS*

complaints filed in any of the actions consolidated herein.  Pending filing and service of the

Consolidated Complaint, Defendants shall have no obligation to move, answer, or otherwise

respond to any of the complaints in the above-captioned actions herein or any actions

subsequently consolidated with them.

    11.  Defendants shall answer, move or otherwise respond to the Consolidated Complaint,

~~or move for a stay~~ within ~~sixty (60)~~ **45** days of its service.  ~~Plaintiffs may oppose any stay motion at~~ *SHS*

~~that time.  If a motion to stay is denied, defendants shall answer, move or otherwise respond to~~

~~the Consolidated Complaint within 30 days after denial.~~  Plaintiffs shall file and serve their

opposition papers to any motion(s) to dismiss by defendants within ~~sixty (60)~~ **45 days** of the service of

the defendants' motion(s).  Defendants shall file and serve their reply brief(s) to plaintiffs'

opposition papers within ~~thirty (30)~~ **20** days of their service.

Dated: _____, 2008

_____
United States District Judge

Form of Order Submitted By:

Marian P. Rosner (MR-0410)
Robert Finkel (RF-2373)
Andrew Lencyk (AL-4329)
**WOLF POPPER LLP**
845 Third Avenue
New York, New York  10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Robert I. Harwood (RH-3286)

6

Doc. 159653

Daniella Quitt (DQ-1963)
Samuel K Rosen (SR-3287)
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

*Interim Co-Lead Counsel for Plaintiffs*

Doc. 159653

7